UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

    Plaintiffs,

v.

RUTH JOHNSON, in her official
capacity as Michigan Secretary of
State,

    Defendant.
_____/

Civil Action No. 17-14148

HONORABLE DENISE PAGE HOOD

# ORDER GRANTING APPLICATION FOR THREE-JUDGE COURT

## I. INTRODUCTION

Before the Court is Plaintiffs' Application for Three-Judge Court pursuant to 28 U.S.C. § 2284(a). On December 22, 2017, Plaintiff League of Women Voters of Michigan, along with several named-Plaintiffs, filed a Complaint for Declaratory and Injunctive Relief against Defendant Ruth Johnson, in her official capacity as Secretary of State for the State of Michigan.

Plaintiffs challenge the Current Apportionment Plan because they claim their constitutional rights have been violated as alleged in the two counts in their Complaint: Count I - First Amendment and Count II - Equal Protection. Plaintiffs seek a three-judge court to be appointed under 28 U.S.C. 2284(a).

## II. THREE-JUDGE COURT

The statute, 28 U.S.C. § 2284 provides,

(a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

(b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:

> (1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

28 U.S.C. §§ 2284(a) and (b)(1).

In a legislative reapportionment case, the district court must invoke the procedures established in 28 U.S.C. § 2284 for convening a three-judge panel. *Armour v. The State of Ohio,* 925 F.2d 987, 988 (6th Cir. 1991). "[O]nce it becomes clear that there exists a non-frivolous constitutional challenge to the apportionment of a statewide legislative body," the jurisdictional requirement to convene a three-judge court under § 2284(a) is met. *Id.* at 989. The test for "non-frivolousness" requires the district court originally assigned to the matter determine whether a

2

substantial constitutional claim exists as a prerequisite to the convening of a three-judge court." *Id.* The sufficiency of a claim is based on the allegations of the complaint and a claim is unsubstantiated only when it is obviously without merit or clearly determined by previous case law. *Id.* The district judge initially assigned to the matter has a limited jurisdiction to determine whether such a case shall be heard by one judge or three judges. *Id.* The language of § 2284 "is mandatory" and that the district court must make the initial determination of non-frivolousness, and if it so finds, the three-judge panel procedure must be followed. *Id.*

The undersigned's initial review of the Complaint shows that Plaintiffs have sufficiently stated allegations that their constitutional rights under the First Amendment and the Equal Protection Clause were violated.

Plaintiffs allege that "Michigan's durable and severe partisan gerrymander of state legislative and congressional districts violates individual Plaintiffs' First Amendment free speech and association rights and Fourteenth Amendment equal protection rights." (Complaint, Doc. No. 1, Pg ID 2) Plaintiffs further allege that "[t]he 2011 Michigan redistricting process was a particularly egregious example of partisan gerrymandering," claiming that "Congressional and state legislative districting plans were developed in a private, secret process by Republican consultants, legislative staff and legislators to the exclusion of Democrats and the

3

public." (*Id.,* Pg ID 2-3)

Plaintiffs state that the Michigan Legislature enacts new districting plans by statute after every 10-year census. (*Id.*, Pg ID 11) Plaintiffs assert that S.B. 498 and H.B. 4780, revealed to the public on June 17, 2011, were signed into law on August 9, 2011. (*Id.,* Pg ID 11, 13) S.B. 498 sets forth the district lines for the election of both houses of the Michigan Legislature ("Current House Plan" or "Current Senate Plan"). (*Id.* Pg Id 13) H.B. 4780 sets forth the congressional district lines ("Current Congressional Plan"). (*Id.*) Collectively, the plans are referred to as the "Current Apportionment Plan." (*Id.*)

Plaintiffs allege that the Michigan Legislature intentionally tilted the Current Apportionment Plan heavily against Democrats and in favor of Republicans, "by cracking and packing Democratic voters, while spreading Republican voters efficiently across safe Republican districts." (*Id.*, Pg Id 14) Plaintiffs further allege that "[s]ome of the districts in the Current Apportionment Plan are oddly shaped as a result of the gerrymander." (*Id.*, Pg Id 15) They also allege that, "Michigan's Current Apportionment Plan gerrymanders by cracking and packing Democratic voters, including Plaintiffs." (*Id.*)

Plaintiffs state that the burden a gerrymandered legislature imposes on the representational rights of voters in a given election can be quantified in a variety of

4

ways, including the "efficiency gap" which compares the number of votes each party wastes for any election. (*Id*., Pg ID 20) They assert that the efficiency gap measures departures from partisan symmetry, the simple democratic principle that fair maps generally give a vote for one party the same weight as it gives a vote for the other party. (*Id.*, Pg ID 21) Plaintiffs claim that political scientists have adopted the convention that an efficiency gap value of less than zero (negative) means that a particular plan tilts Republican, and, a positive efficiency gap value means that a particular plan tilts Democratic. (*Id*.) Plaintiffs assert that the size of an efficiency gap measure can support an inference of intentional manipulation of district boundaries. (*Id*.) Plaintiffs assert that the "Current Apportionment Plan is the most pro-Republican partisan gerrymander in modern Michigan history." (*Id*., Pg ID 22) They claim that "[t]he actual efficiency gaps for the 2012, 2014 and 2016 elections under the Current House Plan were -.14, -.13, and -.10, respectively." (*Id*., Pg ID 22) As to the Current Senate Plan in 2014, they claim that the actual efficiency gap was "even more extreme, at -.22." (*Id.*) They also claim that the Current Congressional Plan actual efficiency gaps for 2012, 2014, and 2016 were -.20, -.18, and -.15, respectively. (*Id.*) Plaintiffs allege that these actual efficiency gaps are among the "widest" in the country. (*Id.*)

Based on these specific allegations in the Complaint noted above, and the

Court's review of the rest of the Complaint, the Court determines that Plaintiffs have sufficiently stated substantial constitutional claims in their Complaint. In this initial review of the Complaint, the Court finds that Plaintiffs' claims are "non-frivolous" and that a three-judge court must be convened to determine whether the apportionment of congressional districts and the apportionment of the statewide legislative districts violated Plaintiffs' First Amendment and Equal Protection rights under the United States Constitution as alleged in the Complaint.

### III. ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Application for Three-Judge Court **(Doc. No. 5)** is GRANTED.

IT IS FURTHER ORDERED that a copy of this Order is immediately forwarded to the Chief Judge of the Sixth Circuit Court of Appeals who shall designate two other judges, at least one of whom shall be a circuit judge under 28 U.S.C. § 2284(b)(1).

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 27, 2017, by electronic and/or ordinary mail.

S/Julie Owens Acting in the Absence of LaShawn R. Saulsberry
Case Manager
