IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

     Plaintiffs,                    Civil Action No. 17-cv-14148

v.                               Hon. Eric L. Clay
                               Hon. Denise Page Hood
RUTH JOHNSON, in her official    Hon. Gordon J. Quist
capacity as Michigan Secretary of State

               Defendant.
_____/

**MOTION TO INTERVENE BY REPUBLICAN
CONGRESSIONAL DELEGATION**

     Proposed Intervenors Jack Bergman, Bill Huizenga, John Moolenaar, Fred Upton, Tim Walberg, Mike Bishop, Paul Mitchell, and David Trott, Members of Congress representing the State of Michigan (collectively, "Congressional Intervenors" or "Applicants"), by and through their undersigned counsel, respectfully request, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene as defendants in the above-captioned proceeding for the purpose of participating in the disposition of the proceeding. In support of this Motion, Applicants submit the accompanying Brief in Support. Additionally, Applicants submit the following proposed pleadings in response to the Complaint filed in this matter:

(1)    Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with Brief in Support attached hereto as Attachment 1; and

(2)    Motion to Stay and/or Abstain, with Brief in Support, attached hereto as Attachment 2.

In accordance with LR 7.1(a), Applicants sought and obtained the concurrence of Defendant in their request to intervene in this matter. Prior to filing this Motion, Applicants explained the nature of this Motion to Plaintiffs and requested, but did not obtain, their concurrence in the relief sought.

WHEREFORE, Applicants respectfully request that the Court grant their Motion to Intervene and permit the Applicants to intervene as Defendants in this proceeding.

Respectfully submitted,

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/ Jason Torchinsky*
Jason Torchinsky (Pro Hac Admission to be filed)
Steven Saxe (Pro Hac Admission to be filed)
Philip Gordon (Pro Hac Admission to be filed)
Dennis W. Polio (Pro Hac Admission to be filed)
45 North Hill Drive, S 100
Warrenton, Virginia 20106
P: (540) 341-8800 – F: (540) 341-8809
E: JTorchinsky@hvjt.law

**Clark Hill PLC**

*/s/ Brian D. Shekell*
Brian D. Shekell (P75327)
Charles R. Spies
(Pro Hac Admission to be filed)
500 Woodward Avenue, S3500
Detroit, Michigan 48226
P: (313) 965-8300
E: bshekell@clarkhill.com
     cspies@clarkhill.com

Date:  February 28, 2018                              2

216979548.1

UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

       Plaintiffs,

v.

RUTH JOHNSON, in her official
capacity as Michigan Secretary of State

       Defendant.

_____/

Civil Action No. 17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

## BRIEF IN SUPPORT OF MOTION TO INTERVENE BY REPUBLICAN CONGRESSIONAL DELEGATION

Proposed Intervenors Jack Bergman, Bill Huizenga, John Moolenaar, Fred Upton, Tim Walberg, Mike Bishop, Paul Mitchell, and David Trott, Members of Congress representing the State of Michigan (collectively, "Congressional Intervenors" or "Applicants") submit the within Brief in Support of their Motion to Intervene as named Defendants in this action pursuant to Federal Rule of Civil Procedure 24 (the "Motion").

216979548.1

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

I.    WHETHER THIS COURT SHOULD GRANT APPLICANTS' MOTION TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(2), OR IN THE ALTERNATIVE, BY PERMISSIVE INTERVENTION UNDER RULE 24(b).

216979548.1

## CONTROLLING OR MOST APPROPIATE AUTHORITY

**Rules**

Fed. R. Civ. P. 24(a)(2)

Fed R. Civ. P. 24(b)

**Cases**

*Jansen v. Cincinnati*, 904 F.2d 336 (6th Cir. 1990)

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)

*Triax Co. v. TRW, Inc.*, 724 F.2d 1224 (6th Cir. 1984)

2:17-cv-14148-ELC-DPH-GJQ   Doc # 21   Filed 02/28/18   Pg 6 of 16   Pg ID 214

## I. **INTRODUCTION**

On December 22, 2017, the League of Women Voters of Michigan, Roger J. Brdak, Frederick C. Durhal, Jr., Jack E. Ellis, Donna E. Farris, William "Bill" J. Grasha, Rasa L. Holliday, Diana L. Ketola, Jon "Jack" G. Lasalle, Richard "Dick" W. Long, Lorenzo Rivera and Rashida H. Tlaib (collectively, "Plaintiffs") filed a Complaint (ECF No. 1) seeking declaratory and injunctive relief based on the claim that the current legislative and congressional apportionment plans ("Current Apportionment Plans") are unconstitutional. Plaintiffs here bring claims under 42 U.S.C. § 1983, 1988 and the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs contend that by continuing to implement the Current Apportionment Plans, named Defendants have impermissibly discriminated against Plaintiffs as an identifiable political group (likely Democratic voters) in contravention of the Equal Protection Clause of the Fourteenth Amendment, and unreasonably burdened Plaintiffs' right to express their political views and associate with the political party of their choice in contravention of the First Amendment. Plaintiffs seek to enjoin the further implementation of the Current Apportionment Plans in the upcoming Congressional and state legislative elections scheduled for 2020. *See* Pls' Resp. to Motion for Stay, at 2 (ECF No. 15).

