UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

    Plaintiffs,

v.

RUTH JOHNSON, in her official
capacity as Michigan Secretary of
State,

    Defendant.

No. 2:17-cv-14148

ORDER

## ORDER DENYING DEFENDANT'S REQUEST TO STAY PROCEEDINGS PENDING RESOLUTION OF *WHITFORD* AND *BENISEK*

Before the Court is Defendant's Motion to Stay and to Dismiss for Lack of Standing. [Dkt. No. 11.] This Order addresses only Defendant's request for a stay; Defendant's arguments for dismissal will be addressed in a separate order. For the reasons set forth below, Defendant's request for a stay is DENIED.

Defendant requests a stay of proceedings "until the Supreme Court resolves *Whitford* and *Benisek*." [Dkt. No. 11 at PageID #75.] The Supreme Court heard argument in *Gill v. Whitford*, Docket No. 16-1161, on October 3, 2017, and it will hear argument in *Benisek v. Lamone*, Docket No. 17-333, on March 28, 2018. Decisions in these cases are expected before the end of June 2018, when the Supreme Court completes its current term. Both cases involve the topic of partisan gerrymandering, which is also at issue in the instant case.

1

This Court may stay proceedings in accordance with its inherent power to control the cases on its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). However, a "court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. The Court will rarely grant a stay where, as here, a litigant is asked "to stand aside while a litigant in another settles the rule of law." *Id.*

We decline to issue a stay pending the resolution of *Whitford* and *Benisek*. Defendant does not argue that she will experience hardship or inequity if she is required to move forward in this case before *Whitford* and *Benisek* are resolved. To the contrary, Defendant argues that she need not make a showing of hardship or inequity because there is not a fair possibility that a stay would prejudice Plaintiffs or the public interest. [Dkt. No. 20 at PageID #185–86.] Defendant's request for a stay is premised entirely on "judicial economy and the avoidance of discovery burdens on the parties." [*Id.* at 186.]

Defendant's argument fails because there exists a fair possibility that a stay would prejudice Plaintiffs as well as the public interest. The parties are operating under the reasonable assumption that, if Plaintiffs succeed on the merits, "a 2020 remedial plan must be in place by no later than March of 2020 to be effective for the November 2020 election." [Dkt. No. 22 at PageID #279.] Voting rights litigation is notoriously protracted. *See, e.g., McCain v. Lybrand*, 465 U.S. 236, 243 (1984) (discussing litigation delays as an impetus for Voting Rights Act of 1965). Indeed, Congress took extraordinary measures—providing for this Court to sit as a three-

2

judge panel and for any appeal to be taken directly to the Supreme Court—precisely so that voting rights cases could be decided more quickly. *See Swift & Co. v. Wickham*, 382 U.S. 111, 124 (1965) ("The purpose of the three-judge scheme was in major part to expedite important litigation."). Based on this history of voting rights litigation, there is a risk that this case will not be resolved by March 2020 even in the absence of a stay. Defendant's argument incorrectly minimizes the possible duration of this case as well as the prejudice to Plaintiffs and the public interest that would arise if this case were to persist through three election cycles.

In light of this potential prejudice, Defendant "must make out a clear case of hardship or inequity" in order to obtain a stay. *Landis*, 299 U.S. at 255. Defendant fails to do so, merely invoking concerns about the usual burdens of litigation and of judicial economy. Discovery can be conducted, as it often is, in the absence of controlling Supreme Court precedent. Further, a three-judge panel is well-equipped to resolve any issues that might arise if, as Defendant suggests, the Supreme Court elects to provide additional guidance in the realm of partisan gerrymandering while the parties to the instant case are in the midst of discovery.

IT IS ORDERED that Defendant's request for a stay is DENIED. Defendant's arguments in favor of dismissal will be addressed in a separate order.

ENTERED: March 14, 2018

*/s/ Eric L. Clay*
Signed for and on behalf of the panel
HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE GORDON J. QUIST
United States District Judge