# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS )
OF MICHIGAN, ROGER J. BRDAK, )
FREDERICK C. DURHAL, JR., )
JACK E. ELLIS, DONNA E. )
FARRIS, WILLIAM "BILL" J. )      No. 2:17-cv-14148
GRASHA, ROSA L. HOLLIDAY )
DIANA L. KETOLA, JON "JACK" )    Hon. Eric L. Clay
G. LASALLE, RICHARD "DICK" )     Hon. Denise Page Hood
W. LONG, LORENZO G. RIVERA )     Hon. Gordon J. Quist
and RASHIDA H. TLAIB, )
                              )
                              )
            Plaintiffs,       )  **PLAINTIFFS' BRIEF IN**
                              )  **SUPPORT OF RESPONSE TO**
                              )  **MOTION TO INTERVENE BY**
       v.                     )  **REPUBLICAN**
                              )  **CONGRESSIONAL DELEGATION**
RUTH JOHNSON, in her official )
Capacity as Michigan          )
Secretary of State,           )
                              )
            Defendant.        )

---

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax:  317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 W. Ten Mile, 2nd Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

*Counsel for Plaintiffs*

Table of Contents

Table of Authorities..................................................................................iii

Issues Presented......................................................................................iv

Controlling or Most Appropriate Authorities..............................................v

Introduction.............................................................................................1

I. Applicants Are Not Entitled To Intervene As A Matter of Right.................1

    A. Applicants Have No Substantial Legal Interest in the Congressional Districts for the 2020 Elections.................................................................2

    B. Applicants Can Protect their De Minimis Interest by Participating as Amicus Curiae.....................................................................................4

    C. The Defendant Can Adequately Protect Applicants' De Minimis Interest..................................................................................................4

    D. The Application is Untimely...............................................................5

II. Permissive Intervention Is Discretionary With The Court........................8

Conclusion and Relief Requested..............................................................9

## Table of Authorities

**Cases**

*Arizona State Legislature v. Arizona Indep. Redistricting Commission*, 135 S. Ct. 2652 (2015) .................................................................................... 1, 2

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775 (6th Cir. 2007) ............................................................................................. v, 2, 8

*Davis v. Bandemer*, 478 U.S. 109 (1986) ............................................................ 7

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989) ............................................. v, 2

*In re Apportionment of the State Legislature – 1992*, 439 Mich. 251; 483 N.W.2d 52 (1992) ....................................................................................... 4

*Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990) ............................ v, 5

*LeRoux v. Secretary of State*, 465 Mich. 594; 640 N.W.2d 849 (2002) ............. 4

*LULAC v. Perry*, 548 U.S. 399 (2006) ................................................................ 7

*NAACP v. Snyder*, 879 F. Supp. 2d 662 (E.D. Mich. 2012) ................................ 5

*O'Lear v. Miller*, 222 F. Supp. 2d 850 (E.D. Mich. 2002) .................................. 5

*Whitford v. Nichol*, No. 15-cv-421-bbc, 2015 WL 9239016 (W.D. Wis. 2015) .... 7

**Rules**

Fed. R. Civ. P. 24(a) ................................................................................ *passim*

Fed. R. Civ. P. 24(b) ........................................................................................ iv, 9

Fed R. Civ. P. 26(a) ............................................................................................. 7

Fed. R. Civ. P. 26(f) ......................................................................................... 7, 9

## Issues Presented

Eight of the 9 Republican Michigan Members of Congress ("Applicants") have moved to intervene by right under FRCP 24(a) or permissively under FRCP 24(b). The Plaintiffs oppose intervention by right and leave to the Court's discretion whether to allow permissive intervention.

1. Intervention by right should be denied because the Applicants have no "right" to certain congressional districts and have no substantial legal interest in congressional districts for the 2020 elections at issue here; their minimal interests are adequately represented by Defendant and her legal counsel; and their motion is untimely.

2. Permissible intervention, if allowed by the Court in its discretion, should be conditioned on Applicants not filing the duplicative motion for stay and meritless motion to dismiss attached to their motion to intervene; not revisiting discovery matters already settled; and conferring with the Defendant in the future to avoid duplicative filings and delay.

## Controlling or Most Appropriate Authorities

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775 (6th Cir. 2007)

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989)

*Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990)

## INTRODUCTION

Proposed Interveners "stand to be <u>irrevocably harmed</u> by <u>any</u> redrawing of congressional districts."

- Brief at 2 (emphasis added)

"[T]he voters should choose their representatives, not the other way around."

-*Arizona State Legislature v. Arizona Indep. Redistricting Commission*, 135 S. Ct. 2652, 2677 (2015)

Proposed Intervenors' (hereafter "Applicants") brief crystallizes the very evil this lawsuit seeks to remedy – the belief that an officeholder has an inherent "right" to his or her district which trumps the voters' rights to fair and effective representation. As the Supreme Court held in *Arizona State Legislature*, it is the voters' rights which are paramount.

