# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

    Plaintiffs,

v.

RUTH JOHNSON, in her official
capacity as Michigan Secretary of
State,

    Defendant.

No. 2:17-cv-14148

ORDER

## ORDER DENYING MOTION TO INTERVENE
## BY REPUBLICAN CONGRESSIONAL DELEGATION

Before the Court is a Motion to Intervene By Republican Congressional Delegation (the "Delegation"). [Dkt. No. 21.] The Delegation seeks to intervene pursuant to Rule 24(a)(2) and Rule 24(b) of the Federal Rules of Civil Procedure. The Delegation also attempts to file two motions as a group of intervenor-defendants. [Dkt. Nos. 21-2, 21-3.] We DENY the Delegation's motion to intervene and DENY AS MOOT the Delegation's attendant motions to dismiss [Dkt. No. 21-2] and to stay [Dkt. No. 21-3].

## FINDINGS

1. The Delegation's motion to intervene is timely.

2. Elected office does not constitute a property interest. *See Gamrat v. Allard*, No. 1:16-CV-1094, 2018 WL 1324467, at *5 (W.D. Mich. Mar. 15, 2018) (citing *Attorney Gen. v. Jochim*, 99 Mich. 358, 367, 58 N.W. 611, 613 (1894)).

1

3. All citizens of Michigan share a generalized interest in this litigation insofar as they have the right to vote, run for office, and otherwise participate in the 2020 election.

4. The Delegation's "two-fold" interest of (1) protecting "relationships between constituents and their elective representatives," and (2) not "be[ing] required to expend funds to learn the new congressional boundaries and constituents, after spending time and resources on their current districts," [R. 40 at PageID #659–60], is not materially distinguishable from the generalized interest shared by all citizens, as referenced *supra* in ¶ 3.

5. To the extent that the Delegation seeks to vindicate an interest that, as it explains, stands in "contrast" to Defendant's interest of "provid[ing] fair and smooth administration of elections," [R. 40 at PageID #661], the Delegation's interest is neither legitimate nor substantial.

6. The Delegation's legitimate, generalized interest in this litigation will be adequately represented by Defendant's interest in protecting the current apportionment plan and other governmental actions from charges of unconstitutionality.

7. In light of the complex issues raised by the parties, the need for expeditious resolution of the case, and the massive number of citizens who share the Delegation's interest in this litigation, granting the Delegation's motion to intervene could create a significant likelihood of undue delay and prejudice to the original parties.

8. For the above-stated reasons, the Delegation does not satisfy the requirements to intervene under Rule 24(a)(2) or Rule 24(b) of the Federal Rules of Civil Procedure.

**ORDER**

It is hereby ORDERED that:

A. The Motion to Intervene By Republican Congressional Delegation [Dkt. No. 21] is DENIED.

B. The Delegation's motion to dismiss [Dkt. No. 21-2] is DENIED AS MOOT.

C.  The Delegation's motion to stay [Dkt. No. 21-3] is DENIED AS MOOT.

ENTERED: April 4, 2018

_____
Signed for and on behalf of the panel:

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE GORDON J. QUIST
United States District Judge