**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR.,
JACK E. ELLIS, DONNA E.
FARRIS, WILLIAM "BILL" J.
GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK"
G. LASALLE, RICHARD "DICK"
W. LONG, LORENZO RIVERA
and RASHIDA H. TLAIB,

     Plaintiffs,

v.

RUTH JOHNSON, in her official
Capacity as Michigan
Secretary of State,

     Defendant.

Case No. 2:17-cv-14148

Hon.  Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

**NON-PARTIES' LEGISLATIVE**
**BODIES MOTION TO QUASH**
**SUBPOENAS AND FOR**
**PROTECTIVE ORDER**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

Mark Brewer (P35661)
Counsel for Plaintiff
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Jeffrey P. Justman
Counsel for Plaintiff
FAEGRE BAKER DANIELS LLP
90 S. Seventh Street, Suite 2200
Wells Fargo Center
Minneapolis, MN 55402
612-766-7000
Jeff.justman@faegrebd.com

Joseph H. Yeager, Jr. (IN Bar No.
2083-49)
Harmony A. Mappes (IN Bar No.
27237-49)
Counsel for Plaintiff
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com

Peter Ellsworth (P23657)
Robert P. Young, Jr. (P28789)
Ryan M. Shannon (P74535)
Counsel for Defendant Ruth Johnson
DICKINSON WRIGHT, PLLC
215 S. Washington Square
Suite 200
Lansing, MI 48933
517-371-1730
pellsworth@dickinsonwright.com
ryoung@dickinsonwright.com
rshannon@dickinsonwright.com

Gary P. Gordon (P26290)
Jason T. Hanselman (P61813)
Counsel for Non-Party Movants
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI  48933
Telephone:  (517) 374-9100
ggordon@dykema.com
jhanselman@dykema.com

**NON-PARTY LEGISLATIVE BODIES' REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER**

## I.   THE SUBPOENAS DIRECTED TO THE LEGISLATIVE BODIES ARE VAGUE AND AMBIGUOUS.

Although Plaintiffs state that the "subpoenas served on the Legislative Bodies are not vague or ambiguous as to who should respond," (ECF No 49, Pg ID 909), Plaintiffs continue to refuse to explain exactly from whom the information is sought or for what time period.  As previously indicated, for instance, the Michigan Senate and the Michigan House Republican Caucuses are two ever dynamic groups of legislators that do not merely consist of those who identify as Republican and that do not keep distinct records.  The House and Senate Policy offices are similarly dynamic collections of staff, as are the House and Senate Communications offices. If Plaintiffs desire to subpoena certain legislators or staff who belonged to one of these groups at a particular time, then Plaintiffs must specifically identify and target each of those persons as Federal Rule of Civil Procedure 45(a) requires.

## II.   LEGISLATIVE IMMUNITY APPLIES

Plaintiffs next argue that legislative immunity "does not provide an absolute testimonial and evidentiary privilege" (Resp. Br. at 3), even though courts have expressly recognized that "[l]egislative immunity not only protects state legislators from civil liability, it also functions as an evidentiary and testimonial privilege." *See Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 297 (D. Md. 1992).

Plaintiffs primarily rely on *United States v. Gillock*, 445 U.S. 360, 374 (1980) (Resp. Br. at 4), but this reliance is misplaced. *Gillock* addressed the Speech or Debate Clause solely in the criminal context.

Three months after *Gillock* issued, the Supreme Court indicated that state legislators enjoy privileges akin to the Speech or Debate Clause protection afforded to Members of Congress, and that *Gillock* lessened that protection only in criminal cases. *S. Ct. of Va. v. Consumers Union* 446 U.S. 719, 733 (1980) ("Although the separation-of-powers doctrine justifies a broader privilege for Congressmen than state legislators in criminal actions, *United States v. Gillock*, 445 U.S. 360 (1980), we generally have equated the legislative immunity to which state legislators are entitled under § 1983 to that accorded Congressmen under the Constitution.").

## III.   THE AVAILABILITY OF OTHER EVIDENCE FAVORS APPLYING LEGISLATIVE PRIVILEGE.

Next, Plaintiffs argue that "[t]he availability of other evidence does not weigh in favor of applying legislative privilege." (Pl.'s Resp. at 5.) Plaintiffs are mistaken.

