UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR., JACK
E. ELLIS, DONNA E. FARRIS, WILLIAM
"BILL" J. GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.
LASALLE, RICHARD "DICK" W. LONG,
LORENZO RIVERA and RASHIDA
H. TLAIB,

      Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

      Defendant.

_____/

Case No. 17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

**Defendant's Motion To Dismiss Plaintiffs' Claims Concerning Michigan Senate Plan**

Joseph H. Yeager, Jr. (IN 2083-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
*Counsel for Plaintiffs*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: (248) 483-5000
Fax: (248) 483-3131
MBrewer@goodmanacker.com
*Counsel for Plaintiffs*

Dickinson Wright PLLC
Peter H. Ellsworth (P23657)
Ryan M. Shannon (P74535)
*Special Assistant Attorneys General*
215 S. Washington Sq., Suite 200
Lansing, MI 48933
(517) 371-1700
PEllsworth@dickinsonwright.com
RShannon@dickinsonwright.com
*Attorneys for Defendant*
_____/

# DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIMS CONCERNING MICHIGAN SENATE PLAN

Defendant, Ruth Johnson, for her Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Plaintiffs' claims concerning the redistricting plan as enacted for the Michigan Senate, states as follows:

## Procedural Predicate

1. Plaintiffs League of Women Voters et al. (League) filed a complaint against Defendant Ruth Johnson (Secretary) on December 22, 2017, challenging the constitutionality of Michigan's Current Apportionment Plan, which is defined to include the Congressional, state Senate, and state House districts established after the 2010 census. (ECF No. 1, Pg. ID 1, 13.)

2. The Secretary filed a motion for stay and to dismiss. (ECF No. 11.) In support of her motion for stay, the Secretary stated that "it is far too late for this

1

Court to reach a resolution and implement a redistricting plan that will impact the 2018 election cycle." (*Id.*, Pg. ID 85.)

3. Plaintiffs filed a Response to Defendant's Motion to Stay on February 6, 2018. (ECF No. 15.) In their Response, Plaintiffs stated that "[t]hey seek a remedy for the 2020 election, *not the 2018 election*." (*Id.*, Pg. ID 134 (emphasis added).) Plaintiffs repeatedly disavowed that they sought relief for the 2018 election cycle, arguing that a stay in this matter should not be granted because it may jeopardize relief for the *2020* election cycle instead. (*Id.*, Pg. ID 137.)

4. This Court ultimately denied Defendant's motion for stay. (ECF No. 35).

5. The League and the Secretary filed a joint Rule 26 report on March 2, 2018. (ECF No. 22.) Plaintiffs stated that they "seek relief in this case in time to have new redistricting plans in place for the *2020 election cycle*," and proposed a trial date in early 2019. (*Id.*, Pg. ID 277-278.)

### The Michigan Senate Will Not Be Elected in 2020

6. Plaintiffs do not seek relief with respect to the Current Apportionment Plan for the 2018 election cycle.

7. Pursuant to the Michigan Constitution, state senators are "elected from single member districts at the same election as the governor for four-year terms concurrent with the term of the office of the governor." Mich. Const. art. IV, § 2.

2

8. The Michigan governor, and thus all of Michigan's state senators, are to be elected "at the general election in each alternate even-numbered year," beginning with the first four-year term in 1966. Mich. Const. art. V, § 21; Mich. Const. Sched., § 5. The members of the Michigan Senate will thus next be elected on November 6, 2018 and will serve four year terms until 2022.

9. By state law, the legislature must enact a new redistricting plan for the Senate by November 1, 2021. Mich. Comp. Laws § 4.261. The 2022 Senate election will be held under a new apportionment map not yet in being.

10. The Court can grant no relief on Plaintiffs' claims concerning the Apportionment Plan for the Michigan Senate; the Senate portion of the Apportionment Plan will not be used to elect the Senate again after November 6, 2018.

11. With respect to the Michigan Senate, Plaintiffs have thus failed to state a claim upon which relief can be granted, and dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

12. Alternatively, Plaintiffs' claims as concerns the Michigan Senate were mooted by their delay in challenging the Apportionment Plans until after it was too late to obtain relief for the 2018 election cycle, and this Court lacks subject matter jurisdiction such that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(1).

13. Pursuant to E.D. Mich. L.R. 7.1, on June 6, 2018, Defendant's counsel sought concurrence in the relief requested in this Motion from Plaintiffs' counsel, but such concurrence was not forthcoming, necessitating the filing of this Motion.

