# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR., JACK
E. ELLIS, DONNA E. FARRIS, WILLIAM
"BILL" J. GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.
LASALLE, RICHARD "DICK" W. LONG,
LORENZO RIVERA and RASHIDA  H.
TLAIB,

           Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

           Defendant.

Case No. 17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

**NON-PARTY SUBPOENA
RECIPIENT PETER H.
ELLSWORTH'S MOTION
TO QUASH SUBPOENA
AND/OR FOR
PROTECTIVE ORDER**

_____/

Joseph H. Yeager, Jr. (IN 2083-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 237-0300
Fax:  (317) 237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
*Counsel for Plaintiffs*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone:  (248) 483-5000
Fax:  (248) 483-3131
MBrewer@goodmanacker.com
*Counsel for Plaintiffs*

Dickinson Wright PLLC
Peter H. Ellsworth (P23657)
Ryan M. Shannon (P74535)
*Special Assistant Attorneys General*
215 S. Washington Sq., Suite 200
Lansing, MI 48933
(517) 371-1700
PEllsworth@dickinsonwright.com
RShannon@dickinsonwright.com
*Attorneys for Defendant*

_____/

## NON-PARTY SUBPOENA RECIPIENT PETER H. ELLSWORTH'S MOTION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER

Non-Party Subpoena Recipient Peter H. Ellsworth ("Mr. Ellsworth"), by and through his attorneys, Dickinson Wright PLLC, hereby moves this Court for an Order quashing the subpoena issued to him by Plaintiffs pursuant to Fed. R. Civ. P. 45 (d)(3)(A), and/or for a Protective Order preventing his deposition from proceeding pursuant to Fed. R. Civ. P. 26 (c)(1).

In support of this Motion, Mr. Ellsworth relies on the facts, law, and argument set forth in the accompanying Brief in Support.

Pursuant to Fed. R. Civ. P. 26 (c)(1) and E.D. Mich. LR 7.1(a), on June 27, 2018 the undersigned counsel conferred in good faith with Plaintiffs' counsel in an effort to resolve this dispute without court action, but was unable to obtain concurrence in the relief sought herein, thus necessitating the filing of this Motion.

1

WHEREFORE, Mr. Ellsworth respectfully requests that this Honorable Court:

(i)     Enter an Order quashing the subpoena that Plaintiffs issued to Mr. Ellsworth; and/or

(ii)    Enter a Protective Order preventing Mr. Ellsworth's deposition from proceeding.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Michael G. Vartanian*
Michael G. Vartanian (P23024)
K. Scott Hamilton (P44095)
*Attorneys for Non-Party Subpoena Recipient*
350 S. Main St., Ste. 300
Ann Arbor, MI 48104
(734) 623-1690
mvartanian@dickinsonwright.com
khamilton@dickinsonwright.com

Dated:  June 28, 2018

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR., JACK
E. ELLIS, DONNA E. FARRIS, WILLIAM          Case No. 17-cv-14148
"BILL" J. GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.               Hon. Eric L. Clay
LASALLE, RICHARD "DICK" W. LONG,             Hon. Denise Page Hood
LORENZO RIVERA and RASHIDA  H.               Hon. Gordon J. Quist
TLAIB,

       Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

       Defendant.

_____/

## BRIEF IN SUPPORT OF NON-PARTY SUBPOENA RECIPIENT PETER H. ELLSWORTH'S MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

INDEX OF AUTHORITIES ......................................................................... ii

ISSUE PRESENTED .................................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. v

I.      INTRODUCTION ............................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

        A.      Mr. Ellsworth's Role As Legal Counsel In The 2011
                Redistricting Process ............................................................ 2

        B.      Plaintiffs' Subpoena ............................................................. 3

III.    ARGUMENT ................................................................................... 5

        A.      Legal Standard .................................................................... 5

                1.      The "normal" standard ............................................... 5

                2.      The *Shelton* test and the "heightened standard" applicable
                        to Plaintiffs ............................................................. 6

