# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA and RASHIDA H. TLAIB,<br><br>        Plaintiffs,<br><br>v.<br><br>RUTH JOHNSON, in her official Capacity as Michigan Secretary of State,<br><br>        Defendant. | No. 2:17-cv-14148<br><br>Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist<br><br>**PLAINTIFFS'**<br>**MOTION FOR CONTEMPT** |

Joseph H. Yeager, Jr. (IN 2083-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

*Counsel for Plaintiffs*

## **Plaintiffs' Motion for Contempt**

Plaintiffs League of Women Voters of Michigan; Roger J. Brdak; Frederick C. Durhal, Jr.; Jack E. Ellis; Donna E. Farris; William "Bill" J. Grasha; Rosa L. Holliday; Diana L. Ketola; Jon "Jack" G. LaSalle; Richard "Dick" W. Long; Lorenzo Rivera; and Rashida H. Tlaib (together, "Plaintiffs"), by and through their attorneys, Goodman Acker P.C. and Faegre Baker Daniels LLP, respectfully move this Court for entry of an order of civil contempt, pursuant to Fed. R. Civ. P. 45(g), against the Legislative Bodies and Legislative Personnel, as those terms are used in the accompanying Brief in Support.

In support of this Motion, Plaintiffs rely on the facts, law, and argument set forth in the accompanying Brief in Support.

Pursuant to Fed. R. Civ. P. 26(c)(1) and E.D. Mich. L.R. 7.1(a), on June 28, 2018, counsel for Plaintiffs conferred in good faith with counsel for the Legislative Bodies and Legislative Personnel in an effort to resolve this dispute without Court action, but was unable to obtain concurrence to the relief sought herein, thus necessitating the filing of this Motion.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order:

(i) Finding the Legislative Bodies and Legislative Personnel to be in civil contempt if they have not completed production of all documents that this Court previously ordered them to produce, by Friday, July 6; and

(ii) Granting all other appropriate relief.

Respectfully submitted,

Date:  June 29, 2018                         */s/ Joseph H. Yeager, Jr.*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that on June 29, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Joseph H. Yeager, Jr.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS ) <br> OF MICHIGAN, ROGER J. BRDAK,) <br> FREDERICK C. DURHAL, JR., ) <br> JACK E. ELLIS, DONNA E. ) <br> FARRIS, WILLIAM "BILL" J. ) <br> GRASHA, ROSA L. HOLLIDAY, ) <br> DIANA L. KETOLA, JON "JACK" ) <br> G. LASALLE, RICHARD "DICK" ) <br> W. LONG, LORENZO RIVERA, ) <br> and RASHIDA H. TLAIB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RUTH JOHNSON, in her official ) <br> Capacity as Michigan ) <br> Secretary of State, ) <br> ) <br> Defendant. ) | No. 2:17-cv-14148 <br><br> Hon. Eric L. Clay <br> Hon. Denise Page Hood <br> Hon. Gordon J. Quist <br><br> **PLAINTIFFS' BRIEF IN** <br> **SUPPORT OF MOTION** <br> **FOR CONTEMPT** |

Joseph H. Yeager, Jr. (IN 2083-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

*Counsel for Plaintiffs*

**Table of Contents**

|   | Page |
|---|---|
| BACKGROUND | 1 |
| ARGUMENT | 4 |
| CONCLUSION | 6 |

US.118629591.01

## Table of Authorities

**Page(s)**

**FEDERAL CASES**

*Faison v. State Farm Fire and Cas. Co.*,
  No. 13-cv-15014, 2015 WL 4274882 (E.D. Mich. June 18, 2015) ...................... 4

*M&C Corp. v. Erwin Behr GmbH & Co.*,
  289 F. App'x 927 (6th Cir. 2008) ..................................................................... 4

*U.S. v. Conces*,
  507 F.3d 1028 (6th Cir. 2007) .......................................................................... 4

*U.S. v. Rylander*,
  460 U.S. 752 (1983) .......................................................................................... 4

*Wells Fargo Bank, N.A. v. MPC Investors, LLC*,
  No. 09-CV-11249, 2010 WL 3488669 (E.D. Mich. Aug. 9, 2010) ..................... 4

**RULES**

Federal Rule of Civil Procedure 45(g) .................................................................. 4

## **Issue Presented**

Should this Court find the Legislative Bodies and Legislative Personnel (as each term is defined below) to be in civil contempt if, after July 6, 2018, they have not produced all documents responsive to the subpoenas issued to them, pursuant to this Court's May 23, 2018 Order (ECF No. 58)?

