# UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA and RASHIDA H. TLAIB, | Case No. 2:17-cv-14148<br><br>Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist |
| Plaintiffs, | |
| v. | **<u>NON-PARTY MICHIGAN REDISTRICTING RESOURCE INSTITUTE'S MOTION TO QUASH SUBPOENA AND/ OR FOR PROTECTIVE ORDER</u>** |
| RUTH JOHNSON, in her official Capacity as Michigan Secretary of State, | |
| Defendant. | |

| | |
|---|---|
| Mark Brewer (P35661)<br>Counsel for Plaintiff<br>GOODMAN ACKER P.C.<br>17000 West Ten Mile, Second Floor<br>Southfield, MI 48075<br>Telephone: 248-483-5000<br>Fax: 248-483-3131<br>MBrewer@goodmanacker.com | Peter Ellsworth (P23657)<br>Robert P. Young, Jr. (P28789)<br>Ryan M. Shannon (P74535)<br>Counsel for Defendant Ruth Johnson<br>DICKINSON WRIGHT, PLLC<br>215 S. Washington Square<br>Suite 200<br>Lansing, MI 48933<br>517-371-1730 |
| Jeffrey P. Justman<br>Counsel for Plaintiff<br>FAEGRE BAKER DANIELS LLP<br>90 S. Seventh Street, Suite 2200<br>Wells Fargo Center<br>Minneapolis, MN 55402<br>612-766-7000<br>Jeff.justman@faegrebd.com | pellsworth@dickinsonwright.com<br>ryoung@dickinsonwright.com<br>rshannon@dickinsonwright.com<br><br>Gary P. Gordon (P26290)<br>Jason T. Hanselman (P61813)<br>Counsel for Non-Party Movants<br>DYKEMA GOSSETT PLLC<br>201 Townsend Street, Suite 900 |
| Joseph H. Yeager, Jr.<br>Harmony A. Mappes<br>Counsel for Plaintiff<br>FAEGRE BAKER DANIELS LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Fax: 317-237-1000<br>Jay.Yeager@FaegreBD.com<br>Harmony.Mappes@FaegreBD.com | Lansing, MI  48933<br>Telephone:  (517) 374-9100<br>ggordon@dykema.com<br>jhanselman@dykema.com |

## NON-PARTY MICHIGAN REDISTRICTING RESOURCE INSTITUTE'S MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER

Non-party Michigan Redistricting Resource Institute ("MRRI") by and through their undersigned counsel, moves to quash the Subpoena *duces tecum* served upon it to the extent that it requests attorney-client and attorney work-product privileged information. Alternatively, MRRI requests that a Protective

2

Order be issued precluding discovery of privileged information and states as follows:

Plaintiffs' Counsel issued a *Subpoena duces tecum* (the "Subpoena," attached as Exhibit A to the Brief) on non-party MRRI seeking production of certain documents relating to the Michigan Senate and House of Representatives' introduction, consideration, or passage of Michigan's current apportionment plan, constituting three redistricting maps derived from the passage of Michigan Senate Bill 498 (2011) and Michigan House Bill 4780 (2011) (the "Legislation").

MRRI has no staff or members but was formed, in part, to assist in funding efforts to develop fair and legal redistricting plans for the Michigan legislature and for Michigan's congressional districts. Plaintiffs' counsel served the identical form based *Subpoena deuces tecum* on various other non-parties as well as MRRI without regard to whether there is a reasonable, or any, likelihood that the requested documents exist or are possessed by the non-parties. The Subpoenas are an unadulterated "fishing" expedition. With regard to MRRI, the only documents in its possession are privileged invoices received from law firms retained to provide legal advice to the House and Senate Republican caucuses and expert consultants, on information and belief, who were retained the law firms to consult with regarding issues related to redistricting. The invoices include detailed

3

explanations of the services performed. Such detail exposes legal strategy, services performed, and other confidential and privileged information.

The attorney-client and attorney work privilege exceptions preclude providing the detailed information other than the amount of the invoices and the payee.

Pursuant to Local Rule 7.1, counsel for the Legislative Bodies sought Plaintiffs' counsel's concurrence in the relief requested. Plaintiffs' did not grant such concurrence.

