# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| League of Women Voters of Michigan et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  17-cv-14148 |
| | ) |
| Ruth Johnson | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michigan Redistricting Resource Institute, c/o Mary Doster, Registered Agent, 2870 Dobie Rd, Mason, MI 48854
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Goodman Acker P.C.<br>17000 West Ten Mile, Second Floor<br>Southfield, MI  48075; MBrewer@goodmanacker.com | Date and Time:  No later than July 30, 2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 10, 2018

*DAVID J. WEAVER, CLERK OF COURT*

_____     OR    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* League of Women Voters of Michigan                            , who issues or requests this subpoena, are:

Joseph H. Yeager, Jr., Faegre Baker Daniels LLP, 300 N. Meridian Street, Ste. 300
Indianapolis, IN  46204, (317) 237-0300, Jay.Yeager@FaegreBD.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-14148

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
## SUBPOENA FOR DOCUMENTS

Plaintiffs League of Women Voters of Michigan, Roger J. Brdak, Frederick C. Durhal, Jr., Jack E. Ellis, Donna E. Farris, William "Bill" J. Grasha, Rosa L. Holliday, Diana L. Ketola, Jon "Jack" G. LaSalle, Richard "Dick" W. Long, Lorenzo Rivera, and Rashida H. Tlaib (collectively, "Plaintiffs") request the production of all of the following documents by Michigan Redistricting Resource Institute:

### DEFINITIONS AND INSTRUCTIONS

A. For each document withheld under claim of privilege, work-product doctrine, or relevancy, provide with respect to each document: (a) a description of the document, including the type of document, date of the document, number of pages, and the general nature of the document's contents; (b) the identity of the person who prepared the document; (c) the identity of each person who has read the document or to whom the document has been circulated; and (d) a statement of the grounds on which the claim of privilege or right to withhold is based.

B. Pursuant to Rule 34(A)(1) of the Federal Rules of Civil Procedure, this request applies to all documents that are in the possession, custody, or control of the party upon whom the request is served. The terms "possession," "custody," and "control" should be given their broadest possible scope consistent with the discovery rules contained in Rule 26(B) of the Federal Rules of Civil Procedure.

US.116527398.01

C. If any document described in this request at any time was, but no longer is, in your possession, custody, control, or is no longer in existence, furnish the following information: (a) whether it has been transferred, voluntarily or involuntarily, to others; or (b) whether it has been otherwise disposed of or destroyed; and (c) state all of your knowledge as to the circumstances of its loss, transfer, or destruction.

D. If you object or otherwise decline to answer any portion of a request, provide all documents requested by that portion of the request to which you do not object or otherwise decline to answer. If you object to a request on the ground that it is too broad, provide all information that you concede is relevant. If you object to a request on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking what you claim to be an undue burden. For those portions of a request to which you object or that you otherwise decline to respond, state the reason(s) for such objection or declination.

E. The terms "document" and "documents" are, unless otherwise indicated, synonymous and equal in scope to "documents or electronically stored information" as defined in Rule 34 of the Federal Rules of Civil Procedure. Any document bearing notations, marks, or writings of any kind different from the original shall be treated as an original document.

F. The terms "relate to" or "related to" mean in whole or in part constituting, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or in any way pertaining to.

G. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."

H. The terms "person" and "persons" include a natural person, individual, corporation, partnership, and any other business association or entity.

I. "Michigan Legislature" means the Michigan Senate and Michigan House of Representatives, including their constituent, subordinate, or otherwise related committees (including the Technical Redistricting Committee), party caucuses and groups, individual members, staff, consultants, or attorneys.

J. "Michigan Redistricting Plans" means, collectively, the current legislative and congressional redistricting plans (defined below as "Current Apportionment Plan"); and all legislative and congressional redistricting plans (including partial plans) for any Michigan legislative or congressional map that were drafted, proposed, discussed, or debated during the relevant time period.

K. "2012 Michigan Redistricting" means the entire process of redistricting Michigan's legislative and congressional maps for the 2012 – 2020 election cycle, and includes without limiting the generality of the foregoing

conception, negotiation, preparation, drafting, analysis, legislation and implementation of any one or more of the Michigan Redistricting Plans.

L. "Current Apportionment Plan" means the three legislative redistricting maps derived from the final passage of Michigan S.B. 498 and Michigan H.B. 4780.

M. "Expert Witness" means any expert whom you have retained for the purpose of testifying at the trial in this matter.

N. Unless otherwise defined, all words contained in these requests for production should be construed in accordance with their ordinary meaning or meanings in the English language.

## REQUESTS FOR PRODUCTION

1. All Michigan Redistricting Plans.
2. All documents constituting or reflecting communications related to the 2012 Michigan Redistricting.
3. All notes, summaries, reports, minutes, bills, amendments and other documents, formal or informal, referring or relating to the 2012 Michigan Redistricting.
4. All documents reflecting, referring to or relating to agreements with and/or payments to consultants and/or or counsel consulted or retained in connection with 2012 Michigan Redistricting.

5. All data consulted and all analyses, forecasts, scenarios and projections done in connection with the 2012 Michigan Redistricting.

6. All documents provided to or received from any expert that you will call as a witness in this matter.

7. All communications by and between you and any expert you will call as a witness in this matter.

8. All documents constituting or reflecting, in whole or in part, communications to or from the Republican State Leadership Committee (RSLC) or other national organizations (including their members and staff) relating in any way to the 2012 Michigan Redistricting or redistricting in general.

9. All documents from or to, or prepared or presented by Thomas Hofeller.

10. All PowerPoints or other similar outlines or presentations entitled "Redistricting 2010: Preparing for Success"; "Congressional Redistricting: Drawing Maps for the Next Five Elections"; REDMAP Political Report June 2010"; and "REDMAP Political Report July 2010."

11. All documents related or referring to "REDMAP".

Date: July 6, 2018                    /s/ Joseph H. Yeager, Jr.

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Plaintiffs*

6