# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA, and RASHIDA H. TLAIB,<br><br>    Plaintiffs,<br><br>  v.<br><br>RUTH JOHNSON, in her official Capacity as Michigan Secretary of State,<br><br>    Defendant. | No. 2:17-cv-14148<br><br>Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist<br><br>**VOTERS' AMENDED REQUEST FOR A RULING ON THEIR MOTION FOR CIVIL CONTEMPT** |

Joseph H. Yeager, Jr. (IN 2083-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

*Counsel for Plaintiffs*

## VOTERS' AMENDED REQUEST FOR A RULING ON THEIR MOTION FOR CIVIL CONTEMPT[1]

1. On June 29, 2018, Plaintiffs filed a denominated Motion for Contempt ("Motion"). (ECF 66.) The Motion sought relief against the "Legislative Bodies" and "Legislative Personnel," as those terms were defined in the Motion, for failure to respond to those parts of certain February 2, 2018 subpoenas ("Subpoenas") that the Court had refused to quash in its May 23, 2018 Order Granting in Part and Denying in Part Non-Party Movants' motions to Quash. (ECF 58.)

2. After Plaintiffs filed their Motion, the Legislative Bodies and Legislative Personnel produced certain documents and shared information on the status and volume of document collection and review.

3. Over the course of the following weeks, counsel for Plaintiffs and counsel for the Legislative Personnel and the Legislative Bodies discussed the production of documents under the Subpoenas.  On July 6, counsel for the Legislative Personnel and the Legislative Bodies reported having collected "nearly 300,000 electronic documents drawn from network and cloud sources," and that, "[i]n terms of our primary production, [they had] 4,000 standalone documents and 60,000 emails left to review[.]" (*See* Exhibit A, July 6, 2018 Gordon email to Kelley.)

4. Given these representations, on July 6, the Plaintiffs asked the Court to defer ruling on the motion for contempt so they could either reach an agreement on document

---

[1] On the morning of July 31, the date of this Request's initial filing, Voters received a small document production comprising 21 documents and 38 total pages. This production was not reflected in the summary of the status of production in Paragraph 6 of the initial filing. Voters have filed this Amended Request to correct that error. The totals listed in Paragraph 6 are accurate as of July 30, the day before the initial filing.

1

production or know that they were at an impasse requiring the Court's intervention. (ECF No. 68.)

5. The next week, counsel for the Legislative Bodies and Legislative Personnel reported that they had collected and were reviewing "hundreds of thousands of documents." (*See* Exhibit B, July 13, 2018 Gordon email to Kelley.) Counsel's email indicated extensive efforts were being made to review and produce this large volume of documents, including training up to "14 or 15" document reviewers, reviewing additional hard copy documents, and other efforts to address the Court's order on the motion to quash. (*See id.*)

6. Notwithstanding these representations, as of July 30, Plaintiffs had received just 511 documents from the Legislative Personnel and the Legislative Bodies bearing "House" Bates numbers, and 871 documents bearing "Senate" Bates numbers, along with miscellaneous materials (such as recordings of hearings). (*See* Decl. of D. Kelley, attached hereto as Exhibit C.)

7. On July 26, counsel for Plaintiffs asked for "a good-faith estimate as to when [the non-parties] might be finished with the review and we might receive all documents[,]" and asked to "receive rolling productions" in order to "help alleviate any timing pressure that might exist due to the tight deposition schedule and the impending close of discovery." (Exhibit D, July 26, 2018 Kelley email to Gordon.)

8. On July 30, counsel for non-parties and for Plaintiffs held a telephonic meet-and-confer, during which counsel for non-parties informed counsel for Plaintiffs that the 511 House documents and 871 Senate documents comprised the "bulk" of what the non-parties would produce, and that the majority of emails that would have been responsive no

2

longer existed. (Exhibit C, Decl. of D. Kelley.)

9. In the Plaintiffs' July 6 filing, in which they requested that the Court defer ruling on the motion for civil contempt, the Plaintiffs promised to report back on this matter to the Court, as soon as meaningful progress was made or impasse reached, and either withdraw the Motion or seek a ruling on the Motion. (ECF 68.)

10. Plaintiffs believe an impasse has been reached, and now request a ruling on the Motion. Specifically, Plaintiffs request that the Court order the Legislative Bodies and the Legislative Personnel to produce all documents responsive to the Court's order denying their motion to quash on or before **August 8, 2018**, and order the Legislative Personnel and the Legislative Bodies to produce a privilege log by that date. Finally, the Plaintiffs ask the Court to order the Legislative Bodies and the Legislative Personnel to certify, under oath, the steps they took to collect, review, and produce responsive documents, and to the extent that they believe responsive documents existed and can now no longer be located, the reason those documents no longer exist or cannot be located.

11. Plaintiffs requested that the Legislative Bodies and the Legislative Personnel concur in the relief requested in this filing. Counsel for the Legislative Personnel and the Legislative Bodies advised that their clients do not concur in the relief requested. (*See* Ex. E, July 31, 2018 Gordon email to Kelley.) In his email, counsel for the Legislative Bodies and Legislative Personnel did not commit to a date certain by which production would be complete. (*See id.*)

WHEREFORE, Plaintiffs respectfully request that the Court enter an order that:

3

(1) Requires the Legislative Bodies and the Legislative Personnel to complete all document production in response to the Subpoenas by **August 8, 2018**;

(2) Requires the Legislative Bodies and the Legislative Personnel to serve a complete privilege log by **August 8, 2018**;

(3) Requires the Legislative Bodies and the Legislative Personnel to certify, under oath, the steps they took to collect, review, and produce responsive documents, and to the extent that they believe responsive documents existed and can now no longer be located, the reason those documents no longer exist or cannot be located; and

(4) Grants all other appropriate relief.

Date:  August 1, 2018                                  */s/ Joseph H. Yeager, Jr.*

   Mark Brewer (P35661)
   GOODMAN ACKER P.C.
   17000 West Ten Mile, Second Floor
   Southfield, MI 48075
   Telephone: 248-483-5000
   Fax: 248-483-3131
   MBrewer@goodmanacker.com

   Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
   Harmony A. Mappes (IN Bar No. 27237-49)
   Jeffrey P. Justman (MN Bar No. 390413)
   FAEGRE BAKER DANIELS LLP
   300 North Meridian Street, Suite 2700
   Indianapolis, IN 46204
   Telephone: 317-237-0300
   Fax: 317-237-1000
   Jay.Yeager@FaegreBD.com
   Harmony.Mappes@FaegreBD.com
   Jeff.Justman@FaegreBD.com

   *Counsel for Plaintiffs*

## Certificate of Service

  I hereby certify that on August 1, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

            Respectfully submitted,

            */s/ Joseph H. Yeager, Jr.*