UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEAGUE OF WOMEN VOTERS )
OF MICHIGAN, et al., )
  )
  Plaintiffs, )
  )
v. )     No. 2:17-cv-14148
  )
RUTH JOHNSON, in her official )     ORDER
capacity as Michigan Secretary of )
State, )
  )
  Defendant. )
  )
_____ )


ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO COMPEL

Before the Court is Defendant Ruth Johnson's Motion to Compel Full and

Complete Discovery Responses [Dkt. No. 73], which Defendant filed on July 23,

2018.  Plaintiffs filed a response on July 31, 2018.  [Dkt. No. 81.]  In her motion,

Defendant asked this Court for an order compelling the production of (1) "full and

complete responses to Interrogatory No. 1," and (2) Document Request No. 4.

[Dkt. No. 73 at PageID #1391.]

Defendant asserts that Plaintiffs have not complied with Interrogatory No. 1

insofar as Plaintiffs have refused to "identify the districts they are challenging and

1

state the proofs they intend to present." [Dkt. No. 73 at PageID #1403.] Plaintiffs

have now provided the following response:

> [W]hile we are not in a position to begin dismissing district-by-district claims until we have seen subpoenaed documents and deposed legislative and other witnesses, here is a list of non-VRA districts as to which our investigation and discovery to date reveal district-specific evidence of gerrymandering:
>
> **Congress:** 1, 4-12
>
> **State Senate:** 7-15, 18, 22-24, 27, 29, 32, 36
>
> **State House:** 11, 12, 14, 16, 18-21, 24, 25, 30-32, 36, 39, 40, 43-45, 48-55, 57, 60, 62, 63, 65, 67-69, 75, 76, 80, 83, 87, 91, 92, 94-96, 98, 103, 105-107
>
> Though complete responses to contention-style discovery must await completion of discovery, we can at this point say that in general the district-by-district evidence demonstrating this gerrymandering will include what you already have from our experts, primarily Prof. Chen, documents already produced in discovery and transmitted to you, and testimony from witnesses on our preliminary disclosure as supplemented below. Like you we would prefer to be farther along in this process but we have yet to take depositions and as you may know the Republican legislators and legislative bodies have not yet made meaningful, let alone full, production on the subpoenas we served in February and as to which the Court in May ordered responses. We suggest the parties stipulate to an omnibus discovery supplementation date on which we would both supplement all discovery responses.

[Dkt. No. 81-9 at PageID #1981.]

The Court is persuaded that the above-quoted response may be sufficient at

this stage of the discovery process.    Interrogatory No. 1 is a contention

interrogatory and, as such, Plaintiffs' preliminary response is sufficient until

Plaintiffs obtain additional discovery materials. Given the expedited nature of discovery in this case, it is possible that Plaintiffs will not possess the information necessary to provide a complete response to Interrogatory No. 1 until the close of discovery.

Accordingly, the Court **ORDERS** that Plaintiff may produce a supplemental response to Interrogatory No. 1 on or before seven (7) days following the close of discovery. The Court further **ORDERS** that the parties shall meet and confer to determine whether any additional discovery requests warrant supplementation following the close of discovery, and any such supplemental materials shall also be produced on or before seven (7) days following the close of discovery. The Court further **ORDERS** that the parties shall submit to the Court a joint status report on discovery no later than August 27, 2018, at 5:00 p.m.

Separately, Plaintiffs concur in Defendant's request for an order compelling Plaintiffs to produce the information described in Defendant's Document Request No. 4. [Dkt. No. 81 at PageID #1833 ("[Plaintiffs] Will Produce Professor Chen's Final Source Code If It Exists"), 1834 (requesting that the Court "order the production of Dr. Chen's Final Java Code, if that code exists).] The Court therefore **ORDERS** Plaintiffs to immediately produce the information described in Defendant's Document Request No. 4, to the extent that such information exists.

**IT IS SO ORDERED.**

ENTERED: August 17, 2018


_____Eric L. Clay_____
Signed for and on behalf of the panel:

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE GORDON J. QUIST
United States District Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2018, by electronic and/or ordinary mail.


S/Diane R. Marion_____
Administrative Manager