# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | ) ) ) | Case No. 2:17-cv-14148 |
| Plaintiffs, | ) ) ) ) | Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist |
| v. | ) ) ) | **VOTERS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LACHES** |
| RUTH JOHNSON, in her official Capacity as Michigan Secretary of State, et al., | ) ) ) ) | |
| Defendants. | ) | |

Joseph H. Yeager, Jr. (IN-2083-49)
Kevin M. Toner (IN 11343-49)
Harmony A. Mappes (IN 2737-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@goodmanacker.com

*Counsel for Voters*

## Voters' Motion for Partial Summary Judgment on Laches

Secretary Johnson and the Congressional Intervenor defendants have all alleged "the doctrine of laches" as an affirmative defense. Partial summary judgment should be entered in favor of the Voters because the defense is not available to any of the defendants as a matter of law. The laches doctrine has no application to Voters' constitutional claims for several reasons.

First, the case law is clear that laches is inapplicable to claims seeking to enjoin violations of constitutional rights. Voters have alleged First Amendment (Count I) and Equal Protection (Count II) claims to prevent the Secretary of State from following the Current Apportionment Plan in the 2020 elections in the State of Michigan.

1. Second, continuing harms and ongoing violations of law—whether they cause constitutional harm like this case or other cognizable injuries—are well recognized exceptions to the laches doctrine. Here, the Voters' injuries renew with each election cycle and the current claims regarding future elections remain timely for this Court's consideration and resolution.

Finally, the laches doctrine is unsuitable for claims seeking declaratory and injunctive relief to remedy partisan gerrymandering. The main purpose of the doctrine is to cut off a defendant's liability when the injury on which the liability is based occurred too far in the past. Injunctive relief concerning elections that have not yet occurred has little or nothing to do with the common law doctrine. This is particularly so here where the declaration and injunction that Voters are seeking concern only the prevention of future harms.

US.120089293.01

For these reasons, and for those set forth in the accompanying brief, Voters respectfully request that their motion for partial summary judgment on laches be granted.

**Local Rule 7.1(a) Statement**

Pursuant to Local Rule 7.1(a), undersigned counsel for Voters spoke by telephone with counsel for Defendants and explained the nature of Voter's motion for partial summary judgment and its legal basis. Secretary Johnson's counsel and the Congressional Intervenors' counsel stated that their clients were not willing to concur in the relief sought in this motion.

Respectfully submitted,

Date:  September 21, 2018

/s/ Joseph H.  Yeager, Jr.

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Voters*

US.120089293.01

**<u>Certificate of Service</u>**

I hereby certify that on September 21, 2018, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

<u>/s/ Joseph H. Yeager, Jr.</u>

US.120089293.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS        )
OF MICHIGAN, et al.,          )          Case No. 2:17-cv-14148
                              )
        Plaintiffs,           )          Hon. Eric L. Clay
                              )          Hon. Denise Page Hood
                              )          Hon. Gordon J. Quist
    v.                        )
                              )          **VOTERS' BRIEF IN**
                              )          **SUPPORT OF THEIR MOTION**
RUTH JOHNSON, in her official )          **FOR PARTIAL SUMMARY**
Capacity as Michigan          )          **JUDGMENT ON LACHES**
Secretary of State, et al.,   )
                              )
        Defendants.           )

Joseph H. Yeager, Jr. (IN 2083-49)          Mark Brewer (P35661)
Kevin M. Toner (IN 11343-49)                GOODMAN ACKER P.C.
Harmony A. Mappes (IN 27237-49)             17000 West Ten Mile, Second Floor
Jeffrey P. Justman (MN 390413)              Southfield, MI 48075
FAEGRE BAKER DANIELS LLP                    Telephone: 248-483-5000
300 North Meridian Street, Suite 2700       MBrewer@goodmanacker.com
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com


*Counsel for Voters*

**<u>Issue Presented</u>**

Defendants allege that Voters should be barred from relief in this action under the doctrine of laches. But Voters' harm is ongoing and warrants declaratory and injunctive relief. Voters brought this action to redress ongoing violations of their constitutional rights and to avoid the dilution of votes in the 2020 primary and general elections in the State of Michigan. Should this Court grant summary judgment to Voters on Defendants' affirmative defense of laches as a matter of law?

