UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:17-cv-14148 ) |
| RUTH JOHNSON, in her official capacity as Michigan Secretary of State, | ) ) ) ) ) |
| Defendant. | ) ) ) |

ORDER DENYING THE LEGISLATIVE INTERVENORS' RENEWED MOTION TO INTERVENE (ECF. No. 136)

Before the Court is the Legislative Intervenors' Renewed Motion to Intervene ("Motion") (ECF. No. 136). The Court previously denied the Legislative Intervenors' first Motion to Intervene ("Original Motion") (*see* ECF. No. 91). The Legislative Intervenors' appealed that decision to the Sixth Circuit, which remanded to allow this Court to "evaluate the Legislative Intervenors' now-unopposed motion in light of the standards articulated in *League of Women Voters I*." (Appellate R. 32.) *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572 (6th Cir. 2018) ("*League of Women Voters I*").

The Legislative Intervenors move to intervene as a matter of right under Rule 24(a). (*See* ECF No. 136 at 4-20.) As this Court has explained, to have a right to intervene, the party seeking intervention must establish four elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)).

The Legislative Intervenors' Motion is not timely, even if this Court construes it as having been filed on the date when the Legislative Intervenors filed their Original Motion. The Legislative Intervenors filed their Original Motion on July 12, 2018 (*see* ECF. No. 70), nearly two months after the Court decided the motion to dismiss (*see* ECF. No. 54) and approximately four-and-a-half months after the Congressional Intervenors filed their motion to intervene. (*See* ECF. No. 21.)

The Legislative Intervenors also fail to satisfy the other three elements for intervention as of right, as this Court previously articulated in denying the Legislative Intervenors' Original Motion. (*See* ECF. No. 91.) First, the Legislative Intervenors' claimed interest in the litigation "is a component of the state's overall interest and is exclusively represented by the executive." (*Id.* at PageID #2060.) Second, the Legislative Intervenors' Motion is premature, because they merely "speculate about the 'possibility' that the executive branch will end its participation in this matter." (*Id.* at PageID #2061.) Third, the Legislative Intervenors "have no official interest in maintaining their elected offices." (*Id.* at PageID #2062.) Fourth, any purported interest in maintaining their or their successors' chances of re-election is "grounded in either partisanship, notions of elective office as property, or both" and is therefore not cognizable. (*Id.*) Fifth, to the extent that the Legislative Intervenors possess "any legitimate official interest in this litigation . . . such interest belongs to the state and is adequately represented by the executive." (*Id.* at PageID #2063.) All of these reasons apply as strongly today as they did when we denied the Original Motion. The Legislative Intervenors have still not established a legally cognizable interest in

these proceedings or that the existing parties do not adequately protect any hypothetical interest that they may possess.[1]

The Legislative Intervenors also move to intervene as permissive intervenors under Rule 24(b). As this Court has held, "a proposed [permissive] intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (internal citation omitted). If the proposed intervenor satisfies these two elements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." (internal citation omitted). "The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge." *Granholm*, 501 F.3d at 784 (internal quotation and citation marks omitted).

The Legislative Intervenors argue that the Court should allow them to permissively intervene because they will not cause any delay or prejudice due to the fact that Plaintiffs do not oppose their Motion. (*See* Br., ECF No. 136 at 21.) But the Court's previous decision to deny Legislative Intervenors' Original Motion was not predicated on the Plaintiffs' opposition. Rather, the Court determined that the Legislative Intervenors lacked a legally cognizable interest in the litigation and that any interest they did possess was already represented by the executive. (*See* ECF. No. 91.) Furthermore, Legislative Intervenors' Original Motion was untimely, and

---

[1] In their brief in support of their Motion, the Legislative Intervenors assert two interests that they did not explicitly allege in their Original Motion: (1) a "Federal Constitutional Interest" and (2) an interest because Plaintiffs' lawsuit challenges the "Regulation of Official Conduct." (Br. in Sup. of Renewed M. to Intervene, ECF No. 136 at p. 10–13.) Neither of these arguments persuades the Court. Furthermore, the Legislative Intervenors raised the latter argument in their Original Motion. (*See* Br. in Sup. of M. to Intervene, ECF No. 70 at 7–9) (arguing that the Legislative Intervenors "would be required to play an integral part in drawing and enacting the remedial plans required to comply with any order of this Court"). The Court rejects this repackaged argument for the same reasons it previously articulated.

therefore would prejudice the existing parties. *See Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011) ("[B]ecause we find that proposed Intervenors' application was untimely—and would thus cause undue delay and prejudice to the existing parties as discussed above—the district court did not abuse its discretion in denying their application for permissive intervention.") Given that the Legislative Intervenors moved to intervene two months after the Court had decided the motion to dismiss, and fail to articulate a cognizable legal interest in the proceedings, the Court will not exercise its discretion to allow them to join as permissive intervenors.

After further consideration and review of the factual background of the case, the Court's denial of the Original Motion, and the Motion currently before the Court, the Court finds that its previous decision did not violate the standards articulated in *League of Women Voters I*. Because the same reasons for denying the Original Motion apply with equal force to their current Motion, the Legislative Intervenors' Renewed Motion to Intervene (ECF. No. 136) is **DENIED**.[2]

Additionally, because the Sixth Circuit has now rendered its decision on appeal, the Legislative Intervenors' Motion to Stay Pending Appeal to the Sixth Circuit (ECF. No. 98) is **DENIED AS MOOT**.

       IT IS SO ORDERED.

---

[2] We appreciate our colleague's dissent. However, the dissent offers only musings about the changing political landscape and prognostications about what may or may not occur after the incoming Michigan Secretary of State takes office in January 2019. Conspicuously missing from our colleague's dissent is any finding that, or explanation of why, the Legislative Intervenors possess a cognizable legal interest in this action. Furthermore, our colleague's fears about the case being delayed are unfounded. Regardless of whether or not the incoming Secretary of State continues with the lawsuit, the Congressional Intervenors will remain as parties. They are more than capable of proceeding without the Secretary of State's participation. Accordingly, the case will proceed uninterrupted regardless of what action is taken by the incoming Secretary of State.

/s/ Eric L. Clay
Signed for and on behalf of the panel:

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

# CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2018, by electronic and/or ordinary mail.

S/Diane R. Marion
Administrative Manager