# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEGUE OF WOMEN VOTERS OF MICHIGAN, et al., | Case No. 2:17-cv-14148 |
| Plaintiffs, | Hon. Eric L. Clay |
| | Hon. Denise Page Hood |
| | Hon. Gordon J. Quist |
| v. | |
| | **PLAINTIFFS' RESPONSE** |
| | **TO ORDER TO SHOW CAUSE** |
| RUTH JOHNSON, in her official Capacity as Michigan Secretary of State, et al., | |
| Defendants. | |

Joseph H. Yeager, Jr. (IN 2083-49)
Kevin M. Toner (IN 11343-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@GoodmanAcker.com

*Counsel for Voters*

US.121115046.02

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

On December 7, 2018, the Court entered its Order to Show Cause (ECF #152) requiring the parties to show cause why they had not complied with the Court's Case Management Order No. 2 (ECF #140) regarding a proposed joint and final pretrial order. Later that day, Chief Judge Hood emailed all counsel and the remainder of the panel regarding the matter. For themselves and for counsel for Defendant and for Congressional Intervenors, Plaintiffs' counsel apologizes for the confusion and any inconvenience that may have resulted from their efforts to submit the proposed order. All counsel also thank Chief Judge Hood for her message and instructions regarding future submissions.[1] Undersigned counsel respectfully shows the Court the following and provides further explanation as follows:

1.   Case Management Order No. 2 requires "A Proposed Joint and Final Pretrial Order (See E.D. Mich. LR 16.2) with detailed witness and numbered exhibit lists must be submitted by the *rescheduled* date: December 4, 2018." (ECF #140.)

2.   Counsel for Congressional Intervenors, Defendant and Plaintiffs worked diligently and cooperatively during the weeks leading up to December 4, 2018 to prepare the Proposed Joint and Final Pretrial Order ("PJFPO"), including attached witness and exhibit lists with objections to exhibits. At or about 8:23 p.m. on

---

[1] Undersigned counsel has conferred with counsel for Defendant and is authorized to report to the Court that the Secretary concurs with this Response. Undersigned counsel also conferred with counsel for the Congressional Intervenors regarding this report on Friday, December 7th, and supplied him with a draft on Saturday, December 8th, but he has not yet stated whether he concurs with the relief sought herein.

Tuesday, December 4th, the undersigned counsel submitted the PJFPO through the Court's ECF system. As Case Management Order No. 2 required that the PJFPO be "submitted," counsel selected the "submission" function in the ECF system, not the filing function.

3. The ECF system accepted the submission of the PJFPO. But at the time of the submission on December 4, the ECF system would not accept the attachments to the PJFPO. The undersigned counsel promptly conferred by phone with Ryan Shannon, counsel for Defendant. Both counsel agreed that since it was after hours, the attachments should be submitted the next day after conferring with Chief Judge Hood's chambers for further instructions. Undersigned counsel noted the issue during the ECF submission and this notation is reflected in the confirmation email from the ECF system, which attached a copy of the PJFPO. A copy of that confirmation is attached hereto at Exhibit 1.

4. The following day (December 5, 2018) the Court was closed for business. On that morning at 8:31 a.m., undersigned counsel emailed the PJFPO attachments to the technicalfailures@mied.uscourts.gov email address with an attached explanation. Plaintiffs attach that email hereto as Exhibit 2, including Attachments A through G.

5. At 9:22 a.m. on the Court's next business day (December 6, 2018), the undersigned counsel called Chief Judge Hood's chambers to confirm that the PJFPO and attachments were received by email and to offer to supply copies in additional

2

formats if the Court preferred. The gentleman who answered the phone said the matter would be referred to the case manager who would return the call. At 11:33 that morning, the Court's Case Manager returned the call and discussed the matter with the undersigned counsel. The Case Manager confirmed that the copies of the attachments had been received.

WHEREFORE Plaintiffs' Counsel again apologizes for any confusion and inconvenience created by the timing and manner of their submission of the PJFPO. As authorized by and on behalf of all parties, they respectfully request that the Court find that all parties and their counsel have complied with the Court's Case Management Order No. 2 and have shown cause that no sanction should be imposed.

                                                    Respectfully submitted,

Date:  December 9, 2018        /s/ *Joseph H. Yeager, Jr.*

                                                  Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Kevin M. Toner (IN Bar No. 11343-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com

*Counsel for Voters*

## Certificate of Service

I certify that December 9, 2018, I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Joseph H. Yeager, Jr.*