UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR.,
JACK E. ELLIS, DONNA E.
FARRIS, WILLIAM "BILL" J.
GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.
LASALLE, RICHARD "DICK" W.
LONG, LORENZO RIVERA and
RASHIDA H. TLAIB,

    Plaintiffs,

v.

JOCELYN BENSON, in her official
Capacity as Michigan
Secretary of State,

    Defendant.

No. 2:17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

---

**DEFENDANT'S RESPONSE TO DEFENDANTS-INTERVENORS'
EMERGENCY MOTION TO STAY TRIAL**

NOW COMES Defendant Jocelyn Benson, in her official capacity as Michigan Secretary of State, by her counsel MILLER, CANFIELD, PADDOCK and STONE, PLC, and hereby responds to the Congressional and Legislative Defendants-Intervenors' ("Intervenors") Emergency Motion to Stay Trial (ECF 183). As described in more detail below, the Secretary of State concurs with the Intervenors' request to adjourn the trial date in this matter.

On January 11, 2019, Intervenors filed their motion for an emergency stay of the trial in this case currently scheduled for February 5, 2019, pending the United States Supreme Court's disposition of two cases set for oral argument during the Spring 2019 term, *Rucho v. Common Cause* (No. 18-422) and *Lamone v. Benisek* (No. 18-726) (ECF 183). This Court then ordered expedited briefing on January 15, 2019 (ECF 192), setting January 17, 2019, as the deadline to respond.

The Secretary of State agrees that an adjournment of the trial date is appropriate for the circumstances of this case. An adjournment will permit the Secretary of State and Plaintiffs the opportunity to focus their efforts on negotiating a mutually agreeable and complete resolution of their disputes that: serves the public interest of the State of Michigan; conserves public and judicial resources; mitigates the impact of any past impermissible partisan gerrymandering; and obviates the need for further proceedings in this case, including trial.

Well-established federal policy favors voluntary resolution of disputes, particularly complex litigation implicating public resources and the public fisc. *See, e.g.*, *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 490–91 (6th Cir. 2010); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976); *United States v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:07-1056, 2009 WL 690693, at *6 (M.D. Tenn. Mar. 12, 2009). One such method of resolution is the entry of a consent decree reflecting a compromise negotiated by

the parties and approved by the court as "fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Cty. of Muskegon*, 298 F.3d 569, 581 (6th Cir. 2002) (internal quotation marks omitted). *See also Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–29 (1986) ("A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating.").

The Secretary of State believes that such a resolution in this case is in the best interests of the State of Michigan and its voters, as it will correct any lasting impact of impermissible partisan gerrymandering that may have occurred in the past. While achieving those goals, an expedient resolution of this controversy by consent decree will *also* conserve public resources, including taxpayer funds and the time and productivity of public officials that would be otherwise consumed through multiple forthcoming stages of a resource-intensive litigation, and provide certainty and finality to this dispute.

Notably, in 2020 a voter-approved, nonpartisan Independent Citizens Redistricting Commission ("ICRC") will be convened and responsible for redrawing all state legislative and federal congressional districts in Michigan using well-accepted, nonpartisan criteria. As that ICRC implementation date draws nearer, any benefit to continuing this litigation further conversely declines,

particularly when the parties will likely be able to reach a mutually favorable resolution that ensures a just outcome for Michigan voters.

For these reasons, the Secretary of State respectfully requests that this Court adjourn the trial currently scheduled in this case for February 5, 2019.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Michael J. Hodge
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)
Erika L. Giroux (P81998)
*Attorneys for Defendant Secretary of State*
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
hodge@millercanfield.com
eldridge@millercanfield.com
giroux@millercanfield.com

Dated: January 17, 2019

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA and RASHIDA H. TLAIB, | No. 2:17-cv-14148 |
| Plaintiffs, | Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist |
| v. | |
| JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2019, I filed Defendant's Response to Defendant-Intervenors' Emergency Motion to Stay Trial via the ECF e-filing system.

By:   /s/   Michael J. Hodge
      Michael J. Hodge
      Miller, Canfield, Paddock and Stone, PLC
      One Michigan Ave.
      Suite 900
      Lansing, MI 48933
      (517) 483-4921