IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

        Plaintiffs,

v.

        Civil Action No. 17-cv-14148

        Hon. Eric L. Clay
        Hon. Denise Page Hood
RUTH JOHNSON, in her official   Hon. Gordon J. Quist
capacity as Michigan Secretary of State

        Defendant.
_____/

## CONGRESSIONAL AND LEGISLATIVE DEFENDANTS-INTERVENORS' REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY TRIAL

    The Congressional and Legislative Defendants-Intervenors, by and through their attorneys, hereby reply to Plaintiffs' and the Secretary of State's respective responses to Defendants-Intervenors' Emergency Motion to Stay Trial, and state as follows.

    Defendants-Intervenors moved to stay the trial in this case because the Supreme Court will soon decide two cases—*Common Cause v. Rucho* (Sup. Ct. #18-422) and *Benisek v. Lamone* (Sup. Ct. #18-726)—which will decide whether federal court subject matter jurisdiction exists over such gerrymandering disputes and, if so, the framework under which such disputes are to be decided. The

responses filed by both the Defendant Secretary of State and Plaintiffs indicate concurrence in the motion to stay. (ECF Nos. 199 & 200). Moreover, neither Defendant Secretary of State nor Plaintiffs have claimed a stay will prejudice them or the public (indeed, their responses suggest the opposite), and so the concern identified by the Court in its earlier order denying a stay no longer appear to be an obstacle. (*See* ECF No. 35, p. 2-3). The Court should therefore grant the motion to stay.

Defendant Secretary of State's suggestion and Plaintiffs' request, that the Court stay the case pending their joint motion to approve a consent decree, is both procedurally improper and substantively wrong. That is, "it is procedurally improper to assert new motions for relief in a response brief to a different party's motion." *Bush v. Godwin*, No. 3:15-CV-524-TAV-CCS, 2018 WL 576850, at *13 (E.D. Tenn. Jan. 26, 2018). And, that procedural barrier aside, substantively, Plaintiffs and the Secretary simply cannot enter into a consent decree that imposes any obligation on Intervenors without Intervenors also agreeing to do so. *See Olden v. LaFarge Corp.*, 383 F.3d 495, 512 (6th Cir. 2004) (citing *Lawyer v. Dep't. of Justice*, 521 U.S. 567, 579 (1997) ("[A] settlement agreement subject to court approval in a nonclass action may not impose duties or obligations on an unconsenting party or 'dispose' of his claims.") (citation omitted); *Firefighters v.*

2

*City of Cleveland*, 478 U.S. 501, 529 (1986) ("[A] court may not enter a consent decree that imposes obligations on a party that did not consent to the decree.") (citations omitted)).

Alternatively, assuming solely for argument sake that Plaintiffs and the Secretary can enter into such a decree without the Intervenors, and can do so prior to February 5th, it nonetheless remains that Intervenors are also in this case. As such, any alleged consent decree between Plaintiffs and the Secretary would do nothing to affect Intervenors' rights. Said differently, absent a stay by this Court based on the Supreme Court's rulings in *Rucho* and *Benisek*, as requested by the Intervenors, the trial would nonetheless be required to go forward regardless of what Plaintiffs and the Secretary may do.

Finally, it is important to correct a fundamental factual misstatement by Plaintiffs' counsel Joseph H. Yeager, Jr. Mr. Yeager states in Plaintiffs' response that Defendants-Intervenors "have not chosen to participate in the discussion" regarding settlement. (ECF No. 200, ¶ 3). This statement is false. Mr. Yeager neither invited Defendants-Intervenors to participate in settlement discussions nor did Defendants-Intervenors ever reject an invitation to participate. To the extent settlement discussions have been held, these discussions have occurred in secret and without any offer to allow Defendants-Intervenors to participate.

WHEREFORE, Defendants-Intervenors respectfully request the Court grant their motion and stay the trial of this case pending the final decisions of the United States Supreme Court in *Common Cause v. Rucho* (Sup. Ct. #18-422) and *Benisek v. Lamone* (Sup. Ct. 18-726), and the Court do so on that basis alone.

Respectfully submitted,

| | |
|---|---|
| **Holtzman Vogel Josefiak Torchinsky PLLC** | **Clark Hill PLC** |
| */s/ Jason Torchinsky* | */s/ Charles R. Spies* |
| Jason Torchinsky | Charles R. Spies (DC 88445) |
| Shawn Sheehy | Brian D. Shekell (P75327) |
| Phillip Gordon | 212 E. Cesar Chavez Ave. |
| 45 North Hill Drive, S 100 | Lansing, Michigan 48906 |
| Warrenton, Virginia 20106 | (517) 318-3100 |
| (540) 341-8800 | cspies@clarkhill.com |
| JTorchinsky@hvjt.law | bshekell@clarkhill.com |
| ssheehy@hvjt.law | Attorneys for Applicants |
| pgordon@hvjt.law | |
| Attorneys for Applicants | |

Date: January 18, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

**CLARK HILL PLC**

*/s/ Charles R. Spies*

1