IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | ) ) ) | Case No. 2:17-cv-14148 |
| Plaintiffs, | ) ) ) ) | Hon. Eric L. Clay<br>Hon. Denise Page Hood<br>Hon. Gordon J. Quist |
| v. | ) ) | **STIPULATION** |
| JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

Joseph H. Yeager, Jr. (IN 2083-49)
Kevin M. Toner (IN 11343-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
Daniel R. Kelley (IN 30706-49)
Matthew K. Giffin (IN 31603-49)
Irina Vaynerman (MN 0396759)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
Daniel.Kelley@FaegreBD.com
Matt.Giffin@FaegreBD.com
Irina.Vaynerman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@goodmanacker.com

# PARTIES' PARTIAL STIPULATIONS AND REPORT
# AS DIRECTED BY THE COURT ON JANUARY 22, 2019

The following is a joint statement of the Parties on agreed-upon measures that are designed to shorten the number of trial days in this matter. Where separate proposals are provided, the Parties have been unable to reach an agreement and request the Court's guidance or decision with respect to the disputed issues. Upon direction from the Court, the Parties will provide a stipulated Order for submission to the Court.

1.  All exhibits on all exhibit lists may be offered into evidence without objection, except that the parties may raise objections to these exhibits in post-trial briefs or during cross-examination, which objections may include only those objections expressly reserved (regardless of which party reserved it) in the parties' Proposed Supplement to Joint and Final Pretrial Order ("Proposed Supplement") submitted December 22, 2019 pursuant to the Court's order. This agreement does not apply to expert reports and graphics which are addressed in item 4 below.

2.  The individual plaintiffs and the League member voters who will testify (collectively, Voter Witnesses) reside and the League member voters are registered at the addresses set forth in Ex. 6 to the Smith deposition and will, except as set forth in paragraph 3 below, testify by evidence deposition taken on a schedule to be worked out in good faith among the parties to maximize efficiency for witnesses and counsel between February 4, 2019 and February 12, 2019.

   Plaintiffs' Additional Proposal:

   Each witness evidence deposition will be subject to the following time constraints: 20 minutes direct examination; 20 minutes cross-examination; 10 minutes redirect examination.

   The parties will work in good faith to schedule depositions in Detroit, in Lansing, and in other Michigan cities if feasible. In addition some Voter Witnesses with travel, health or other issues may not be available during the period from February 4, 2019 through February 12, 2019 or in Detroit. Plaintiffs will identify these Voter Witnesses at least 48 hours before the proposed deposition, supplying declaration or other documentation of their issue, and the parties will conduct these Voter Witnesses' depositions on or

after January 28, 2019 when they are available either in Michigan if possible or by telephone or videoconference if the Voter Witness is not in Michigan. If the parties cannot agree on one or more of these matters they will submit the issue to the court.

Intervenors' Additional Proposal:

Each witness evidence deposition will be subject to the following time constraints: 60 minutes direct examination; 60 minutes of cross-examination; 10 minutes redirect examination.

The parties will schedule depositions in Detroit from February 4, 2019 to February 12, 2019. If a Voter submits a declaration under penalty of perjury that he or she is unable to travel to Detroit because of a health condition, the parties will work in good faith to depose the witness by telephone or video conference during the period from February 4, 2019 through February 12, 2019. Plaintiffs will identify and supply the declaration of any such Voter Witnesses no later than the end of the day on January 26, 2018.

3. Plaintiffs, Secretary, and Intervenors will each be allowed to identify up to 3 Voter Witnesses to testify, *inter alia*, about each of the challenged maps and how the gerrymandering impacts them.

Plaintiffs' Additional Proposal: Plaintiffs propose the following time constraints for each witness called pursuant to this paragraph: 2 hours of direct examination; 2 hours of cross-examination; 1 hour of redirect examination. Plaintiffs agree to produce any Voter Witness identified by the Secretary or Intervenors if they are available to travel during the time frame of the trial. Excuses to designations hereunder will governed by the standards set forth in Fed.R.Civ.P. 32(a)(4) and related principles. [Plaintiffs suggest importation of this standard from the use-of-deposition rule to allow use of depositions to protect witnesses for whom travel to Court would be a true hardship.]

Intervenors' Additional Proposal: Intervenors propose the following time constraints for each witness called pursuant to this paragraph: 1 hour of direct examination; 1 hour of cross-examination; 15 minutes of redirect examination. Plaintiffs agree to produce at trial any Voter Witness identified by the Secretary or Intervenors unless the witness submits a declaration under penalty of perjury that

he or she is unable to travel to Detroit because of a health condition. [Intervenors argue that Rule 32(a)(4) has no applicability to situations in which there is no deposition transcript and should not be applicable in any way to Plaintiffs and Voter Witnesses requirement to be present at trial. Intervenors submit to this Court that this trial date has been set for months and there is no excuse, other than health conditions verified by declarations, for not testifying live.]

