UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, et al.,

    Plaintiffs,

v.                                     Case No. 2:17-cv-14148

JOCELYN BENSON, in her official      HON. ERIC L. CLAY
capacity as Michigan                     HON. GORDON J. QUIST
Secretary of State, et. al.,               HON. DENISE PAGE HOOD

    Defendants.
———————————————/

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR DETERMINATION OF PRIVILEGE

Pursuant to Federal Rule of Evidence 104(a), Plaintiffs move for a determination of the existence of the attorney-client privilege [ECF Nos. 149, 150] regarding two aspects of this case. First, Plaintiffs seek a determination about whether communications that occurred during certain weekly meetings held in 2011 at the Dickinson Wright law firm were privileged. Second, they request that the Court determine that the privilege log submitted by nonparty map drawer Jeffrey Timmer fails to provide sufficient information to establish that the documents described therein are, in fact, subject to the privilege.[1]

---

[1] The Secretary's attorney-client privilege as to the documents and log now rests in the newly elected Secretary of State, Jocelyn Benson. The new Secretary's attorneys have informed the Court that the Secretary does not intend to defend the current apportionment plans at issue in this case. Nonetheless, the Court addresses the privilege issues as presented in Plaintiffs' motion.

For the reasons that follow, the Court will grant Plaintiffs' motion as to both the weekly meetings and the documents covered by Timmer's privilege log.[2]

## I. <u>Weekly Meetings</u>

The Michigan Redistricting Resource Institute (MRRI), a nonprofit corporation created for the purpose of raising money to fund and defend Republican redistricting plans, retained Dickinson Wright to provide legal representation in connection with the 2010 census and the preparation of the 2011 legislative and congressional maps. [ECF No. 150-12.] MRRI also hired Sterling Corporation and Timmer to draw the congressional map. [ECF No. 129-44 at PageId.4200, 4250.] During 2011, weekly meetings were held at the Dickinson Wright law firm's Lansing office. The weekly meetings occurred on two levels. First, there were the "leadership" meetings, which were organized and attended by Michigan Republican Party leaders, legislators, lawyers, and others. [ECF No. 150-4.] Second, separate "map

---

[2] The Secretary and Timmer argue that the instant motion is both procedurally improper and untimely. The Court disagrees. First, the relief Plaintiffs requested in their brief was not inconsistent with, nor did it expand upon, the relief Plaintiffs sought in their motion. In their motion, Plaintiffs requested that "this Court find the attorney-client privilege inapplicable to the topics, testimony, and documents withheld by the opposing parties." [ECF No. 150 at PageID.5926.] The fact that Plaintiffs requested relief in their brief as to nonparty witnesses, including Timmer, does not alter the scope of Plaintiffs' requested relief because it was the Secretary's counsel, who also represents Timmer, who instructed the various witnesses not to answer on the grounds of the attorney-client privilege [*see* ECF No. 129-43 at PageID.4125] and the Secretary's counsel who prepared Timmer's privilege log and responded to Plaintiffs' motion. Second, the Court considers the motion timely. At least the portion of Plaintiffs' motion pertaining to testimony about weekly meetings is properly treated as a motion in limine. *See Daniels v. Carter-Jones Lumber Co.*, No. ELH-17-982, 2018 WL 1863667, at *4 (D. Md. Apr. 17, 2018) (applying Federal Rule of Evidence 104(a) in the context of a motion in limine). As to the privilege log issue, even if untimely asserted, the Court has broad discretion over docket management and discovery, *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642 (6th Cir. 2018), and, given the fluid nature of this case and important issues it presents, the Court exercises its discretion to consider the motion. *See Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 19 (D.D.C. 2012) (stating that "[w]hile the Court is perfectly justified in denying an untimely motion if it comes too late, it may also exercise its discretion to permit motions to compel coming after the close of discovery").

drawer meetings" were held that included Timmer, the House and Senate map drawers, lawyers from Dickinson Wright, and perhaps others.

Plaintiffs argue that discussions at both types of weekly meetings were not privileged because individuals beyond the scope of the attorney-client privilege were present. The Secretary concedes, at least as to the weekly leadership meetings, that discussions or communications during those meetings were not privileged. [ECF No. 164 at PageID.7074.] In fact, it is undisputed that certain participants, including Michigan GOP Chairman Robert Schostak, were not covered by the privilege. [*Id.*] Accordingly, Plaintiffs are free to inquire about topics or discussions that arose during such meetings.

As for the map drawer meetings, the Secretary argues that the privilege applies because the participants were limited to the map drawers and legal counsel and the meetings were held for the purpose of providing legal advice. Whether other individuals not even arguably covered by the privilege, such as GOP Chairman Schostak, attended the meetings—thus waiving any privilege—presents a disputed question of fact. Nonetheless, the Court concludes that the Secretary and Timmer have failed to show that the privilege attached to communications at the map drawer meetings. The Secretary, as the party asserting the privilege, bears the burden of showing that it applied to communications during the map maker meetings. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). There is no question that Dickinson Wright had an attorney-client relationship with MRRI, and because MRRI also hired Timmer as a consultant, it is reasonable to conclude that Timmer had an attorney-client relationship with Dickinson Wright. However, neither the Secretary nor Timmer cites any evidence showing that Timmer was authorized to act on behalf of the

3

Legislature or that the Legislature (including its map drawers, Began, McMaster, and Marquardt) had an attorney-client relationship with Dickinson Wright. Accordingly, the Secretary and Timmer fail to show that the privilege applies to communications made during the map drawer meetings.

## II. Timmer's Privilege Log

Plaintiffs argue that Timmer failed to provide sufficient information about the documents identified in his privilege log to allow the Court to determine whether the documents are, in fact, privileged. Plaintiffs argue that the Court should either deem the privilege waived based on Timmer's insufficient descriptions in his privilege log or, in the alternative, conduct an *in camera* review of the documents.

Although Plaintiffs have shown that at least some of the documents identified in the privilege log included recipients not covered by the attorney-client privilege, and Plaintiffs cite at least one document included in the log that clearly did not contain privileged communications, the Court need not decide the issue on Plaintiffs' arguments. In its December 14, 2018, Order, the Court directed that "Defendant Johnson shall provide to the Court, for in camera review, six (6) catalogued, well-organized, tabulated binders containing a copy of each item for which she is asserting privilege by (10) days from the date of this Order." [ECF No. 159 at PageID.6338.] The Secretary failed to comply with this directive. The Court warned that if the Secretary "is adopting the privilege log prepared by Timmer, then she must comply with the instructions above if she wishes to rely on Timmer's assertions of privilege." [*Id.* at PageID.6338 n.1.] Furthermore, E.D. Mich. R. 16.2(c)

provides that "[f]or failure to . .. comply strictly with the terms of the joint final pretrial order, the Court may . . . impose . . . appropriate sanctions." In light of the Secretary's failure to comply with the December 14, 2018, Order, the Court deems the privilege waived as to the documents identified in Timmer's privilege log.

Accordingly, for the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Determination of the Existence of Privilege Claims Under F.R.E. 104. [ECF Nos. 149, 150.] The Secretary shall, within **two (2) days** of this Order, produce to Plaintiffs and provide to the Court the documents identified in Timmer's privilege log.

**IT IS SO ORDERED**.

Dated: January 29, 2019 /s/ Gordon J. Quist
Signed for and on behalf of the panel:
HONORABLE GORDON J. QUIST
United States District Judge
HONORABLE ERIC L. CLAY
United States Circuit Judge
HONORABLE DENISE PAGE HOOD
United States District Judge