UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, ROGER J. BRDAK, FREDERICK C. DURHAL, JR., JACK E. ELLIS, DONNA E. FARRIS, WILLIAM "BILL" J. GRASHA, ROSA L. HOLLIDAY, DIANA L. KETOLA, JON "JACK" G. LASALLE, RICHARD "DICK" W. LONG, LORENZO RIVERA and RASHIDA H. TLAIB, <br><br>      Plaintiffs, <br><br>v. <br><br>JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, <br><br>      Defendant. | No. 2:17-cv-14148 <br><br>Hon. Eric L. Clay <br>Hon. Denise Page Hood <br>Hon. Gordon J. Quist |

**DEFENDANT'S NOTICE REGARDING ORDER
GRANTING PLAINTIFFS' MOTION FOR
<u>DETERMINATION OF PRIVILEGE (ECF 216)</u>**

Defendant Jocelyn Benson, in her official capacity as Michigan Secretary of State, by her counsel, Miller, Canfield, Paddock and Stone, P.L.C., submits the following notice regarding this Court's Order Granting Plaintiffs' Motion for Determination of Privilege (ECF 216) ("Privilege Order"):

On December 5, 2018, Plaintiffs filed a motion seeking a determination as to whether the attorney-client privilege shielded from discovery: (a) certain topics of deposition testimony about "weekly redistricting meetings"; and (b) the documents that Jeffrey Timmer, the individual responsible for drawing the maps at issue in this case, identified in his privilege log (the "Timmer Documents").  *See* ECF 150, PageID.5930.  In that motion, the Plaintiffs asked this Court to "find that *Mr. Timmer* has waived any privilege that may otherwise have been applicable to the documents listed on the log." *Id.*, PageID.5944 (emphasis added).  The documents at issue are not the Secretary of State's documents, and neither the current Secretary of State nor her current attorneys possess the Timmer Documents.  Indeed, Plaintiffs did not challenge any assertion of privilege by the *Secretary*, who has never asserted any privilege over documents possessed by *Timmer* precisely because they are not the Secretary's documents and they do not involve the Secretary's privilege.

In her response to the Plaintiffs' motion, the Secretary challenged whether Plaintiffs actually sought relief against the parties to this case, explaining that various *nonparties* had asserted *their* privileges during their depositions, and that Plaintiffs sought to compel production of documents "withheld six months ago during the course of discovery by a nonparty (Jeff Timmer)" and "a determination that privileges do not apply to the communications *multiple other nonparties* had

with Mr. Timmer as relate to these documents." ECF 164, PageID.7069 (emphases added). The Secretary further clarified that she had responded in full to Plaintiffs' discovery requests, and that Plaintiffs did not challenge any of those responses. *Id.*, PageID.7068–69.

In its order to supplement the proposed final pretrial order (ECF 159), this Court noted that the Secretary's former counsel had stated at the Final Pretrial Conference that the privilege log in dispute in this case was prepared by Timmer, not by the Secretary. ECF 159, PageID.6338, n.1. The Court thus directed, as a provision to be included in the parties' supplement to the proposed pretrial order, that the Secretary, "in order to avail herself of the [Timmer] privilege log at trial, … must adopt the privilege log that Timmer created." *Id.* The Court went on to state that "*[i]f* [the Secretary] is adopting the privilege log prepared by Timmer, *then* she must comply with the instructions above [in paragraph 4] if she wishes to rely on Timmer's assertions of privilege." *Id.* (emphases added). Those instructions included submitting to the Court, for in camera review, six catalogued binders "containing a copy of each item for which [the Secretary] is asserting privilege." *Id.* ¶ 4.

In accordance with the Court's directive, when the parties submitted their proposed supplement to the proposed final pretrial order on December 22, 2018 (ECF 172) ("Proposed Supplement"), the Secretary stated:

> Consistent with the Court's footnote 1, the Secretary does not intend to avail herself of Mr. Timmer's privilege log at trial. The Secretary states further that, respectfully, *the privileges asserted by nonparty, Mr. Timmer (as well as the records themselves), do not belong to the Secretary but to Mr. Timmer's clients*, and relate to communications between non-parties that occurred long before this litigation commenced. For the same reason, *the Secretary also does not have the ability to waive those privileges* (nor, logically, does Mr. Timmer have the ability to waive privileges belonging to his clients).

