# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS<br>OF MICHIGAN, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 2:17-cv-14148<br>) |
| JOCELYN BENSON, in her official<br>capacity as Michigan Secretary of<br>State, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER RE: PARTIES' PARTIAL STIPULATIONS AND REPORT

On January 25, 2019, the parties submitted a report to the Court that included agreed-upon solutions and separate proposals that were intended to limit the number of days required for trial. Having reviewed the report, the Court orders the following:

1. All exhibits on all exhibit lists may be offered into evidence without objection, except that the parties may raise objections to these exhibits in post-trial briefs or during cross-examination, which objections may include only those objections expressly reserved (regardless of which party reserved them) in the parties' Proposed Supplement to the Joint and Final Pretrial Order (ECF No. 172). This section does not apply to the expert reports and graphics that are addressed in section 4 below.

2. Except as set forth in section 3 below, the individual plaintiffs and the League member voters (collectively, "Voter Witnesses") who reside at the addresses set forth in Ex. 6 to the Smith deposition, will testify by evidence deposition taken on a schedule to be worked out in good faith among the parties between February 4, 2019 and February 12, 2019.

Each witness' evidence deposition will be subject to the following time constraints: 40 minutes for direct examination; 40 minutes for cross-examination; and 10 minutes for redirect examination.

The parties will work in good faith to schedule depositions in Detroit, Lansing, and in other Michigan cities if feasible. In addition, some Voter Witnesses with travel, health, or other issues may not be available during the period from February 4, 2019 through February 12, 2019. Plaintiffs will identify these Voter Witnesses at least 48 hours before the proposed deposition, supplying declaration or other documentation of their issue, and the parties will conduct these Voter Witnesses' depositions on or after January 28, 2019 when they are available. These depositions will occur in Michigan, or by telephone or videoconference if the Voter Witness is not in Michigan. If the parties cannot agree on one or more of these matters, they will submit the issue to the Court.

3. Plaintiffs, the Secretary, and Intervenors will each be allowed to identify up to 3 Voter Witnesses to testify, inter alia, about each of the challenged maps. For each witness called pursuant to this section, the parties will be allowed: 2 hours for direct examination; 1 hour and 30 minutes for cross-examination; and 20 minutes for redirect examination. Parties may not raise any new issues on redirect examination and may only respond to the previous cross-examination. Plaintiffs agree to produce any Voter Witness identified by the Secretary or Intervenors if they are available to travel during the time frame of the trial. Excuses to designations hereunder will be governed by the standards set forth in Fed.R.Civ.P.32(a)(4) and related principles.

4. Any party may offer the entire deposition transcript of a non-expert witness who does not testify live in that party's case at trial into evidence as if it were in-court testimony, without objection based on the out-of-court nature of the testimony. All parties reserve all other objections to such deposition testimony, with objections to be stated in connection with post-trial briefing, and ruled upon by the Court as necessary. The parties agree that such objections may not be stated in separate written motions and must be included within the maximum page limit that the Court establishes for the post-trial briefs.

5. Any party may call any expert witness to testify at trial. In lieu of calling an expert witness live at trial, any party may submit any expert testimony through deposition transcript and corresponding exhibits, expert report along with corresponding schedules and attachments, and any affidavit previously identified in the parties' Proposed Supplement to the Joint and Final Pretrial Order. This agreement is not intended to modify or limit the parties' rights as set forth in the Proposed

Supplement to the Joint and Final Pretrial Order, except as provided expressly in this Order.[1]

6. These time limits will be followed for the witnesses called at trial:

   a. Voter witnesses – as set forth in sections 2 and 3 above.

   b. Expert witnesses: 90 minutes for direct examination by the proponent of the witness; 15 minutes for direct examination for the Secretary; 90 minutes for cross-examination; and 25 minutes for redirect examination.

   c. Former Legislators, Legislative staff and other participants in the redistricting process, including Schostak and Labrant: 30 minutes for direct examination by the proponent of the witness; 15 minutes for direct examination for the Secretary; 30 minutes for cross-examination; and 10 minutes for redirect examination.

   d. Timmer: 60 minutes for direct examination by the proponent of the witness; 30 minutes for direct examination for the Secretary; 60 minutes for cross-examination; and 15 minutes for redirect examination.

   e. Party representatives (e.g. Sue Smith): 60 minutes for direct examination by the proponent of the witness; 30 minutes for direct examination for the Secretary; 60 minutes for cross-examination; and 15 minutes for redirect examination.

   f. Mike Vatter: 95 minutes for direct examination by the proponent of the witness; 15 minutes for direct examination for the Secretary; 95 minutes for cross-examination; and 15 minutes for redirect examination.

   g. Other listed witnesses: 30 minutes for direct examination by the proponent of the witness; 15 minutes for direct examination for the Secretary; 30 minutes for cross-examination; and 10 minutes for redirect examination.

---

[1] Plaintiffs requested that this section not apply to witness Thomas Brunell, but have not offered any reasons as to why the Court should require Brunell to testify in person. Since Plaintiffs have failed to explain their position on this matter, section 5 will be applicable to Brunell.

7. Opening statements will be limited to 20 minutes for Plaintiffs, the Secretary, and Intervenors. Closing arguments are waived in favor of the proposed findings of fact and conclusions of law submitted with the parties' accompanying briefs.

8. Each party will have until February 1, 2019 at 6:00 pm to exchange demonstrative exhibits for review by the other parties.

9. Plaintiffs will submit revised "may call/will call" witness lists to the Court and copy all parties by noon on January 26, 2019. The Secretary and Intervenors shall submit revised "will call/may call" witness lists to the Court and copy all parties by the close of business on January 31, 2019. The Secretary and Intervenors will try in good faith to limit the number and length of live witnesses with the goal of completing the trial in one week.

10. The current deadline for submitting proposed findings of fact and conclusions of law, February 22, 2019, will not be extended at this time. If the Court finds it necessary to extend that deadline at the conclusion of trial, it will do so then.

11. Unless otherwise ordered by the Court, Intervenors may rely upon and incorporate the witnesses and exhibits identified by the Secretary in the Proposed Supplement to the Joint and Final Pretrial Order. Intervenors shall be permitted to: (i) call any such witness at trial; (ii) submit any such witness's deposition transcript as part of the trial record, subject to any restrictions relating to deposition testimony agreed upon by the parties; (iii) submit any such expert witness's report and corresponding schedules, attachments, and affidavits as part of the trial record; and/or (iv) introduce any exhibits at trial or as part of the trial record.

IT IS SO ORDERED.

Dated: February 1, 2019

<u>/s/ Denise Page Hood</u>
Signed for and on behalf of the panel:

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE GORDON J. QUIST
United States District Judge
