## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:17-cv-14148 |
| JOCELYN BENSON, in her official capacity as Michigan Secretary of State, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER GRANTING THE MICHIGAN SENATORS' MOTION TO INTERVENE (ECF Nos. 206, 207) AND THE MICHIGAN SENATE'S MOTION TO INTERVENE (ECF No. 208, 209)

Two motions to intervene are pending before the Court: the Motion to Intervene filed by Jim Stamas, Ken Horn, and Lana Theis (the "Michigan Senators") (*see* ECF Nos. 206, 207) and the Motion to Intervene filed by the Michigan Senate (*see* ECF Nos. 208, 209). The Michigan Senators and the Michigan Senate argue that they are entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1). The Michigan Senators and the Michigan Senate state that they are "prepared to fully participate . . . in trial . . . without the need to adjust the schedule or otherwise delay proceedings." (ECF No. 206 at PageID #7715 (Michigan Senators); ECF No. 208 at PageID #7789 (Michigan Senate).)

In connection with motions to intervene as a matter of right, *see* Federal Rule of Civil Procedure 24(a)(2), the Sixth Circuit "has interpreted the language of [Rule 24(a)(2)] to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)).

The Michigan Senators and the Michigan Senate have arguably satisfied the second, third, and fourth factors for intervention as of right. They believe they possess a substantial legal interest in defending the existing Senate Districts; their ability to protect their interest could be impaired absent intervention; and no existing party adequately represents that interest because Defendant Secretary of State Jocelyn Benson has elected not to defend the existing Michigan Senate maps and no Michigan Senate member is currently in the case.

Regarding the first factor, there is some question as to whether the motions to intervene are sufficiently timely. The Michigan Senators and the Michigan Senate should have filed their motions much earlier on in this litigation. The Michigan Senators moved to intervene on January 22, 2019, two weeks prior to the start of trial. The Michigan Senate moved to intervene on January 24, 2019, a mere twelve days before trial is scheduled to begin.  Both parties attempt to justify their dilatory filings by the fact that Defendant Secretary of State Jocelyn Benson recently replaced her predecessor as

Defendant and, unlike former Secretary of State Ruth Johnson, refuses to defend the existing legislative maps. However, these explanations fail to excuse the tardiness of the motions; the prospect of a change in the legal position of the Secretary of State as a consequence of Benson's election has been known for quite some time.

Notwithstanding the tardiness of the Michigan Senators' and the Michigan Senate's motions to intervene, and in light of the Michigan Senators' and the Michigan Senate's representations that they "are prepared to fully participate" in trial "without the need to adjust the schedule or otherwise delay proceedings[,]" the Court will, pursuant to its authority to manage its docket, permit the Michigan Senators and the Michigan Senate to intervene. However, the Michigan Senators and the Michigan Senate will not be permitted to engage in discovery or file pre-trial motions, as the deadlines to obtain discovery and to file pretrial motions expired long ago and the commencement of trial is imminent. The Michigan Senators and the Michigan Senate must abide by all orders and deadlines already in place. Trial will commence as scheduled on February 5, 2019, at 9:00 am.

IT IS SO ORDERED.

Dated: February 1, 2019

/s/ Eric L. Clay
Signed for and on behalf of the panel:

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE GORDON J. QUIST
United States District Judge