Applicants file their Motion seeking leave of this Court to intervene in this matter based on established Supreme Court precedent. Applicants have significant

1

interests in this litigation and none of the currently named parties adequately represent Applicants' interests. Applicants are incumbent Republican members of Congress and stand to be irrevocably harmed by any redrawing of congressional districts. Accordingly, Applicants have a substantial interest in this litigation and the redrawing of the current congressional districting plan should the Court ultimately so order. Moreover, Applicants' interests cannot be adequately and fairly represented by any other existing party to this action. Permitting Applicants to intervene will promote and ensure the presentation of complete and proper evidence and legal arguments and lend finality to the Court's adjudication on the merits.

For these reasons, as more fully discussed *infra*, Applicants request leave of the Court to intervene as Defendants in this matter to protect their interest in the outcome of this litigation and the impact such an outcome will have, if any, on the Current Apportionment Plans.

## II.    APPLICANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as a matter of right is appropriate when, upon a timely motion, a party:

> Claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

2

216979548.1

FED. R. CIV. P. 24(a)(2). The United States Court of Appeals for the Sixth Circuit has recognized a "rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "As a general rule, a person cannot be deprived of his or her legal rights in a proceeding to which such a person is neither a party nor summoned to appear in the legal proceeding." *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Therefore, "the need to settle claims among a disparate group of affected persons militates in favor of intervention." *Id*. With that in mind, the Sixth Circuit has established the following legal standards by which courts can measure applications under Rule 24(a)(2). *Id*.

The Sixth Circuit has provided the following four (4) pragmatic criteria to be considered on an application to intervene under Rule 24(a)(2):

(1)   the motion must be timely;

(2)   the applicant has a significant interest in the litigation;

(3)   the interest may be impaired or impeded by disposition of the action; and,

(4)   the interest is not adequately represented by an existing party to the litigation.

3

*See id.*; *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984). For the reasons discussed below, Applicants readily meet each of the four (4) criteria, thereby entitling them to intervene in this matter.

### A.   Applicants' Motion to Intervene Has Been Timely Filed.

It cannot be disputed that Applicants' Motion seeking intervention has been timely filed. The timeliness of a motion to intervene "should be evaluated in the context of all relevant circumstances." *Jansen*, 904 F.2d at 340 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987)). The Sixth Circuit has outlined five factors to be considered when assessing the timeliness of a motion to intervene: (1) the stage of the proceeding; (2) the purpose of intervention; (3) the length of time between when the applicants knew or should have known of their interest and moved to intervene; (4) prejudice that any delay may have caused the parties; and (5) the reason for any delay. *Jansen*, 904 F.2d at 340 (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). In this instance, Applicants clearly meet all five factors. Currently, the proceeding is in its most nascent stages, with an Answer to Plaintiffs' Complaint not yet filed. The prejudice inquiry is related to timeliness, as the "analysis must be limited to the prejudice caused by the *untimeliness*, not the intervention itself." *See United States v. Detroit*, 712 F.3d 925 (6th Cir. 2013).

Here, the Complaint was filed on December 22, 2017, and there have been no substantive actions yet taken by the Court. The named Defendant has not yet

4

filed an Answer to the Complaint, and in fact, under this Court's Scheduling Order signed and filed February 7, 2018 (ECF No. 16), the named Defendant is not required to do so until after the Hearing on the Motion to Stay or Dismiss is held on March 20, 2018.

Moreover, in filing this present action and failing to include Applicants, Plaintiffs have likely known from the outset that Applicants would seek intervention. Plaintiffs seek to enjoin Michigan Members of Congress from seeking election in their current districts, which have been in effect for three election cycles, since the 2011 reapportionment. Furthermore, this lawsuit has the potential to cast a pall over the 2018 primary and general elections, as Applicants will be forced to campaign for office in districts that may, in an as of yet indeterminate amount of time, no longer exist.

Consequently, Plaintiffs and the currently named Defendant will suffer no prejudice in the event the Court grants Applicants' Motion and permits them leave to intervene at this very early stage of the case. To the contrary, permitting Applicants to intervene at this point will allow them to assert their defenses without any delay or disruption to the litigation.

For all these reasons, Applicants' Motion is timely.