The Motion to Intervene is based on the false premise that officeholders "own" their districts. For that reason and others, Applicants have no right to intervene and precious little basis for permissive intervention either.

I.  **APPLICANTS ARE NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT.**

The Sixth Circuit has established a 4-factor standard governing intervention by right under FRCP 24(a):

> We have explained that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability

1

to protect their interest may be impaired from the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir., 1999)

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (affirming denial of intervention by right). "[F]ailure to meet [any] one of the [four factors] will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Applicants fail to meet any of the 4 factors.

A. Applicants Have No Substantial Legal Interest in the Congressional Districts for the 2020 Elections.

Pervading the Applicants' motion and brief is an attitude of ownership and entitlement to the current congressional districts. They claim they will be "significantly harmed by any . . . change to their current districts" (Brief at 6, emphasis added) and they will be "irrevocably harmed by any redrawing of congressional districts" (Brief at 2, emphasis added).

The current congressional districts are not the personal political fiefdoms of the Applicants – that concept is completely alien in our democracy where, as the Supreme Court has observed, the "core principle of republican government" is that "voters should choose their representatives, not the other way around." *Arizona State Legislature v. Arizona Indep. Redistricting Commission*, 135 S. Ct. 2652, 2677 (2015). According to the Applicants, they have a legal right to

2

immutable districts which supersedes even the constitutional rights of voters. That has never been the law – the Applicants serve at the pleasure of the voters, not vice-versa.

In addition, the Applicants have no legally protected interest – let alone a substantial one – in Michigan's congressional districts for purposes of the 2020 elections.

Contrary to Applicants (Brief at 5, 7), this lawsuit is not about relief for the 2018 elections but about relief for the 2020 elections for terms beginning January 3, 2021. *See* Plaintiffs' Brief in Support of Response to Defendant's Motion to Stay or Dismiss at 2 [Doc. 15, Pg ID 134] (Plaintiffs seek a remedy for the 2020 elections, not the 2018 elections).

The Applicants' current terms expire on January 3, 2019. It is entirely speculative whether any of them will even be in office in 2020, let alone be candidates for Congress for a term beginning in 2021. Already this decade, 5 of the 9 Republican Members of Congress serving in 2012 have since left the Congress and one of the Applicants, David Trott, has publicly declared that he will not seek reelection in 2018. *See* U.S. Rep. Dave Trott to leave Congress. Thus, a claim by any of the Applicants that he will be a candidate in "his district"

3

in 2020 is purely speculative and does not remotely represent the "substantial legal interest" required for intervention.[1]

The Applicants have no substantial legal interest in this litigation.

### B. Applicants Can Protect Their De Minimis Interest by Participating as Amicus Curiae.

Applicants' ability to protect their de minimis legal interest in this case will not be impaired in the absence of intervention. They can participate as amicus curiae.

### C. The Defendant Can Adequately Protect Applicants' De Minimis Interest.

Applicants make a conclusory 1-paragraph argument that their interests cannot be adequately protected by the current Defendant. (Brief at 7-8)

That argument ignores the role of Defendant's legal counsel. Unlike Applicants' counsel, Johnson's legal counsel has advised the Michigan Republican Party and its officeholders, and defended Michigan Republican interests, in redistricting since 1992. *See, e.g., In re Apportionment of the State Legislature – 1992*, 439 Mich. 251; 483 N.W.2d 52 (1992) (order); *LeRoux v Secretary of State*, 465 Mich. 594; 640 N.W.2d 849 (2002) (congressional

---

[1] Indeed, as of today only Applicant Huizenga has even filed nominating petitions to seek reelection in 2018.

4

redistricting); *O'Lear v Miller*, 222 F. Supp. 2d 850 (E.D. Mich. 2002) (*per curiam*) (3-judge panel) (congressional redistricting); *NAACP v Snyder*, 879 F. Supp. 2d 662 (E.D. Mich. 2012) (3-judge panel) (*per curiam*) (legislative redistricting).

Applicants' minimal interests will be adequately protected by Defendant Johnson and her legal counsel.

D. The Application is Untimely.

The Sixth Circuit has established a standard for evaluating timeliness:

> The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances. *See Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir.1987). We have held that the following factors should be considered: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Grubbs*, 870 F.2d at 345.

*Jansen v City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

These factors all weigh in Plaintiffs' favor.

First, the Applicants should have known for over a year of their interest in this case and should have filed their motion within a few weeks of this case's filing, instead of over 2 months later.

5

On February 6, 2017 Applicant John Moolenaar received a letter advising him that this lawsuit would be brought and that he had a duty to preserve evidence. *See* Exhibit 1.[2] Since the mailing of that letter and dozens like it by Plaintiffs' counsel there have been several press articles about the coming filing of this case.[3] On December 22, 2017 when the case was filed and thereafter there have been several more press stories about it.[4]

Despite over 10 months' warning before this suit was filed and all of the publicity generated during that time and since, it took Applicants over 2 months to file a simple 2-page motion to intervene and 10-page brief. There is no excuse for that delay. This motion should have been filed within a few weeks of the complaint being filed.