Despite arguing in favor of a qualified privilege, Plaintiffs attempt to argue that one of the five factors courts look to under a qualified privilege analysis is inapplicable. This Court rejected the same argument in *Michigan State A. Philip Randolph Institute*, where, like here, the plaintiffs argued "in conclusory fashion"

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

that other evidence of discriminatory intent is not available.  No. 2:16-cv-11844, ECF No. 119, Pg Id 2761.  There, the Court noted that the factor "weighs in favor of quashing the subpoenas" because the plaintiffs had "a considerable amount of direct and circumstantial evidence available to them that they may rely . . . upon to support their claims, including historical information related to previous appeals of straight ticket voting, publicly available studies and reports; statements made by legislators during debate, speeches, or on social media; press releases;  newspaper articles; committee meeting minutes; and the Senate Journal." *Id.*

So too here.  Much of the same information that was available in *Michigan State A. Philip Randolph* is available to Plaintiffs in this case.  And as other courts have recognized, any non-public information does not add much value, even in redistricting cases.  "Objective facts, such as United States census reports and election returns are highlty relevant to plaintiffs' claims . . . The actual facts upon which lawmakers relied, however, are less relevant because they say little as to whether the overall effect of the . . . map is discriminatory."  *Committee for a Fair & Balanced Map v. Ill. State Bd. Of Elections*, No. 11 C 5065, 2011 U.S. Dist. LEXIS 117656, at *16-17 (N.D. Ill. Nov. 1, 2011).  "Lawmakers may have considered a lot of facts and drawn a discriminatory map, or considered no facts and drawn a perfectly constitutional map.  The proof, so they say, is in the pudding.  And the pudding is the . . . map." *Id.*

## IV.   PLAINTIFFS SEEK OVERLY BROAD CATEGORIES OF INFORMATION

Finally, Plaintiffs do not attempt to rebut the substance of the Legislative Bodies' argument that the subpoenas are overbroad.   For instance, Plaintiffs request "[a]ll Michigan Redistricting Plans," which are defined as "collectively . . . *all* legislative and congressional redistricting plans (including partial plans, individual districts, or partial districts) for *any Michigan legislative or congressional map that were conceived, drafted, proposed, discussed, or debated*." (ECF No. 46-2, Pg ID 796.)  Plaintiffs' attempt to distinguish *Village of Arlington Heights*—by citing one case where the Court found redistricting to be an important federal interest concluding that legislative evidence was required, and ignoring the cases where courts have not allowed discovery of such evidence in redistricting cases—does not change the overbroad nature of the request.  (Pl.'s Resp. at 7.)

As a threshold matter, this Court should not find that redistricting cases present the "extraordinary circumstances" *Arlington Heights* requires to allow Plaintiffs to dig into internal legislative records.  Indeed, rather than presenting  an "extraordinary circumstance," redistricting cases are exceedingly common.  *See* LOYOLA LAW SCHOOL, *Professor Justin Levitt's Guide to Drawing the Electoral Lines*, Jan. 3, 2012, available at http://redistricting.lls.edu/index.php ("Every 10 years, redistricting litigation joins death and taxes as one of life's certainties.  113 cases impacting federal or statewide redistricting have been filed so far this cycle,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

4

in 31 different states—with 26 new cases in November and December alone. That's not yet a record: Based on the excellent resources compiled by NCSL, there were at least 149 cases (40 states) filed in the 2000s, and 150 cases (41 states) filed in the 1990s.").

But even if this Court were to find that redistricting cases presented the "extraordinary instance" where discovery into legislative intent were available, that finding would not give Plaintiffs the ability to seek any and all information as Plaintiffs attempt to do. (ECF No. 46-2, Pg ID 798) (seeking "[a]ll documents . . . relating in any way to the 2012 Michigan Redistricting *or redistricting in general*) (emphasis added). At the very least, a protective order should enter significantly limiting the scope of Plaintiffs' requests.

## V.    CONCLUSION

For the reasons stated above, this Court should quash Plaintiffs' subpoenas to the Legislative Bodies or, alternatively, issue a protective order.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

Respectfully submitted,

DYKEMA GOSSETT PLLC

Date:  April 20, 2018

By: */s/ Gary P. Gordon*
 Gary P. Gordon (P26290)
Jason T. Hanselman (P61813)
Counsel for Non-Party Movants
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI  48933
Telephone:  (517) 374-9100
Facsimile:  (517) 374-9191
ggordon@dykema.com
jhanselman@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

*/s/ Gary P. Gordon*
Gary P. Gordon (P26290)
Counsel for Non-Party Movants
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI  48933
Telephone:  (517) 374-9100
Facsimile:  (517) 374-9191
ggordon@dykema.com