WHEREFORE, Defendant Ruth Johnson, in her capacity as Michigan Secretary of State, respectfully requests that this Court dismiss Plaintiffs' claims concerning the Michigan Senate.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ Peter H. Ellsworth
Peter H. Ellsworth
Attorneys for Defendant

Dated: June 6, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR., JACK
E. ELLIS, DONNA E. FARRIS, WILLIAM      Case No. 17-cv-14148
"BILL" J. GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.          Hon. Eric L. Clay
LASALLE, RICHARD "DICK" W. LONG,        Hon. Denise Page Hood
LORENZO RIVERA and RASHIDA              Hon. Gordon J. Quist
H. TLAIB,
      Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,
      Defendant.
_____/

**DEFENDANT'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS**
**PLAINTIFFS' CLAIMS CONCERNING MICHIGAN SENATE PLAN**

5

**Issue Presented**

On August 9, 2011, Governor Snyder signed legislative redistricting plans into law for the Michigan House and Senate, and for the Michigan Congressional delegation, as Public Acts 128 and 129 of 2011 (collectively, the "Apportionment Plan"). Plaintiffs—the League of Women Voters and eleven individual voters—seek to challenge the Apportionment Plan as a partisan gerrymander in violation of their Equal Protection and First Amendment rights. Plaintiffs seek relief only for the 2020 election cycle. Members of the Michigan Senate are elected to four year terms, with each seat up for election on even years falling between presidential election years. After the 2018 election, the Michigan Senate will not be elected again until 2022, by which time, the Apportionment Plan will have been replaced with a new plan as required by state law.

I. Should this Court dismiss Plaintiffs' claims as concern the Michigan Senate plan on the basis that Plaintiffs, by seeking relief with respect to a plan which will not be used again after 2018, have failed to state a claim upon which relief can be granted?

II. In the alternative, should this Court dismiss Plaintiffs' claims as concern the Michigan Senate plan on the basis that Plaintiffs' claims are moot since Plaintiffs do not seek relief for the 2018 election?

**Controlling or most appropriate authority**

Fed. R. Civ. P. 12(b)(1) and (6)

*Mills v. Green*, 159 U.S. 651; 16 S.Ct. 132; 40 L.Ed. 293 (1895)

*Princeton Univ. v. Schmid,* 455 U.S. 100; 102 S.Ct. 867; 70 L.Ed.2d 855 (1982)

**Argument**

For her Brief in Support of her Motion to Dismiss Plaintiffs' claims concerning the Michigan Senate, Defendant Secretary of State Ruth Johnson (Secretary) relies on recitation of the pleadings and law cited in her Motion, and states briefly as follows:

Rule 12(b)(1) provides for dismissal of a complaint where it is shown that a Court lacks subject matter jurisdiction. Rule 12(b)(6) provides for dismissal where the complaint fails to set forth a claim upon which relief can be granted. A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Parsons Investment Co. v. Chase Manhattan Bank*, 466 F.2d 869, 872 (6th Cir. 1972) (quoting *Mills v. Green,* 159 U.S. 651, 653; 16 S.Ct. 132; 40 L.Ed. 293 1895); see also *Princeton Univ. v. Schmid,* 455 U.S. 100, 103; 102 S.Ct. 867; 70 L.Ed.2d 855 (1982) (finding controversy as to superseded regulation to be moot). Thus, where subsequent events make it impossible for the court to grant to the prevailing party effectual relief, dismissal is appropriate. See *Mills*, 159 U.S. at 653.

Here, as stated in the accompanying Motion, it is not possible for this Court to grant effectual relief to Plaintiffs with respect to the portion of the Apportionment Plan enacted for the Michigan Senate. The Senate will not again be elected under

the current Apportionment Plan, which must be replaced following the 2020 census in time for the 2022 election. Mich. Comp. Laws § 4.261. Though unknown to the Secretary at the time she earlier moved for a stay and for dismissal on February 6, 2018 (Dkt. # 15), Plaintiffs have since that time revealed (and re-affirmed several times) in filings before this Court[1] that they do not seek relief for the 2018 election cycle. The 2018 election cycle is the last time the Apportionment Plan will have effect with respect to the Michigan Senate.

For the reasons set forth above and in the Secretary's Motion, the Court should dismiss Plaintiffs' claims as concern the Michigan Senate.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ Peter H. Ellsworth
Peter H. Ellsworth
Attorneys for Defendant

Dated: May 21, 2018

---

[1] A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are appropriate for the taking of judicial notice. *New England Health Care Pension v. Ernst & Young*, 336 F.3d 495, 501 (6th Cir. 2003) (previous public court filing by party used to show, e.g., previous knowledge of party of claims). To the extent the Court disagrees that Plaintiffs' other filings may be considered without converting Defendant's motion into a motion for summary judgment under Rule 56 (see Fed. R. Civ. P. 12(d)), Defendant requests that such conversion not deprive them of the ability to file a subsequent Rule 56 motion following the conclusion of discovery in this matter. See L.R. 7.1(b)(2).

## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

                                    Respectfully submitted,

                                    /s/Ryan M. Shannon (P74535)