        B.      Plaintiffs Cannot Satisfy The *Shelton* Test ........................... 7

                1.      Plaintiffs cannot demonstrate that they are unable to obtain
                        the information they seek from Mr. Ellsworth through
                        other means ............................................................. 8

                2.      Plaintiffs cannot demonstrate that Mr. Ellsworth possesses
                        non-privileged information ....................................... 11

        C.      Depositions Of Opposing Counsel In Redistricting Litigation
                Are Disfavored ................................................................... 12

IV.     CONCLUSION .............................................................................. 14

# INDEX OF AUTHORITIES

## Cases

*Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558 (6th Cir. 2015) ...................................................................................7

*End Prod. Results, LLC v. Dental USA, Inc.*, No. 12-cv-11546, 2013 WL 12247127 (E.D. Mich. Oct. 10, 2013) ................................. 7, 9, 10

*Eschenberg v. Navistar Int'l Transp. Corp.*, 142 F.R.D. 296 (E.D. Mich. 1992) .............................................................................7

*Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2018 WL 1281756 (E.D. Mich. Mar. 13, 2018) ..................................... 7, 8, 12

*Ghandi v. Police Dep't of the City of Detroit*, 747 F.2d 338 (6th Cir. 1984) .....................................................................................5

*Hall v. Louisiana*, No. 12-657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014) ...................................................................................12

*In re Apportionment of State Legislature—1982*, 321 N.W.2d 565 (Mich. 1982) ...........................................................................2

*In re Apportionment of State Legislature—1992*, 486 N.W.2d 639 (Mich. 1992) ...........................................................................2

*In re Smirman*, 267 F.R.D. 221 (E.D. Mich 2010) ...................................5

*Laethem Equip. Co. v. Deere & Co.*, No. 05-10113, 2008 WL 11399032 (E.D. Mich. Oct. 29, 2008) ..................................8

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002) ................................................................................ v, 3, 6

*New Prods. Corp. v. Dickinson Wright, PLLC (In re: Modern Plastics Corp)*, 890 F.3d 244 (6th Cir. 2018) ......................................5

*Nix v. Sword*, 11 F. App'x 498 (6th Cir. 2001) ......................................6

*Plainfield Specialty Holding II, Inc. v. Children's Legal Services*, No. 08-14905, 2011 WL 13208923 (E.D. Mich. Apr. 25, 2011) ...........................4, 9

*Pope v. Cnty. of Albany*, No. 11-CV-736, 2012 WL 12871181 (N.D.N.Y. July 31, 2012)....................................................................13

*Pope v. County of Albany*, 1:11-cv-0736, 2014 WL 12526272 (N.D.N.Y. Nov. 18, 2014) ......................................................................13

*Presidential Facility, LLC v. Debbas*, No. 09-12346, 2014 WL 102851 (E.D. Mich. Jan. 9, 2014)...............................................9

*Reynolds v. Sims*, 377 U.S. 533 (1964)....................................................2

*Shelton v. Am. Motors Corp.*, 805 F.3d 1323 (8th Cir. 1986) ..................... 3, 6, 7

*Stryker Corp. v. Ridgeway*, No. 1:13-cv-1066, 2016 WL 6585083 (W.D. Mich. Feb. 3, 2016).....................................................................8

*Theriot v. Parish of Jefferson*, No. 95-2453, 1996 WL 586386 (E.D. La. Oct. 9, 1996), *aff'd*, 185 F.3d 477 (5th Cir. 1999) .......................13

*United States v. Gammo*, 428 F. Supp. 2d 705 (E.D. Mich. 2007) ...........5

*Upjohn Co. v. United States*, 449 U.S. 383 (1981).................................12

*Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521 (E.D. Mich. 2012) .......................................................................4, 9

*Wessberry v. Sanders*, 376 U.S. 1, 7-8 (1964).......................................2

## Statutes

Mich. Comp. Laws § 3.63.......................................................................2

Mich. Comp. Laws § 4.261.....................................................................2

## Rules

Fed. R. Civ. P. 26(c)..............................................................................5

Fed. R. Civ. P. 45(d)(3)(A) .....................................................................5