## **Controlling or Most Appropriate Authorities**

*Faison v. State Farm Fire and Cas. Co.*, No. 13-cv-15014, 2015 WL 4274882
(E.D. Mich. June 18, 2015)

*Wells Fargo Bank, N.A. v. MPC Investors, LLC*, No. 09-CV-11249, 2010 WL 3488669
(E.D. Mich. Aug. 9, 2010)

## BACKGROUND

On February 21, 2018 Plaintiffs served non-party legislative bodies (the "Legislative Bodies"),[1] officials, and staff (the "Legislative Personnel")[2] with subpoenas to produce documents. The Legislative Personnel filed a motion to quash the subpoenas on March 8, 2018 (ECF No. 27), and the Legislative Bodies filed a similar motion to quash on March 30, 2018 (ECF No. 46). While those motions were pending, the Court issued a Case Management Order setting August 24, 2018, as the cutoff for fact discovery. (ECF No. 53.)

The motions to quash were granted in part and denied in part on May 23, 2018. (ECF No. 58). Specifically, the Court ordered the Legislative Bodies and Legislative Personnel to:

---

[1] The non-party Legislative Bodies are groups of Legislators and legislative staff members that are affiliated with the Michigan Senate and House of Representatives: Michigan House Business Office, Michigan Senate Business Office, Michigan Senate Republican Caucus, Michigan Senate Republican Communications Office, Michigan Senate Republican Policy Office, Michigan House Republican Caucus, Michigan House Republican Communications Office, Michigan House Republican Policy Office, Clerk of the Michigan House, and Secretary of the Michigan Senate.

[2] The Legislative Personnel are composed of three groups: (1) *Legislators*: Senator Dave Hildenbrand, Senator Joe Hune, Senator Rick Jones, Senator Jim Marleau, Senator John Proos, Senator Randy Richardville, Representative Jase Bolger, Representative Marty Knollenberg (now a Senator), Representative Pete Lund, Representative Ed McBroom, Representative Rick Outman, and Representative Al Pscholka; (2) *Legislative Staff*: William Carney, Jeff Cobb (now Secretary of the Senate), Scott Jones, James Kinsey, Terry Marquardt, Brian Began, Ralph Fiebig, J. Lohrstorfer, Daniel McMaster, Gary Randall (now Clerk of the House), and Sharon Tyler; and (3) *Legislative Attorneys*: Shelly Edgerton and Frederick Hall.

1. "disclose any of the requested documents or communications created after the 2012 Michigan Redistricting Legislation's date of enactment,"

2. "produce any of the requested documents or communications pertaining to the 2012 Michigan Redistricting process shared with, or received from, any individual or organization outside the employ of the individual legislators or standing committees of the Michigan Legislature,"

3. disclose "[a]ll documents or communications reflecting strictly factual materials and information available to lawmakers at the time the legislation was enacted—irrespective of the source,"

4. produce "[a]ll documents or communications produced by committee, technical, or professional staff for the legislators, excluding the personal staff of legislators, that reflect opinions, recommendations, or advice,"

5. disclose all Michigan Redistricting Plans and "proposed redistricting plans developed during the 2012 Michigan Redistricting process,"

6. disclose "documents or communications produced by legislators or their immediate aides before the redistricting legislation was enacted" to the extent "that any such document pertains to, or reveals an intent to or awareness of:  discrimination against voters on the basis of their known or estimated political party, sorting of voters according to their known or estimated political party affiliation, the impact of redistricting upon the ability of voters to elect a candidate of their choice, or the impact of redistricting upon the representation of a political party in Congress or the state legislature," and

7. produce a privilege log regarding any information withheld on the basis of any privilege, including legislative privilege.

(*Id.* at 16-19.)

On May 25, 2018, Mark Brewer, counsel for Plaintiffs, and Jason Hanselman, counsel for the Legislative Personnel and Legislative Bodies, discussed the Legislative Personnel and Legislative Bodies' collection and production of documents.  On May 29, 2018, Matthew Harris, counsel for Plaintiffs, emailed Hanselman requesting an

2

update on the status of the collection. (Exhibit A, Brewer Aff.; Exhibit B.) On May 30, 2018—three months after the subpoenas issued—Hanselman responded that his e-discovery team had only just begun preparing to review requested documents and was still in the process of creating search terms to search electronic files. (Exhibit A, Brewer Aff; Exhibit B.) Later that same day, Hanselman emailed Harris with a list of proposed search terms. (Ex. A, Brewer Aff.; Exhibit C.) On June 4, 2018, Harris responded with an alternative list of proposed search terms, noted that the list should not be the exclusive method of searching for responsive documents, and asked Hanselman to immediately produce those documents that had already been collected or could easily be collected. (Ex. A, Brewer Aff.; Exhibit C.)