WHEREFORE, pursuant to Fed. R. Civ. P. Rule 45(d)(3) and for the reasons set forth more fully in the accompanying brief, MRRI requests that the Court enter an order quashing the Subpoenas to the extent that they request privileged information protected by attorney-client and/or attorney work product privileges and, enter a protective order precluding inquiry by Plaintiffs into the privileged information.

Respectfully submitted,

Date: July 25, 2018

By: */s/ Gary P. Gordon*
 Gary P. Gordon (P26290)
 Jason T. Hanselman (P61813)
 DYKEMA GOSSETT PLLC
 Counsel for Non-Party Movants
 201 Townsend Street, Suite 900
 Lansing, MI 48933
 Telephone: (517) 374-9100
 ggordon@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

                                         */s/ Gary P. Gordon*
                                         Gary P. Gordon (P26290)
                                         Counsel for Non-Party Movants
                                         DYKEMA GOSSETT PLLC
                                         201 Townsend Street, Suite 900
                                         Lansing, MI  48933
                                         Telephone:  (517) 374-9100
                                         Facsimile:  (517) 374-9191
                                         ggordon@dykema.com

4847-0485-6174.3
900500\005007

**UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA and RASHIDA H. TLAIB, | Case No. 2:17-cv-14148<br><br>Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist |
| Plaintiffs,<br>v.<br><br>RUTH JOHNSON, in her official Capacity as Michigan Secretary of State,<br><br>Defendant. | **NON-PARTY MICHIGAN REDISTRICTING RESOURCE INSTITUTE'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER** |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

| | |
|---|---|
| Mark Brewer (P35661)<br>Counsel for Plaintiff<br>GOODMAN ACKER P.C.<br>17000 West Ten Mile, Second Floor<br>Southfield, MI 48075<br>Telephone: 248-483-5000<br>Fax: 248-483-3131<br>MBrewer@goodmanacker.com | Peter Ellsworth (P23657)<br>Robert P. Young, Jr. (P28789)<br>Ryan M. Shannon (P74535)<br>Counsel for Defendant Ruth Johnson<br>DICKINSON WRIGHT, PLLC<br>215 S. Washington Square, Suite 200<br>Lansing, MI 48933<br>517-371-1730<br>pellsworth@dickinsonwright.com<br>ryoung@dickinsonwright.com<br>rshannon@dickinsonwright.com |
| Jeffrey P. Justman<br>Counsel for Plaintiff<br>FAEGRE BAKER DANIELS LLP<br>90 S. Seventh Street, Suite 2200<br>Wells Fargo Center<br>Minneapolis, MN 55402<br>612-766-7000<br>Jeff.justman@faegrebd.com | Gary P. Gordon (P26290)<br>Jason T. Hanselman (P61813)<br>Counsel for Non-Party Movant<br>Michigan Redistricting Resource Institute<br>DYKEMA GOSSETT PLLC<br>201 Townsend Street, Suite 900<br>Lansing, MI 48933<br>Telephone: (517) 374-9100<br>ggordon@dykema.com<br>jhanselman@dykema.com |
| Joseph H. Yeager, Jr.<br>Harmony A. Mappes<br>Counsel for Plaintiff<br>FAEGRE BAKER DANIELS LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Jay.Yeager@FaegreBD.com<br>Harmony.Mappes@FaegreBD.com | |

## NON-PARTY MICHIGAN REDISTRICTING RESOURCE INSTITUTE'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................iv

ISSUES PRESENTED..............................................................................................v

CONTROLLING AUTHORITY .............................................................................vi

INTRODUCTION ....................................................................................................1

ARGUMENT ............................................................................................................3

    THE SUBPOENAS SEEK INFORMATION THAT IS PROTECTED FROM DISCLOSURE BY ATTORNEY-CLIENT AND/OR ATTORNEY WORK-PRODUCT PRIVILEGES ................................................................3

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

iii

# **TABLE OF AUTHORITIES**

**CASES**

*360 Constr. Co. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347 (E.D. Mich. 2012) .................................................................................................4

*Baker v. David A. Dorfman, P.L.L.C.*, 2001 U.S. Dist. LEXIS 378 (S.D.N.Y. 2001) ..............................................................................................2, 5

*Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992) ........................5

*Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211 (6th Cir. 1985)......4

*Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.*, 2007 U.S. Dist. LEXIS 90078 (E.D. Mich. 2007) ...................................................................2, 4

*Michigan v. United States*, Order, No. 1:11-cv-01938 (D.D.C. Feb. 28, 2012)........1

*Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1999)..............................................................6

*Riker v. Distillery*, 2009 U.S. Dist. LEXIS 75508 (E.D. Cal. 2009) .........................5

**RULES**

Fed. R. Civ. P. 26(b)(2)(C) ........................................................................................3

Fed. R. Civ. P. 45 .......................................................................................................3

Fed. R. Civ. P. 45(d)(3)(A) ........................................................................................3

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

## **ISSUES PRESENTED**

1. Whether a non-party's detailed billing records from counsel and retained experts that disclose tasks performed, legal strategy and other protected matters are precluded from disclosure by attorney-client and/or attorney work-product privileges?