Defendants' answer: No

Voters' answer: Yes

This Court should answer: Yes

## <u>Controlling or Most Appropriate Authority</u>

*France Mfg. Co. v. Jefferson Elec. Co.*, 106 F.2d 605, 609 (6th Cir. 1939)

*Garza v. Cty. of Los Angeles*, 918 F.2d 763, 772 (9th Cir. 1990)

*Shapiro v. Maryland*, 336 F. Supp. 1205, 1210 (D. Md. 1972)

*Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002)

*Ohio A. Phillip Randolph Institute v. Smith*, No. 1:18CV357, 2018 WL 3872330 (S.D. Ohio Aug. 15, 2018)

# INTRODUCTION

Following the 2010 election, Republicans took control of the Michigan legislature and elected Republican Rick Snyder as governor. Beginning more than a year before official 2010 census information became available, Republican officials and party leaders began meeting in secret with lawyers, consultants, and supporters to draw maps more favorable to Republican candidates for the Michigan House, Michigan Senate, and Michigan congressional delegation. These maps packed and cracked voters who supported Democratic candidates in past elections. Their goal was to create an overwhelming number of "wasted" Democratic votes and to secure legislative majorities for Republicans through at least the time of the next census in 2020.

Plaintiffs, the League of Women Voters of Michigan and eleven individual Michigan voters (collectively, "Voters"), brought this action in 2017 after biennial elections demonstrated that the gerrymandering Republicans carried out in the 2011 Current Apportionment Plan will continue to discriminate against and dilute the votes of Michigan Democrats through 2020.[1] The evidence at trial will establish overwhelmingly that Republicans enacted redistricting plans in such a strongly

---

[1]  Whether Democrats may or may not overcome the Republicans' discriminatory gerrymander in the November 2018 election does not change Voters' harm regarding elections in 2020. It should not take a once-in-twenty-years "blue wave" for Voters to overcome a rigged playing field in a state like Michigan which is closely divided on a partisan basis..

partisan way as to be unconstitutional, in violation of the First and Fourteenth Amendments.

The Secretary denied that the 2011 maps are unconstitutionally partisan, and as an affirmative defense, asserted in her answer that Voters' claims are barred, in whole or in part, under the doctrine of laches. The Congressional Intervenors very recently filed an answer and likewise asserted the doctrine of laches as an affirmative defense.

Voters seek summary judgment on the laches defense because it fails as a matter of law. The doctrine of laches has no application as to the constitutional claims Voters assert or to the relief Voters seek to achieve for at least three reasons.

*First*, the laches doctrine is never appropriate in gerrymandering or other voter redistricting cases. Courts have concluded that the magnitude and importance of protecting the fundamental rights that voter-plaintiffs seek to enforce far outweigh any of the considerations underpinning the common law laches doctrine.

*Second*, Voters' harm is ongoing and recurring in connection with upcoming elections. This action seeks to prevent further violations of Voters' constitutional rights in the 2020 elections. The continuing nature of Voters' harm therefore makes the laches doctrine particularly inapplicable. With each new election cycle, Voters suffer new constitutional injuries, restarting any clock for bringing their claims.

*Third*, Voters seek an injunction and declaratory judgment. Sixth Circuit precedent establishes that, where a plaintiff seeks injunctive relief that is in the public interest to prevent continuing or future harm, laches is not applicable.

Accordingly, and for the reasons set forth in more detail below, Defendants' laches defense is inapplicable as a matter of law. The Court should grant Voters' motion for partial summary judgment and enter judgment in their favor on this important legal issue.

## RELEVANT FACTUAL BACKGROUND

On December 22, 2017, Voters filed this lawsuit against Michigan Secretary of State Ruth Johnson ("Secretary Johnson")—the officer designated by Michigan Comp. Laws § 168.21 to administer Michigan elections. In their Complaint, Voters alleged violations of the First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the Constitution. Complaint for Declaratory and Injunctive Relief, Count I – First Amendment (¶¶ 74-80) and Count II – Equal Protection (¶¶ 81-85) (ECF No. 1).