4. Any party may offer the entire deposition transcript of a non-expert witness who does not testify live in that party's case at trial into evidence as if it were in-court testimony, without objection based on the out of court nature of the testimony. All parties reserve all other objections to such deposition testimony, with objections to be stated in connection with post-trial briefing and ruled upon by the Court as necessary. The parties agree that such objections may not be stated in separate written motions and must be included within the maximum page limit that the Court establishes for the post-trial briefs.

5. Any party may call any expert witness to testify at trial. In lieu of calling an expert witness live at trial, any party may submit any expert testimony through deposition transcript and corresponding exhibits, expert report along with corresponding schedules and attachments, and any affidavit previously identified in the parties' December 22, 2018 Supplemental Proposed Joint and Final Pretrial Order. This agreement is not intended to modify or limit the Parties' rights as set forth in the December 22, 2018 Supplemental and Proposed Joint and Final Pretrial Order, except as provided expressly in this document. This paragraph does not apply to Thomas Brunell

Plaintiffs' Additional Proposal: Thomas Brunell may testify only in person, absent further agreement of the parties.

Intervenors' Additional Proposal: Thomas Brunell will be treated as other experrts under this paragraph.

6. The parties agree to the following presumptive time limits for testimony to the extent called at trial:
    a. Voter witnesses – as set forth in 2 and 3 above.
    b. Expert witnesses
       [Plaintiffs' Proposal: 90/15*/90/25]
       [Intervenors' Proposal: 45/15*/45/10]

4

  c. Former Legislators, Legislative staff and other participants in the redistricting process, including Schostak, Labrant – 30/15*/30/10
  d. Timmer – 60/30*/60/15
  e. Party representatives (e.g. Sue Smith) – 60/30*/60/15
  f. Mike Vatter – 95/15*/95/15
  g. Other listed witnesses – 30/15*/30/10.

*Indicates time allocated to the Secretary.

7. Opening statements will be waived absent other prior instruction from Court. Closing arguments will either be waived in favor of briefing, or confined to 50 minutes per side (with Intervenors receiving 25 minutes and Secretary of State receiving 25 minutes), and Plaintiffs may choose to reserve no more than 20 minutes as rebuttal.

8. Each party will have until February 1, 2019 at 6:00 pm to exchange demonstrative exhibits for review by the other parties.

9. The Plaintiffs will submit revised "may call/will call" witness lists to the Court and copy all Parties by noon on Saturday, January 26th. The Secretary and Intervenors shall submit revised "will call/may call" witness lists to the Court and copy all Parties by close of business Thursday, January 31st. Both Parties agree to use good faith efforts to limit the number and length of live witnesses with the goal of completing the trial in one week.

10. Post-trial submissions:

Intervenors' and Secretary's position: In light of the significant efforts to shorten the length of trial as set forth in this submission, the current deadline to submit post-trial proposed findings of fact and law should be extended. Intervenors and the Secretary request that these submissions be submitted 14 days after the close of trial.

Plaintiffs' position: Plaintiffs object to any extension of time to submit these documents.

11. Additional Statement

Intervenors' Additional Statement: Pursuant to the Court's directive on

January 22, 2019, it is anticipated that the Secretary will be requesting that she be permitted to make substantial and material modifications to her witness and exhibit lists that were submitted to the Court on December 22, 2018. Any revisions to the December 22, 2018 submission that this Court permits may have the effect of substantially interfering with Intervenors' due process rights. Intervenors enter into these stipulations based upon the assumption, in order to be afforded due process, that they have the right to rely upon and incorporate the witnesses and exhibits identified by the Secretary in her December 22, 2018 Supplemental Proposed Joint and Final Pretrial Order submission to the Court. Intervenors shall be permitted to (i) call any such witness at trial, (ii) submit any such witness's deposition transcript as part of the trial record, subject to any restrictions relating to deposition testimony agreed upon by the parties, (iii) submit any such expert witness's report and corresponding schedules, attachments, and affidavits as part of the trial record, and/or (iv) introduce any exhibits at trial or as part of the trial record.

Secretary of State's Response to Intervenors' Additional Statement: The Secretary vehemently disagrees with the Intervenors' Additional Statement.

Respectfully submitted,

Dated: January 25, 2019 /s/*Joseph H. Yeager, Jr.*

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Kevin M. Toner (IN Bar No. 11343-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
Daniel R. Kelley (IN 30706-49)
Matthew K. Giffin (IN 31603-49)
Irina Vaynerman (MN 0396759)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
Daniel.Kelley@FaegreBD.com
Matt.Giffin@FaegreBD.com
Irina.Vaynerman@FaegreBD.com

*Counsel for Plaintiffs*