ECF 172, PageID.7267, ¶ 4; ECF 213-1, PageID.8030–31, ¶ 4 (emphases added). The Secretary thus disclaimed any reliance on the Timmer privilege log.

In its order granting the Plaintiffs' privilege motion (ECF 216), this Court stated that "[i]n light of the Secretary's failure to comply with the December 14, 2018, Order, the Court deems the privilege waived as to the documents identified in Timmer's privilege log" and ordered the Secretary to produce to the Plaintiffs and to the Court copies of the Timmer Documents. ECF 216, PageID.8126.

The Secretary respectfully states that she has complied with the Court's December 14 Order by her statement in the Proposed Supplement that she does not intend to avail herself of Timmer's privilege log at trial, and that the privileges asserted by Timmer do not belong to the Secretary. *See* ECF 172, PageID.7267, ¶ 4; ECF 213-1, PageID.8030–31, ¶ 4. The December 14 Order required production of six binder copies of the Timmer Documents only in the event that the Secretary relied upon Timmer's privilege assertions. *See* ECF 159, PageID.6338, ¶ 4, n.1.

Since the Secretary disclaimed Timmer's privilege log, no production of the documents by the Secretary should be required.

Moreover, the Secretary and her counsel respectfully state that the documents as to which Timmer has asserted the attorney-client privilege belong to Timmer and are in the possession and control of Timmer and his counsel. Those documents and communications have not been shared with the current Secretary or her current counsel. Consequently, neither the Secretary nor her current attorneys possess copies of the Timmer Documents that she or her counsel could produce to the Court or Plaintiffs. The Secretary was not a party to those communications and has expressly disclaimed any privilege in the Timmer Documents. *See* ECF 172, PageID.7267, ¶ 4; ECF 213-1, PageID.8030–31, ¶ 4.

After receiving the Court's Privilege Order on January 29, 2019, counsel for the Secretary conferred with Timmer's counsel at Dickinson Wright to determine whether Dickinson Wright would provide copies of the Timmer Documents to the Court and to Plaintiffs, as required by the Privilege Order. On January 30, 2019, counsel at Dickinson Wright informed the Secretary's counsel at Miller Canfield that Mr. Timmer, though his counsel at Dickinson Wright, has agreed to produce the Timmer Documents per the Court's Privilege Order.

Since the Timmer Documents are not in the Secretary's possession or control, and Timmer and his counsel have agreed to provide those documents in

response to the Court's order, the Secretary and her counsel respectfully submit that, for the reasons stated above, it would be impossible and unnecessary for the Secretary to also produce the Timmer Documents by the January 31, 2019, deadline set forth in the Court's Privilege Order. The Secretary and her counsel, therefore, respectfully request that the Court refrain from enforcing its Privilege Order against the Secretary and her counsel. *Cf. Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 802 (6th Cir. 2017), *reh'g den.* (Dec. 21, 2017), *cert. den.*, 138 S. Ct. 2576 (2018) (stating that further sanctions would be unwarranted where party demonstrated "(1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took 'all reasonable steps' to comply"); *Elec. Workers Pension Tr. Fund of Local Union No. 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

Finally, the Secretary wishes to clarify the scope of the privilege at issue in this dispute. As explained in the Proposed Supplement and herein, the privilege asserted over the Timmer Documents belongs to Jeffrey Timmer as Dickinson Wright's client, and Jeffrey Timmer is the individual who has asserted that privilege over the Timmer Documents. *See Brigham & Women's Hosp. Inc. v. Teva Pharm. USA, Inc.*, 707 F. Supp. 2d 463, 469–70 (D. Del. 2010). The Secretary has never asserted the attorney-client privilege, or any privilege, over the Timmer Documents. The Secretary was not involved in the communications

comprising the Timmer Documents, and she has no interest or privilege to claim with respect to those documents. *See Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). Thus, there is no "privilege [to be] waived as to the documents identified in Timmer's privilege log" as relates to the Secretary.

    Respectfully submitted,

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    By: */s/ Scott R. Eldridge*
        Michael J. Hodge (P25146)
        Scott R. Eldridge (P66452)
        Erika L. Giroux (P81998)
        *Attorneys for Defendant Secretary of State*
        One Michigan Avenue, Suite 900
        Lansing, MI 48933
        (517) 487-2070
        hodge@millercanfield.com
        eldridge@millercanfield.com
        giroux@millercanfield.com

Dated: January 31, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

    Respectfully submitted,

    */s/ Scott R. Eldridge*

32881832.1\088888-04644

-7-