5

**B.    Applicants Have A Sufficient Interest That May Be Affected by Disposition of This Litigation Which Is Not Adequately Represented by Any Current Party.**

Applicants readily satisfy the three remaining criteria for intervention set forth in *Triax, supra*, in that they possess a sufficient interest in the subject of this litigation, which could be affected by the disposition of this matter and which is not adequately represented by any current party. This matter concerns the Congressional and legislative districting plans enacted and implemented by the Michigan legislature in 2011, which allegedly violates the First and Fourteenth Amendments of the United States Constitution. (*See* Comp. at ¶1). Applicants are currently incumbent members of the Michigan congressional delegation and as such, stand to be significantly harmed by any mid-reapportionment change to their current districts. Thus, Applicants have a sufficient interest in the subject matter of this litigation. *See Sixty-Seventh Minn. State Senate v. Beens*, 406 U.S. 187, 194 (1972) (recognizing that a state legislative body has the right to intervene because the legislative body would be directly affected by a district court's orders.). From a pragmatic perspective, Applicants possess at least some of the information regarding the Current Apportionment Plan, which is necessary to this litigation. In this regard, permitting Applicants to intervene would limit to some degree the need for cumbersome third-party discovery and serve to streamline the use of judicial resources.

6

216979548.1

Moreover, if the Court ultimately determines that the Current Congressional Apportionment Plan must be redrawn, Applicants' interests would be directly implicated and affected. Plaintiffs request, *inter alia*, that the Court "[e]njoin Defendant . . . from administering, preparing for, and in any way permitting the nomination or election of members of . . . Michigan Members of Congress from the Current Apportionment Plan that now exists." (Compl. at 33 ¶ (c)). That request will directly impact all current members of the Michigan Congressional Delegation, as Plaintiffs' are requesting a complete redrawing of the congressional districts that have been in effect for three congressional election cycles. The Applicants would be directly affected by any Order of this Court that would require any mid-decade modification or redrawing of the Current Apportionment Plan.

Additionally, no current party to the litigation adequately represents the interests of Applicants. Plaintiffs' interests are adverse to the Current Apportionment Plan, and the existing Defendant does not adequately represent the same interests Applicants have in defending the challenged redistricting plan. While the named Defendant is charged with the implementation of the Current Apportionment Plan, the Michigan Secretary of State will not be directly impacted by any change to the districts themselves. Rather, Applicants, as current members of Congress, who are currently attempting to run for reelection in districts that will

7

be directly impacted by any change in the congressional districts as they are currently drawn. As such, Applicants have a substantial interest in defending the Current Apportionment Plan that is not possessed by any currently named party.

Accordingly, Applicants respectfully request leave of this Court to intervene in this case as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

### III.  ALTERNATIVELY, APPLICANTS ARE ENTITLED TO PERMISSIVE INTERVENTION

Alternatively, pursuant to Federal Rule of Civil Procedure 24(b), this Court should permit Applicants to intervene. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Intervention under Rule 24(b) is a "discretionary power" left to the judgment of the district court. *Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir. 1987). In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3).

For the same reasons outlined above, Applicants have demonstrated their right to intervene in this matter. Applicants have filed their Motion early in the litigation, prior to any substantive action on the merits by the Court. Applicants also possess claims and defenses in line with the Current Apportionment Plan,

8

given that Applicants will be directly and irrevocably impacted by any change to the Current Apportionment Plan. Furthermore, disallowing Applicants to intervene could prejudice Applicants' interests and rights. This case asks this Court to rule on the validity of the Current Congressional Apportionment Plan, and possibly order that it be redrawn – doing so without the input of the parties who stand to be most directly harmed by a change in the current plan would be inefficient and unjust. The only way to protect the fairness of the litigation and lend credibility and finality to the Court's decision on the merits is to permit Applicants to intervene.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons and authorities, Applicants' Motion to Intervene should be granted and Applicants permitted to intervene as Defendants in order to protect their interests in the subject matter and outcome of this litigation concerning the constitutionality of the Current Apportionment Plan.

216979548.1

Respectfully submitted,

**HOLTZMAN VOGEL JOSEFIAK**
**TORCHINSKY PLLC**

*/s/Jason Torchinsky*
JASON TORCHINSKY
STEVEN SAXE (pro hac Admission to be
filed)
PHILIP GORDON (pro hac Admission to
be filed)
DENNIS W. POLIO (pro hac Admission
to be filed)
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
Phone: 540-341-8808
Facsimile: 540-341-8809
Email: JTorchinsky@hvjt.law

Date: February 28, 2018

**CLARK HILL PLC**

*/s/Brian D. Shekell*
BRIAN D. SHEKELL (P75327)
CHARLES R. SPIES (pro hac
Admission to be filed)
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Phone: 313-965-8300
Email: cspies@clarkhill.com
Email: bshekell@clarkhill.com

10

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

       Plaintiffs,                               Civil Action No. 17-cv-14148

v.                                       Hon. Eric L. Clay
                                            Hon. Denise Page Hood
RUTH JOHNSON, in her official        Hon. Gordon J. Quist
capacity as Michigan Secretary of State

             Defendant.
_____/

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 28, 2018 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

                                 **CLARK HILL PLC**

                                 */s/Brian D. Shekell*
                                 Brian D. Shekell (P75327)

Date: February 28, 2018