Second, contrary to Applicants' assertion that the lawsuit is in its "nascent stages" (Brief at 4), it is not:

- On January 23, 2018 Defendant filed a Motion to Stay or Dismiss for Lack of Standing, a motion now fully briefed with a hearing tentatively

---

[2] He received that letter because he was a State Senator in 2011 who served on the Senate Redistricting Committee which voted for the 3 plans at issue here. In essence, he helped create the district in which he now serves. He is not the only Republican Member of Congress who has done so.
[3] *See, e.g.,* https://www.freep.com/story/news/politics/2017/01/31/democrats-challenge-gerrymandered-michigan-districts/97254240/
[4] *See, e.g.,* https://www.freep.com/story/news/local/michigan/detroit/2017/12/22/redistricting-gerrymandering-league-women-voters-lawsuit/972341001/, https://www.detroitnews.com/story/news/politics/2017/12/22/lawsuit-gerrymandering-michigan/108856648/, https://www.usnews.com/news/best-states/michigan/articles/2017-12-22/lawsuit-challenges-partisan-gerrymandering-in-michigan, https://www.detroitnews.com/story/news/politics/2017/12/28/judge-panel-michigan-gerrymandering-case/108977702/

6

scheduled for March 20 unless the panel decides the motion without a hearing;

- On February 16, 2018 the parties held the FRCP 26(f) conference; the conference report was filed and initial disclosures were made under FRCP 26(a) on March 2; and

- Discovery has started with the service of 64 subpoenas on third parties so far with the first due March 16; objections to and/or motions to quash some of those subpoenas have been filed, with responses pending.

Third, Applicants' tardy motion prejudices Plaintiffs. Not only have all the events described above occurred, but if Applicants are allowed to intervene Plaintiffs will have to respond to a <u>duplicative</u> motion for stay (Amended Attachment 2 to Motion) and a motion to dismiss (Attachment 1 to Motion) based on an alleged lack of justiciability, a claim the Supreme Court and other courts have repeatedly rejected for decades. *See Davis v Bandemer*, 478 U.S. 109, 113 (1986) ("[W]e find such political gerrymandering to be justiciable. . . ."); *LULAC v. Perry*, 548 U.S. 399, 415 (2006) ("Although the legislative branch plays the primary role in congressional redistricting, our precedents recognize an important role for the courts when a redistricting plan violates the Constitution."); *Whitford v Nichol*, No. 15-cv-421-bbc, 2015 WL 9239016, at *9 (W.D. Wis. Dec. 17,

7

2015) (3-judge court) (order denying motion to dismiss) (a partisan gerrymandering claim "stated a claim for relief that is plausible on its face . . . .").

Applicants' proposed motions, meritless as they are, will nonetheless consume the time and resources of the Court and the Plaintiffs, and will slow the progress of the case, a delay which very well may be Applicants' true purpose in intervening.

Fourth, the purposes for which intervention is sought are insubstantial, *see* Section I.A., *supra*, and duplicative. Defendant has already filed a motion to stay which is fully briefed with a decision pending.

The Motion to Intervene is untimely.

## II. PERMISSIVE INTERVENTION IS DISCRETIONARY WITH THE COURT.

As demonstrated by the Sixth Circuit decision in *Coalition to Defend Affirmative Action*, *supra*, permissive intervention is not automatic and may be denied in the exercise of the Court's discretion. *See* 501 F.3d at 784.

The Court has already been presented with an untimely and duplicative motion to stay and a meritless motion to dismiss by Applicants who possess no substantial legal interest in this case, tardily sought intervention, and whose de minimis interests can be adequately represented by Defendant and her counsel. In *Coalition* similar considerations led to a denial of permissive intervention, a decision affirmed by the Sixth Circuit. *See id.*

8

If the Court in the exercise of its discretion permits Applicants to intervene, Plaintiffs request that the Court order that: 1) the duplicative motion to stay and meritless motion to dismiss attached to Applicants' Motion not be filed; 2) Applicants are bound by the FRCP 26(f) report already filed; 3) Applicants make their FRCP 26(a) disclosures within seven (7) days of the Court's order; and 4) that the Applicants and Defendant shall in the future confer so as to avoid duplicative filings and delay.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Plaintiffs pray that the Court deny Applicants' Motion to Intervene by right under FRCP 24(a) and, if the Court in its discretion grants permissive intervention under FRCP 24(b), the Court order that: 1) the motion to stay and motion to dismiss attached to Applicants' Motion not be filed; 2) Applicants are bound by the FRCP 26(f) report already filed; 3) Applicants make their FRCP 26(a) disclosures within seven (7) days of the Court's order; and 4) that the Applicants and Defendant shall in the future confer so as to avoid duplicative filings and delay.

Respectfully submitted,

Date: March 14, 2018                /s/ Mark Brewer

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075

9

Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax:   317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Plaintiffs*