## <u>ISSUE PRESENTED</u>

Should this Court quash the subpoena that Plaintiffs issued to Peter H. Ellsworth—lead trial counsel in this action for Defendant Ruth Johnson—and/or enter a Protective Order preventing his deposition from proceeding, given that Plaintiffs cannot meet the *Shelton* test applicable to depositions of opposing counsel because Plaintiffs have not demonstrated, and cannot demonstrate, that the information they seek: (i) cannot be obtained elsewhere; and (ii) is non-privileged?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002)

## I.     INTRODUCTION

Plaintiffs are challenging the constitutionality of Michigan Public Acts 128 and 129 of 2011, which collectively establish the electoral boundaries for Michigan's State House and Senate districts, as well as Michigan's U.S. Congressional districts (the "Redistricting Plan").

Plaintiffs now seek to take the deposition of Peter H. Ellsworth—lead trial counsel in this case for Defendant Ruth Johnson ("Defendant").  Plaintiffs wish to question Mr. Ellsworth about his knowledge regarding the legislative and congressional maps adopted in 2011, including their creation, which are the subject of this litigation.

Under binding Sixth Circuit precedent, because Mr. Ellsworth is opposing counsel in this case, Plaintiffs cannot depose Mr. Ellsworth unless they can show that the information they seek: (i) cannot be obtained elsewhere; and (ii) is non-privileged.  This is known as the *"Shelton* test," originally adopted by the Eighth Circuit in 1986.  For the reasons discussed below, Plaintiffs cannot satisfy either of these *Shelton* test requirements.  Plaintiffs should thus be precluded from taking Mr. Ellsworth's deposition, and this Motion seeking to quash Plaintiffs' subpoena and/or for a protective order preventing Mr. Ellsworth's deposition, should be granted.

1

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Mr. Ellsworth's Role As Legal Counsel In The 2011 Redistricting Process

Pursuant to federal law, Michigan's redistricting plans must: (i) contain U.S. Congressional districts that are approximately equal in population;[1] (ii) contain State House and Senate districts that are relatively equal in population;[2] and (iii) comply with the Voting Rights Act.  Pursuant to state law, Michigan's redistricting plans are guided by certain statutory criteria, commonly known as the "Apol Criteria."[3]

To ensure that redistricting plans are legally sound, and because adopted plans are routinely subject to litigation challenges, those involved in the redistricting process regularly consult with legal counsel.  To that end, in 2011, Dickinson Wright PLLC was retained by the Michigan Redistricting Resource Institute to represent the Michigan House and Senate Republican Caucuses, as well as those acting on their behalf or at their direction, to serve as their legal counsel relative to the Redistricting Plan.  Mr. Ellsworth served as lead counsel.  (*See* **Exhibit 1**, Ellsworth Aff., at ¶ 3.) Mr. Ellsworth was not engaged to provide, nor did he provide, political consulting

---

[1] *See Wessberry v. Sanders*, 376 U.S. 1, 7-8 (1964).

[2] *See Reynolds v. Sims*, 377 U.S. 533, 568-69 (1964).

[3] *See* Mich. Comp. Laws §§ 4.261, 3.63; *In re Apportionment of State Legislature—1982*, 321 N.W.2d 565, 583 (Mich. 1982); *In re Apportionment of State Legislature—1992*, 486 N.W.2d 639, 643-44 (Mich. 1992).

2

in relation to the 2011 redistricting process. (*Id.* at ¶ 5.) Similarly, Mr. Ellsworth was not engaged to, nor did he, draw legislative or congressional maps during the 2011 redistricting process. (*Id.* at ¶ 4.) Simply put, Mr. Ellsworth wore a "legal hat." Nothing more.