On June 4, 2018, Hanselman again emailed Harris, asking how he should identify custodians to search from his own clients and whether any temporal limitations could be used in searching. (Ex. A, Brewer Aff.; Exhibit C.) Harris responded on June 5 that Plaintiffs did not have sufficient information to suggest any limitation on custodians, noting that Hanselman's clients had that information, and agreed to limit production of documents temporally to those created after January 1, 2009. (Ex. A, Brewer Aff.; Exhibit C.)

Plaintiffs have engaged in meet-and-confer communications with counsel for the Legislative Bodies and Legislative Personnel. On June 28, 2018, attorney Mark Brewer spoke with Hanselman's colleague, Gary Gordon, regarding his clients' collection efforts. Gordon told Brewer that the Legislative Bodies and Legislative

3

Personnel had collected electronic documents that the collection of paper records was "ongoing," and that the Legislative Bodies and Legislative Personnel would begin production of documents "next week." Gordon would not, however, commit to a date certain by which document production would begin, or by which it would be complete.

Four months have passed since the Legislative Bodies and Legislative Personnel were served with subpoenas. One month has passed since this Court ordered them to produce responsive documents. They have produced nothing in response to the subpoenas. (Ex. A, Brewer Aff.) The discovery cutoff is now less than two months away.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45(g), failure to obey a subpoena or an order related to it, "without adequate excuse," is conduct punishable by contempt. The party "seeking contempt must demonstrate by clear and convincing evidence that the individual 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Faison v. State Farm Fire and Cas. Co.*, No. 13-cv-15014, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015) (citing *M&C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008)). The burden then "shifts to the individual charged with contempt to make a categorical and detailed

4

US.118629591.01

showing that compliance is impossible." *Id.* (citing *U.S. v. Rylander*, 460 U.S. 752, 757 (1983) and *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007)).

This Court routinely holds subpoenaed parties in contempt for failing to comply with properly issued subpoenas and court orders related thereto. *See, e.g., Faison*, 2015 WL 4274882, at *3 (recommending subpoenaed party be held in contempt for failing to appear at deposition); *Wells Fargo Bank, N.A. v. MPC Investors, LLC*, No. 09-CV-11249, 2010 WL 3488669, at *2 (E.D. Mich. Aug. 9, 2010) (recommending party be held in contempt for failing to appear at court-ordered inspection of safety deposit box).

While we appreciate attorney Gordon's representation that document production would begin "next week," the discovery requested by the subpoenas is critical to this litigation and long overdue. As the Court noted in its Order concerning the motions to quash, "[g]iven that intent is a critical element of Plaintiffs' claims," the Legislative Bodies and Legislative Personnel should be required to produce the bulk of the subpoenaed documents. (ECF No. 58, at 12.) Time is of the essence; the discovery deadline is now less than two months away, and the Legislative Bodies and Legislative Personnel's delay in producing any documents already is prejudicing Plaintiffs' ability to conduct the discovery they need to prosecute this case, including by requiring Plaintiffs to postpone necessary depositions. (Ex. A, Brewer Aff.)

The Legislative Bodies' and Legislative Personnel's refusal to commit to dates certain by which production would begin and end unfortunately necessitates this

5

motion. Attorney Gordon represented that production would begin "next week." "Next week" ends July 6, 2018. If production is completed by 5:00 p.m. on July 6, Plaintiffs will withdraw this motion.

## CONCLUSION

For the reasons outlined above, the Legislative Bodies and Legislative Personnel have not complied with the subpoenas and this Court's May 23, 2018, Order. They should be found to be in civil contempt if, after 5:00 p.m. on July 6, 2018, they have not completed production of all documents that this Court previously ordered them to produce.

Date: June 29, 2018            */s/ Joseph H. Yeager, Jr.*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Plaintiffs*

6

## Certificate of Service

I hereby certify that on June 29, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Joseph H. Yeager, Jr.*