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

## **CONTROLLING AUTHORITY**

*360 Constr. Co. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 353 (E.D. Mich. 2012)

*Baker v. David A. Dorfman, P.L.L.C.*, 2001 U.S. Dist. LEXIS 378, *5 (S.D.N.Y. 2001)

*Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.*, 2007 U.S. Dist. LEXIS 90078, *9–10 (E.D. Mich. 2007)

Fed. R. Civ. P. 45(d)(3)(A)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

vi

# **INTRODUCTION**

Although a three-judge panel "precleared" Michigan's 2012 Redistricting Plan,[1] finding that Michigan's redistricting plans "neither have the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, and otherwise satisfy the requirements of Section 5 of the Voting Rights Act," Plaintiffs ask this Court for a "do-over" to challenge Michigan's 2012 Redistricting Plans under the First and Fourteenth Amendments to the United States Constitution.

To support their claims, Plaintiffs have chosen to subpoena virtually every person who may have had any involvement in the introduction, consideration, or passage of the redistricting Legislation, as well as committees and other groupings of Legislators and staff. From nearly 100 non-parties, Plaintiffs have requested nearly every document that mentions the word "redistricting." Now Plaintiffs have filed the identical Subpoena directed to the accountant, keeper of the records, and registered agent of the Michigan Redistricting Resource Institute ("MRRI") even though there is no allegation that the MRRI had anything to do with the questioned redistricting plans other than paying certain vendors—mostly law firms who

---

[1] *See Michigan v. United States*, Order, No. 1:11-cv-01938 (D.D.C. Feb. 28, 2012) (ECF No. 14).

1

provided legal advice and research relating to redistricting. (Attached as **Exhibit A**.)

The billing records contain attorney-client and attorney work-product information that are excluded from production. Therefore, MRRI has filed Objections to the Subpoena, but has also provided the billing records with the name of the vendors, the date of the invoice, the hourly rates of counsel and the amounts billed. The specific detailed narratives disclosing the detail of attorney tasks have been redacted. (**Exhibit B**.) MRRI therefore asks the Subpoena be quashed because it seeks privileged information or, alternatively, for the Court to issue a Protective Order precluding production of detailed narrative records of counsel and the retained experts—especially when they have absolutely no bearing and lack any relevance to the issues pending in this matter.

The redacted narratives are descriptions of services provided and confidential client information. *Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.*, 2007 U.S. Dist. LEXIS 90078, *9–10 (E.D. Mich. 2007). (The attorney-client privilege protects billing narratives to the extent they contain "confidential client information" or descriptions of services rendered."). Accord; *Baker v. David A. Dorfman, P.L.L.C.*, 2001 U.S. Dist. LEXIS 378, *5 (S.D.N.Y. 2001) ("The attorney-client privilege protects confidential client information that is contained in legal bills, but fee statements that do not contain 'detailed accounts of

2

the legal services rendered' are not protected from disclosure."). These cases are on "all fours" with the instant matter. The Subpoena should be quashed to the extent it seeks privileged information or a Protective Order should be issued precluding Plaintiffs from seeking protected information.

## ARGUMENT

## THE SUBPOENAS SEEK INFORMATION THAT IS PROTECTED FROM DISCLOSURE BY ATTORNEY-CLIENT AND/OR ATTORNEY WORK-PRODUCT PRIVILEGES

Rule 45 of the Federal Rules of Civil Procedure *requires* a district court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). In addition to the requirements under Rule 45, Fed. R. Civ. P. 26(b)(2)(C) grants the Court discretion to limit discovery as it deems appropriate.