Secretary Johnson generally denied the allegations in Voters' Complaint and alleged affirmative defenses, including "the doctrine of laches." Defendant's Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, Affirmative Defense No. 2, p. 42 (May 30, 2018, ECF No. 59). Voters thereafter served an interrogatory to determine the legal basis for this defense and what evidence Secretary Johnson intends to present in support. In her verified response, she stated that the Current Apportionment Plan was enacted in August 2011 and elections took place during 2012, 2014, and 2016. She observed that the 2018 election will be completed prior to trial. She also said that "memories have faded as to crucial elements of Plaintiffs' case

and that records have been lost or destroyed due to Plaintiffs' delay in initiating suit."[2]
Defendants' Responses to Plaintiffs' Second Set of Interrogatories and Document
Requests, pp. 17-18 (Voters Ex. 1).

Congressional Intervenors[3] likewise generally denied Voters' allegations and
asserted laches as an affirmative defense.  Defendant-Intervenors' Answer to
Plaintiffs' Complaint for Declaratory and Injunctive Relief, Affirmative Defense
No. 2, p. 14 (Sept. 20, 2018, ECF No. 116).

## ARGUMENT

### I.   Standard of Review

Summary judgment is appropriate if the moving party "shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a). Summary judgment must be entered against a
party who fails to make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear the burden of proof at
trial. Thus, when a defendant asserts an affirmative defense on which it will bear the

---

[2]  Voters strongly disagree and would show the Court evidence of how Republicans worked day and
night in secret, for months if not years, in a concerted effort to draw maps that favor their party and
discriminate against Democratic voters. Given the thousands of hours and hundreds of thousands
of dollars Republicans devoted to the task, it is too tough to swallow the Secretary's argument that
the memories of the Republican witnesses honestly have faded or that their communications were
innocently discarded. But this disagreement is of no matter for purposes of this motion. As a pure
matter of law, laches is not available as a defense to the claims in Voters' Complaint.

[3]  Defendant-Intervenors Jack Bergman, Bill Huizenga, John Moolenaar, Fred Upton, Tim Walberg,
Mike Bishop, Paul Mitchell, and David Trott (collectively "Congressional Intervenors") are
Republican members of the U.S. House of Representatives.

burden of proof, a plaintiff's summary judgment motion requires that the defendant to identify a genuine dispute of fact for trial. If the defendant fails in meeting this burden, summary judgment must be granted to the plaintiff on the affirmative defense. *Reed v. Fid. Nat. Ins. Co.*, No. 07-13775, 2010 WL 446177, at *3 (E.D. Mich. Jan. 27, 2010).

## II.    The Affirmative Defense of Laches Fails as a Matter of Law

### A.    The doctrine of laches is essentially the same under Michigan and federal law.

Whether to apply the state or federal law of laches to constitutional claims is unsettled (in the Sixth Circuit and otherwise). *See Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18CV357, 2018 WL 3872330, at *8 n.5 (S.D. Ohio Aug. 15, 2018) (hereinafter, "*Smith*") ("Which law of laches this Court should apply to U.S. constitutional claims asserted under 42 U.S.C. § 1983 appears to be unsettled."). But the Court need not address the question because state and federal law are functionally identical as they relate to this motion.

Under Michigan law, the doctrine has two elements: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party. *See Knight v. Northpointe Bank*, 832 N.W.2d 439, 442 (Mich. App. 2013) (citing *Lothian v. Detroit*, 324 N.W.2d 9 (Mich. 1982) and *Dunn v. Minnema*, 36 N.W.2d 182 (Mich. 1949) ("[L]aches is not triggered by the passage of time alone…. It is the prejudice occasioned by the delay that justifies the application of latches.")).