### B.   Plaintiffs' Subpoena

On Friday, May 25, 2018, Plaintiffs' counsel e-mailed Mr. Ellsworth's counsel and inquired as to Mr. Ellsworth's availability to sit for a deposition. (**Exhibit 2**, 5/25/18 Email Correspondence.) On Thursday, June 7, 2018, Mr. Ellsworth's counsel noted that, because Mr. Ellsworth is trial counsel in this action, his deposition is subject to the *Shelton* test, which precludes a party from deposing opposing counsel unless certain conditions are met.[4] (**Exhibit 3**, 6/7/18 Letter.) In order to adequately assess the applicability of the *Shelton* test and determine whether Mr. Ellsworth's deposition should proceed, Mr. Ellsworth's counsel requested that Plaintiffs serve the subpoena by Friday, June 15, 2018 and provide with that subpoena a "list of proposed deposition topics." (*Id.*)

On Friday, June 15, 2018, Plaintiffs served Mr. Ellsworth with a "Subpoena to Testify at a Deposition in a Civil Action" (the "Subpoena"), compelling Mr.

---

[4] *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628-29 (6th Cir. 2002) (applying *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The *Shelton* test, and its applicability to this case, are discussed in detail in Sections III.A.2. and III.B., *infra*.

Ellsworth to appear for a deposition on August 16, 2018. (**Exhibit 4**, Ellsworth Subpoena, p. 1.)  Contrary to Mr. Ellsworth's counsel's request, however, Plaintiffs did not attach to that Subpoena a "list of proposed deposition topics."  Rather, in the letter enclosing the Subpoena, Plaintiffs' counsel stated:

> The deposition of Mr. Ellsworth will satisfy [the *Shelton* test], because Mr. Ellsworth was involved in and has factual knowledge about the creation of the legislative and congressional maps that rest at the heart of this litigation. To the extent that you have any questions about how Mr. Ellsworth's personal knowledge about facts giving rise to this case satisfy the *Shelton* test, applicable cases from the Eastern District say that the deposition should move forward, and that if you have a good-faith basis for objecting to a question on grounds of privilege, you may invoke it during the deposition. *See, e.g.*, *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 530 (E.D. Mich. 2012); *Plainfield Specialty Holding II, Inc. v. Children's Legal Servs.*, 2011 WL 13208923, at *1 (E.D. Mich. Apr. 25, 2011).
>
> \*\*\*
>
> You also ask that we provide in advance of the deposition a list of proposed deposition topics. . . . I can tell you now that we will limit Mr. Ellsworth's deposition to the claims and defenses at issue in this litigation, and will not focus on side or unrelated matters.

(**Exhibit 5**, 6/14/18 Letter, pp. 1-2.)

As explained further in this brief, Plaintiffs' conclusory statements regarding Mr. Ellsworth's "factual knowledge about the creation of the legislative and congressional maps" are both incorrect and insufficient to carry Plaintiffs' burden

under the *Shelton* test.  Thus, this Court should quash the Subpoena and/or issue a protective order preventing Mr. Ellsworth's deposition from proceeding.

## III.   ARGUMENT

### A.   Legal Standard

#### 1.   The "normal" standard

The decision whether to quash a subpoena typically lies within a court's sound discretion. *Ghandi v. Police Dep't of the City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984).  However, as this Court has previously recognized, a court *must* quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." (5/23/18 Order, ECF No. 58, Page ID 986-987 (citing Fed. R. Civ. P. 45(d)(3)(A)); *see also United States v. Gammo*, 428 F. Supp. 2d 705, 707-08 (E.D. Mich. 2007); *New Prods. Corp. v. Dickinson Wright, PLLC (In re: Modern Plastics Corp)*, 890 F.3d 244, 251 (6th Cir. 2018).  Ordinarily, the party seeking to quash a subpoena bears the burden of proof. *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich 2010).

In addition to quashing a subpoena, a court may issue a protective order, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [by] . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c).  To show good cause, the movant must articulate specific facts showing a "clearly defined and serious injury resulting from the

discovery sought, and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quotations omitted).