The scope of Plaintiffs' Subpoena is broad and extreme regarding the documents it seeks. Much of the information sought is irrelevant and certainly not designed to lead to the discovery of relevant information. As noted in MRRI's Objections and Response to the Subpoena, however, the only documents in its possession are billing records from law firms and from expert consultants working with the law firms. (See also, **Exhibit C**, Declaration of David Doyle). They include detailed narratives as to tasks performed, which by their very nature disclose attorney-client privileged information, and which also disclose the

3

attorneys' work-product. By reviewing the detailed billings containing records of communications, research topics, proposed motions drafted, memos prepared, and topics discussed it is possible, and in fact probable, that privileged communications, legal theories and legal strategies will be discerned. Case law in the US District Courts in Michigan and elsewhere preclude discovery of this kind of information and specifically precludes the disclosure of counsel's detailed billing narratives.

In *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985), the Sixth Circuit stated that, generally, attorney fees are discoverable. However, it did not discuss whether the bill's narrative portion was also discoverable. That specific question was discussed in *360 Constr. Co. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 353 (E.D. Mich. 2012), and *Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.*, 2007 U.S. Dist. LEXIS 90078, *9–10 (E.D. Mich. 2007). There, Judge Lawson and Magistrate Judge Whalen held that the attorney-client privilege protects billing narratives to the extent that they contain "confidential client information" or "descriptions of services rendered."

The rule across most jurisdictions is that naked, unsupported invoices—e.g., "Client owes Attorney $5,000 for 15 hours of legal work"—are not protected. If, however, the bill includes more specifics—e.g., "Client owes Attorney $5,000 for 15 hours of research regarding whether under XYZ statute Client could open a

liquor store at 123 Main St."—it is protected by the attorney-client privilege. *See, e.g.*, *Riker v. Distillery*, 2009 U.S. Dist. LEXIS 75508, *2–3, (E.D. Cal. 2009) ("[D]efense counsel's hours and hourly rates were not information protected either by work-product doctrine or attorney-client privilege, but defense counsel's statement of fees and billing printouts were not discoverable by employee, as documents would necessarily reveal nature of legal services provided."); *Baker v. David A. Dorfman, P.L.L.C.*, 2001 U.S. Dist. LEXIS 378, *5 (S.D.N.Y. 2001) ("The attorney-client privilege protects confidential client information that is contained in legal bills, but fee statements that do not contain 'detailed accounts of the legal services rendered' are not protected from disclosure.").

The Ninth Circuit has also recognized the privilege regarding counsel's billing records:

> The identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.

*Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (citations omitted).

MRRI recognizes that this Court denied the Legislative Personnel's request that the identical Subpoena be quashed because the Court found that adequate

5

argument was not presented to support the attorney-client privilege. (Doc. # 58; Pg.Id. 999-1000). But this Motion is different.

Here, the case law recognizes the existence of the privilege as a general rule regarding counsel's billing records and not as an examination of the privilege as applied to each and every document. In denying the Legislative Personnel's Motion to Quash, this Court cited to *Reed v. Baxter*, 134 F.3d 351-56 (6th Cir. 1999) which addressed the privilege claimed due to communications from the client to the attorney. The instant claim concerns privileged communications from the attorney to his client. The cases relied upon by this Court in rejecting the Legislative Personnel's motion are not applicable to this Motion.

Additionally, without waiving Objections, MRRI provided each invoice with the total amount billed, the date of the invoice, the hours expended by each attorney and their hourly billing rates. Even amounts of disbursements were provided. The only information that was redacted was the narrative disclosing the specific legal tasks, research, memoranda, and other information disclosing privileged information. This clearly complies with case law—in this District and elsewhere. Accordingly, the Subpoena should be quashed to the extent it seeks protected information, or alternatively, a Protective Order precluding Plaintiffs from seeking privileged information should be issued

6

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DYKEMA GOSSETT PLLC |
| Date: July 25, 2018 | By: */s/ Gary P. Gordon* |
|  | Gary P. Gordon (P26290) |
|  | Jason T. Hanselman (P61813) |
|  | Counsel for Non-Party Movants |
|  | 201 Townsend Street, Suite 900 |
|  | Lansing, MI 48933 |
|  | Telephone: (517) 374-9100 |
|  | ggordon@dykema.com |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

*/s/ Gary P. Gordon*
Gary P. Gordon (P26290)
Counsel for Non-Party Movants
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI  48933
Telephone:  (517) 374-9100
Facsimile:  (517) 374-9191
ggordon@dykema.com