Courts in the Sixth Circuit applying the laches doctrine to federal claims consider the same two elements: "'A party asserting laches much show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it.'" *Vision Info. Techs., Inc. v. Vision IT Servs. USA, Inc.*, 156 F. Supp. 3d 870, 877 (E.D. Mich. 2016) (quoting *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002)) (analyzing laches in a trademark case arising under the Lanham Act). Because there is no difference between the elements or analysis under Michigan state law compared to federal law, there is no choice of law issue for the Court to resolve.

> **B.    The laches doctrine does not apply to claims asserting recurring violations of constitutional rights, including gerrymandering claims.**

The laches doctrine is inapplicable to Voters' claims, which are based on continuing violations of their constitutional rights as to the 2020 elections. Courts have repeatedly rejected attempts to bar gerrymandering claims based on laches.

It has long been recognized that the laches doctrine may not be raised as a defense against claims seeking relief with respect to elections that have not yet occurred. For example, a federal court in Maryland concluded over forty years ago that it may *never* be appropriate to apply laches as a defense to gerrymandering claims. *See, e.g.*, *Shapiro v. Maryland*, 336 F. Supp. 1205, 1210 (D. Md. 1972) (questioning whether it is ever appropriate to dismiss a suit on the grounds of laches "and thus

9

forever bar an appropriate judicial inquiry into the merits of an otherwise properly alleged cause of action" challenging unconstitutional gerrymandering).

The Sixth Circuit later crystallized the justification for this rule when the court held that "[a] law that works an ongoing violation of constitutional rights does not become immunized from legal challenge" by the passage of time. *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997) (quoted in *Smith*); *see also Concerned Citizens of S. Ohio, Inc. v. Pine Creek Conservancy Dist.*, 429 U.S. 651, 653, 656 (1977) (allowing a party to proceed with its constitutional challenges against a conservation district over a dissenting opinion in which Justice Rehnquist argued that the case should have been barred by laches because the district was formed in 1966 and the lawsuit was not filed until 1975).

Another district court in the Sixth Circuit recently held that the laches doctrine does not apply where plaintiffs seek an injunction to protect against violations of constitutional rights, as in gerrymandering cases. The Southern District of Ohio rejected a motion to dismiss gerrymandering claims situated very similarly to Voters' claims. In *Ohio A. Phillip Randolph Institute v. Smith*—a decision decided just weeks ago in an Ohio gerrymandering case—the court likewise rejected the laches defense. Civil Action No. 1:18CV357, 2018 WL 3872330, at *8 (S.D. Ohio Aug. 15, 2018) (hereinafter "*Smith*").[4]

---

[4] In *Smith*, like in this case, the plaintiffs challenged the 2011 redistricting results. *Id.* at *1. And like this case, the *Smith* map was in effect for three congressional elections in 2012, 2014, and 2016. *Id.*

In *Smith*, the court rejected the laches defense, noting that laches "only bars damages that occurred before the filing date of the lawsuit." *Smith*, 2018 WL 3872330, at *8 (quoting *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412 (6th Cir. 2002)). Laches does not, however, bear on future harm. *Id.* at *8 (citing *Nartron Corp.*, 305 F.3d at 412).  The district court concluded that injunctions to stop continuing harm are appropriate, regardless of any purported delay between the initial harm and commencement of the lawsuit. While applying laches to bar stale past damages claims may be appropriate under some circumstances, those circumstances are absent from claims for injunctive relief. By definition, partisan gerrymandering works an ongoing injury in each election cycle.

Because the laches defense is available only when plaintiffs delay bringing a claim unreasonably long after suffering the harm they seek to redress, it should not be applied where a plaintiff seeks to prevent continuing, ongoing, or future violations of their rights. *See Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001) ("Inherently, [ongoing] conduct cannot be so remote in time as to justify the application of the doctrine of laches."); *cf. Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997) (considering statute of limitations, holding that a "law that works an ongoing violation of constitutional rights does not become immunized

---

In May 2018, the plaintiffs filed suit challenging the redistricting plan to prevent further harms in future elections. *Id.*

from legal challenge for all time merely because no one challenges it" during the limitations period).