### 2.    The *Shelton* test and the "heightened standard" applicable to Plaintiffs

When a party seeks to depose opposing counsel, the Sixth Circuit applies a heightened standard, called the "*Shelton* test," to determine whether the deposition should be permitted. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).   The *Shelton* test, which was originally promulgated by the Eighth Circuit in 1986, provides:

> Discovery from an opposing counsel is "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

*Id.* (quoting *Shelton v. Am. Motors Corp.*, 805 F.3d 1323, 1327 (8th Cir. 1986)).[5]

Importantly, the parties seeking the deposition (*i.e.*, Plaintiffs) bear the burden of

---

[5] In *Shelton*, the Eighth Circuit provided the following rationale for the heightened standard:

> The practice of forcing trial counsel to testify as a witness . . . has long been discouraged . . . (it causes the standards of the profession to suffer), and recognized as disrupting the adversarial nature of our judicial system. . . . [I]t also adds to the already burdensome time and costs of litigation.   It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of

6

demonstrating that the *Shelton* test is satisfied. *End Prod. Results, LLC v. Dental USA, Inc.*, No. 12-cv-11546, 2013 WL 12247127, at *4 (E.D. Mich. Oct. 10, 2013) ("With regard to the deposition of [plaintiffs' counsel], the burden is squarely on [d]efendant."); *see also Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 573 (6th Cir. 2015).

### B.      Plaintiffs Cannot Satisfy The *Shelton* Test

Because Mr. Ellsworth is trial counsel to Defendant in this case, Mr. Ellsworth qualifies as opposing counsel and the *Shelton* test applies to his deposition. *See Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2018 WL 1281756, at *6 (E.D. Mich. Mar. 13, 2018) (concluding that a deponent-attorney qualifies as opposing counsel if, among other things, the attorney is trial / litigation counsel, or the subject matter of the deposition may elicit litigation strategy); *End Prod. Results, LLC*, 2013 WL 12247127, at *1, *4 (refusing to allow the deposition of trial counsel under the *Shelton* test); *Stryker Corp. v. Ridgeway*, No. 1:13-cv-1066, 2016 WL

---

client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. [And] the chilling effect that such practice will have on the truthful communications from the client to the attorney is obvious.

*Shelton*, 805 F.3d at 1327 (quotations and citations omitted). In 1992, this Court found these policy considerations valid and persuasive. *Eschenberg v. Navistar Int'l Transp. Corp.*, 142 F.R.D. 296, 299 (E.D. Mich. 1992).

6585083, at *1 (W.D. Mich. Feb. 3, 2016) (applying the *Shelton* test to prevent a party from calling opposing counsel as trial witness).

Under the *Shelton* test, in order to depose Mr. Ellsworth, Plaintiffs must demonstrate that the information they seek: (i) cannot be obtained through other means; (ii) is not protected by the attorney-client privilege or work-product doctrine; and (iii) is crucial to Plaintiffs' preparation of their case.  As discussed below, Plaintiffs cannot meet (at least) the first two prongs of the *Shelton* test, and therefore, Mr. Ellsworth's deposition should be precluded.

### 1. Plaintiffs cannot demonstrate that they are unable to obtain the information they seek from Mr. Ellsworth through other means

With regard to the "other means" requirement of the *Shelton* test, this Court recognizes that a party "must first attempt to learn th[e] information [sought from opposing counsel] from other sources before a deposition of [opposing] counsel will be considered." *Laethem Equip. Co. v. Deere & Co.*, No. 05-10113, 2008 WL 11399032, at *1 (E.D. Mich. Oct. 29, 2008); *see also Gazvoda*, 2018 WL 1281756, at *7 ("[T]he same information can be obtained from [a non-attorney] without fear of violating a privilege (or at least, no explanation has been provided for why questioning of [the non-attorney] would be insufficient).  The implication is that [the party] wishes to question [opposing counsel], rather than [the non-attorney], *because* [opposing counsel] is in-house counsel . . . and thus privy to litigation strategy.").