Ongoing violations do not trigger laches because each time voters are subject to unconstitutional voting districts, they are reinjured. This "reinjury," where the violation recurs every election, constitutes an ongoing violation with new damage each year. *See Luna v. Cty. of Kern*, 291 F. Supp. 3d 1088, 1143 (E.D. Cal. 2018) (quoting *Garza v. Cty. of Los Angeles*, 918 F.2d 763, 772 (9th Cir. 1990)) ("[W]here the violation is ongoing, and where 'the injury plaintiffs suffered at the time has been getting progressively worse,' plaintiffs' claims are not barred by laches.").

The gravity and repetition of Voters' injuries distinguish gerrymandering claims from garden variety claims. Gerrymandering claims go to the heart of an individual voter's constitutional right to fair representation. Accordingly, the common law laches doctrine cannot be applied appropriately in this case.

## C.  Laches is inapplicable to claims for injunctive relief to stop a continuing harm.

Although the parties disagree whether defendants have evidence that this case was delayed unreasonably or that defendants have suffered any prejudice as a result, this does not affect whether summary judgment is appropriate as to laches. It is beyond dispute that Voters' claims seek prospective declaratory and injunctive relief concerning the current apportionment plan. *See* Relief Requested ¶¶(b)-(d), Complaint for Declaratory and Injunctive Relief, pp. 32-33 (Dec. 22, 2017, ECF Doc. 1). Voters

have requested no remedies regarding any elections that occurred previously. The constitutional harms that Voters suffer will continue at least until another round of redistricting occurs following the 2020 census.

Nearly eighty years ago, the Sixth Circuit set the governing rule at issue. It recognized that there is "no merit in the defense of laches" where, as here, the claim is "a suit for an injunction." *France Mfg. Co. v. Jefferson Elec. Co.*, 106 F.2d 605, 609 (6th Cir. 1939) (considering laches defense in patent suit where continuing violation at issue). Courts in the Sixth Circuit continue to apply that principle to claims seeking injunctive and declaratory relief in gerrymandering cases. *See, e.g.*, in *Smith*, 2018 WL 3872330, at *8 (rejecting laches because the injury caused by gerrymandering is continuing, as a matter of law).

Cases in other contexts also recognize that injunctive relief provides an exception to the laches doctrine precisely because an injunction is intended to stop continuing harm. *See, e.g., Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 341 F. Supp. 2d 432, 453 (S.D.N.Y. 2004) ("*Third,* the Unions seek only to enjoin the Authority's future conduct. Laches is generally not applicable where a plaintiff seeks only to enjoin continuing future unlawful conduct. Where there is a continuing violation, 'even in equity . . . laches does not bar a claim for prospective injunctive relief.'") (footnotes omitted); *Minn. Mining & Mfg. Co. v. Beautone Specialties, Co.*, 82 F. Supp. 2d 997, 1005 (D. Minn. 2000) ("The general rule is

13

that a finding of laches bars a plaintiff's ability to recover for past wrongs, but not a plaintiff's ability to obtain relief for continuing violations.").

When plaintiffs suffer new injuries – especially injuries arising from continuing violations of their constitutional rights – it would be inequitable to prevent them from seeking injunctive relief to remedy such harms and prevent further violations of their rights. Arbitrarily extinguishing such claims based on common law laches, by contrast, would deprive voters of the opportunity to analyze a redistricting plan thoroughly and extensively, to gather compelling evidence of the Legislature's unlawful actions, and to bring together the resources necessary to conduct a lawsuit like this one. Voters should be allowed therefore to protect the rights of the affected Michigan voters who face continued dilution of their votes during the critically important elections to follow, which may well determine how redistricting will occur in Michigan after 2020. Accordingly, the Court should deem the laches doctrine inapplicable to this case as a matter of law.

## CONCLUSION

Voters respectfully request that the Court grant partial summary judgment in their favor as to any Defendant's attempt to assert the doctrine of laches in this action.

Respectfully submitted,

Date:  September 21, 2018

*/s/ Joseph H. Yeager, Jr.*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Kevin M. Toner (IN Bar No. 11343-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Voters*

**<u>Certificate of Service</u>**

I hereby certify that September 21, 2018, I caused to have electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

*<u>/s/ Joseph J. Yeager, Jr.</u>*

16