8

Similarly, where a party previously had an opportunity to learn the information, but failed to capitalize on that opportunity, this Court has disallowed the deposition. *End Prod. Results, LLC*, 2013 WL 12247127, at *4 (defendant could not depose plaintiffs' counsel where, among other things, defendant had the opportunity to obtain the information through other means).  Only where a party shows that it tried and failed to obtain the information elsewhere can the deposition actually proceed.  *See Presidential Facility, LLC v. Debbas*, No. 09-12346, 2014 WL 102851, at *4 (E.D. Mich. Jan. 9, 2014) (deposition of opposing counsel was necessary because the only other knowledgeable witness was unable to testify to certain relevant matters); *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 531 (E.D. Mich. 2012) (same).[6]

---

[6] In their correspondence, Plaintiffs cite *Visteon,* as well as *Plainfield Specialty Holding II, Inc. v. Children's Legal Services*, No. 08-14905, 2011 WL 13208923 (E.D. Mich. Apr. 25, 2011), for the proposition that Mr. Ellsworth's deposition could proceed, regardless of *Shelton*.  Both cases are inapposite.  In *Visteon*, the plaintiff sought to depose the defendant's in-house counsel regarding his involvement in the design-around process of a patent. *Visteon*, 903 F. Supp. 2d at 529-30.  This Court determined that, under the *Shelton* test, the deposition should proceed because the information that the plaintiff sought was *only available* from the defendant's in-house counsel. *Id.* at 531.  Additionally, the Court found it "not inconsequential that [the defendant's in-house counsel] was designated by [the defendant] as a 30(b)(6) witness on various topics . . . [and that his] deposition was actually scheduled, but abruptly cancelled by" the defendant. *Id.*  Plaintiffs here have not yet attempted to obtain the information they seek from Mr. Ellsworth through other means (and thus cannot prove that Mr. Ellsworth is the only source of that information), and Mr. Ellsworth is not designated as a 30(b)(6) witness with relevant knowledge.  In *Plainfield*, the defendant sought to depose Thomas Fritsch, the plaintiff's in-house counsel / managing director. *Plainfield*, 2011 WL 13208923, at *1.  Importantly,

Here, considering that discovery is ongoing and others with relevant knowledge are yet to be deposed, Plaintiffs cannot demonstrate that they tried and failed to obtain the information they seek from Mr. Ellsworth through other means. Additionally, some of the information sought may have already been (or will be) produced in response to written discovery. *See End Prod. Results*, 2013 WL 12246127, at *4 (deposition of opposing counsel not necessary where the party seeking the deposition already possessed much of the information sought).

To determine whether the information Plaintiffs seek from Mr. Ellsworth is available elsewhere (and thus whether Mr. Ellsworth's deposition should proceed under the *Shelton* test), Mr. Ellsworth's counsel requested that Plaintiffs attach "a list of proposed deposition topics" to the Subpoena. (Ex. 3, 6/7/18 Letter.) Plaintiffs' counsel refused to do so, stating:

> This is not a Rule 30(b)(6) deposition, and we are not aware of any requirement that Plaintiffs provide a list of topics in advance of a Rule 45 deposition. . . . In any case, I can tell you now that we will limit Mr. Ellsworth's deposition to the claims and defenses at issue in this litigation, and will not focus on side issues or unrelated matters.

---

the defendant only sought information from Mr. Fritsch in his capacity as managing director (not in-house counsel), meaning the *Shelton* test did not trigger. *Id.* Here, Mr. Ellsworth's *sole role* in the 2011 redistricting process was legal, making *Shelton* applicable.

10

(Ex. 5, 6/14/18 Letter, p. 2.)   This response misses the point of the *Shelton* test's requirement that Plaintiffs establish that there are "no other means" to obtain the information.   Likewise, the statement that the deposition will be limited to the claims and defenses at issue in the case does not carry Plaintiffs' burden of establishing that there are "no other means" to obtain the information.

Regardless, the burden rests on Plaintiffs.   It is not Mr. Ellsworth's responsibility to point to alternative sources of information.   That is, it is not Mr. Ellsworth's burden to establish that the information that Plaintiffs seek is available through other means.   Instead, under the *Shelton* test, Plaintiffs must demonstrate that the only way they can obtain the information they seek is through Mr. Ellsworth's deposition.   Here, Plaintiffs cannot do so, and therefore Plaintiffs fail to meet the first prong of the *Shelton* test.

> ## 2. Plaintiffs cannot demonstrate that Mr. Ellsworth possesses non-privileged information

Mr. Ellsworth's involvement in the 2011 redistricting process was limited to providing legal advice. (*See* Ex. 1, Ellsworth Aff., at ¶¶ 3-5.)   Thus, the communications between Mr. Ellsworth and those involved in the 2011 redistricting process—communications made for the purpose of obtaining / providing legal advice as to the legal validity of the maps (*see id.*)—are protected by the attorney-

client privilege.[7] *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). Therefore, because Plaintiffs cannot demonstrate that Mr. Ellsworth possesses non-privileged information (*i.e.*, information obtained *not* for the purpose of providing advice as to the legal validity of the maps), Plaintiffs cannot meet the second prong of the *Shelton* test.

### C.    Depositions Of Opposing Counsel In Redistricting Litigation Are Disfavored

Research uncovered just four cases in which courts have addressed the propriety of deposing opposing counsel in the context of redistricting litigation. Three of the four cases prohibited the deposition of opposing counsel for various reasons, including that the information sought through the deposition was privileged or could be obtained through other means, and one of those cases applied the *Shelton* test. *See Hall v. Louisiana*, No. 12-657, 2014 WL 1652791, at *3-5 (M.D. La. Apr. 23, 2014) (finding that plaintiffs could not meet any *Shelton* test prong, and thus prohibiting the deposition of opposing counsel); *Theriot v. Parish of Jefferson*, No.

---

[7] To the extent that the attorney-client privilege does not protect underlying facts, such facts are discoverable from those who provided them to Mr. Ellsworth, who can be deposed "without fear of violating a privilege." *Gazvoda*, 2018 WL 1281756, at *7.

95-2453, 1996 WL 586386, at *2 (E.D. La. Oct. 9, 1996), *aff'd*, 185 F.3d 477 (5th Cir. 1999) (prohibiting the deposition of opposing counsel because the information sought was available through other means), *Pope v. Cnty. of Albany*, No. 11-CV-736, 2012 WL 12871181, at *5-9 (N.D.N.Y. July 31, 2012) (prohibiting the deposition of opposing counsel due to work-product and privilege concerns).

In the lone case in which a court held that opposing counsel must testify—*Pope v. County of Albany*, 1:11-cv-0736, 2014 WL 12526272, at *1-2 (N.D.N.Y. Nov. 18, 2014)—the court so held only because it found that opposing counsel's testimony was "necessary." *Id.* at *2. In particular, the court determined that opposing counsel had engaged in non-privileged "communications to the public at and outside of public hearings," and was "uniquely competent to testify as to his [own] statements at public hearings." *Id.* But the court limited the topics of opposing counsel's testimony to the public communications only. *Id.*

These cases demonstrate that courts apply the same analysis to depositions of opposing counsel in the redistricting context as they apply in any other contexts. In any event, in order to depose Mr. Ellsworth, Plaintiffs must show that his testimony is both necessary (*i.e.*, cannot be obtained through other means) and non-privileged. As discussed above, Plaintiffs cannot do so, and therefore, Mr. Ellsworth's deposition should be precluded and the Subpoena should be quashed.

## IV.   CONCLUSION

Because Plaintiffs cannot meet the *Shelton* test applicable to depositions of opposing counsel, Mr. Ellsworth respectfully requests that this Honorable Court:

(i)     Enter an Order quashing the Subpoena that Plaintiffs issued to Mr. Ellsworth; and/or

(ii)    Enter a Protective Order preventing Mr. Ellsworth's deposition from proceeding.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Michael G. Vartanian*
Michael G. Vartanian (P23024)
K. Scott Hamilton (P44095)
*Attorneys   for   Non-Party   Subpoena
    Recipient*
350 S. Main St., Ste. 300
Ann Arbor, MI 48104
(734) 623-1690
mvartanian@dickinsonwright.com
khamilton@dickinsonwright.com

Dated: June 28, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

/s/ *Michael G. Vartanian* (P23024)

LANSING 56620-2 534190v5