UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR.,
JACK E. ELLIS, DONNA E.
FARRIS, WILLIAM "BILL" J.
GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.
LASALLE, RICHARD "DICK" W.
LONG, LORENZO RIVERA and
RASHIDA H. TLAIB,

    Plaintiffs,

v.

JOCELYN BENSON, in her official
Capacity as Michigan
Secretary of State,

    Defendant.

No. 2:17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO INTERVENORS'
MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND
DEFER CONSIDERATION OF SETTLEMENT AGREEMENT**

For the reasons set forth in the accompanying brief, Defendant Jocelyn Benson, in her official capacity as Michigan Secretary of State, by her counsel, Miller, Canfield, Paddock and Stone, P.L.C., respectfully requests that this Court deny the Intervenors' Motion for Leave to Conduct Limited Discovery and Defer Consideration of Settlement Agreement (ECF 205).

                    Respectfully submitted,

                    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                    By:  */s/Scott R. Eldridge*
                            Michael J. Hodge (P25146)
                            Scott R. Eldridge (P66452)
                            Erika L. Giroux (P81998)
                            *Attorneys for Defendant Secretary of State*
                            One Michigan Avenue, Suite 900
                            Lansing, MI  48933
                            (517) 487-2070
                            hodge@millercanfield.com
                            eldridge@millercanfield.com
                            giroux@millercanfield.com

Dated: February 5, 2019

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS
OF MICHIGAN, ROGER J. BRDAK,
FREDERICK C. DURHAL, JR.,
JACK E. ELLIS, DONNA E.
FARRIS, WILLIAM "BILL" J.
GRASHA, ROSA L. HOLLIDAY,
DIANA L. KETOLA, JON "JACK" G.
LASALLE, RICHARD "DICK" W.
LONG, LORENZO RIVERA and
RASHIDA H. TLAIB,

    Plaintiffs,

v.

JOCELYN BENSON, in her official
Capacity as Michigan
Secretary of State,

    Defendant.

No. 2:17-cv-14148

Hon. Eric L. Clay
Hon. Denise Page Hood
Hon. Gordon J. Quist

## DEFENDANT'S BRIEF IN OPPOSITION TO INTERVENORS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND DEFER CONSIDERATION OF SETTLEMENT AGREEMENT

## STATEMENT OF QUESTION OR ISSUE PRESENTED

Should the Intervenors be allowed to take discovery months after the discovery deadline has passed, where the premise of that discovery has largely been mooted out and the remainder is based upon unfounded speculation?

**Plaintiffs' answer: undetermined.**

**Defendant Secretary of State's answer: no.**

**Congressional and Legislative Defendant-Intervenors' answer: yes.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 16(b)(4)

*Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011)

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)

## INTRODUCTION

For most of the past month, the Secretary and the Plaintiffs were actively involved in negotiating a resolution to this case that would rectify the most extreme effects of any past partisan gerrymandering while conserving State and taxpayer resources. When the Intervenors apparently realized that negotiations were intensifying, their response, rather than engaging in that process, was to file the instant motion, seeking broadly irrelevant and burdensome discovery that includes effectively every document and communication the Secretary has ever had regarding this lawsuit and the League of Women Voters generally. With the proposed consent decree denied, the discovery sought by Intervenors is largely moot and, moreover, irrelevant in the first instance to any issue that will be tried in this case. By contrast, that discovery would be prejudicial to the Secretary, particularly at this late stage of the case. The Intervenors' motion should therefore be denied.[1]

## FACTUAL BACKGROUND

Plaintiffs initially commenced this case against Ruth Johnson, the current Secretary's predecessor in office. Discovery closed on August 24, 2018. *See* ECF 53, PageID.939. In November 2018, Michigan voters elected Jocelyn Benson as

---

[1] Although the Court expressed skepticism over the Intervenors' request for "limited discovery" during the January 22, 2019 status conference, the Court has not yet formally ruled on the motion. The Secretary of State timely submits this response so as not to leave Intervenors' motion unanswered.

Secretary of State. Secretary Benson was sworn in on January 1, 2019, and automatically substituted as a party defendant in this case.

Shortly thereafter, the Plaintiffs and the Secretary entered into settlement negotiations in an to resolve this case through the entry of a consent decree. On January 10, 2019, Plaintiffs' counsel advised counsel for the Intervenors that the parties had begun preliminary discussions as to possible settlement of the case and outlined a potential settlement structure. Intervenors' counsel, although initially insisting on being a part of such negotiations, did not actually participate in settlement discussions. After the Secretary and the Plaintiffs indicated their desire to agree on a consent decree in their respective responses to the Intervenors' motion to stay trial, *see* ECF 199, 200, the Intervenors filed the instant motion seeking broad categories of discovery from the Secretary, including, among other content:

- All documents, communications, emails and/or text messages between Benson and any member or official of the League of Women Voters of Michigan from October 17, 2017 to the present. ECF 205-2, Request No. 2.

- All documents, communications, emails and/or text messages in Benson's possession that refer, relate to, or discuss Plaintiffs' lawsuit. ECF 205-2, Request No. 5.

- All documents, communications, emails and/or text messages in Benson's possession that refer, relate to, or discuss the League of Women Voters of Michigan or any other League of Women Voters chapter. ECF 205-2, Request No. 6.

-4-

- All documents evidencing contributions by any member or official of the League of Women Voters of Michigan to Benson's campaign for Michigan Secretary of State. ECF 205-2, Request No. 8.

- All documents, articles, publications or other writings Benson has authored or co-authored regarding gerrymandering, drawing political lines or any other legal issue asserted by Plaintiffs in their Complaint. ECF 205-2, Request No. 10.

- All statements prepared for Benson or on her behalf, copies of speeches prepared for Benson or on her behalf, or any other written document prepared for Benson regarding Plaintiffs' lawsuit. ECF 205-2, Request No. 12.

The Intervenors also sought to defer a ruling on the consent decree until the proposed discovery had concluded. ECF 205, PageID.7666.

As negotiations continued over the final terms of the proposed consent decree, and despite repeated requests for their input, the Intervenors did not propose any alternative settlement terms or engage substantively in the negotiations. Rather, the Intervenors simply objected.

On January 25, 2019, the Secretary and the Plaintiffs filed a proposed compromised consent decree with the Court that would have submitted certain Michigan House districts to the Michigan Legislature for redrawing for the 2020 House elections. ECF 211-1. This Court denied the joint motion to approve the consent decree on February 1, 2019.

-5-

## ANALYSIS AND ARGUMENT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the moving party has established good cause, the court considers several factors including (1) when the movant learned of the issue that is the subject of discovery; (2) how the discovery would affect the outcome of the proceeding; (3) the length of the discovery period; (4) whether the movant was diligent in pursuing discovery; and (5) whether the adverse party was responsive to discovery. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). The court should also consider whether the party from whom discovery is sought would be prejudiced by modifying the scheduling order. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

The Intervenors cannot carry that burden here. As a threshold matter, the grounds for the Intervenors' motion are moot. Intervenors posit that the discovery is necessary for a "meaningful analysis" of whether the consent decree proposed by the parties was fair, adequate, reasonable, and consistent with the public interest. *See* ECF 205, PageID.7661, ¶ 11; PageID. 7663, ¶¶ 16–17. Intervenors also repeatedly emphasize that their request is timely and has been diligently prosecuted in relation to when the Intervenors learned of the settlement negotiations between the parties. ECF 205, PageID.7663, ¶ 15 ("This was the first

time that Intervenors had learned that actual settlement discussions were ongoing . . . ."); PageID.7665, ¶ 19 ("Intervenors filed this motion less than one week after learning that [the parties] are prepared to submit a settlement agreement to the Court . . . ."). But the consent decree with which the Intervenors are concerned was denied by this Court on February 1, and trial commences today; there is therefore no remaining basis to justify the discovery sought by the Intervenors, and the discovery motion is moot. Their request to defer consideration of the consent decree pending discovery is likewise also moot.

To the extent that any portion of Intervenors' request remains live at this late date, the information sought is wholly irrelevant to any triable issue regarding the claims and defenses in this case. The core dispute among the parties is whether Michigan's 2011 redistricting plan was the result of unconstitutional partisan gerrymandering. No communications by Jocelyn Benson from October 2017 onward can change the facts as they existed in 2011, nor can any article or statement on redistricting written by Jocelyn Benson at any point in time. The discovery sought would therefore have no impact on the outcome of the trial. *See Bentkowski*, 637 F.3d at 696.

In addition, responding to the Intervenors' discovery requests while trial, including numerous trial depositions, are ongoing would prejudice the Secretary's ability to fully participate in the trial and defend her interests. *See Inge*, 281 F.3d

at 625; *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009). The Intervenors appear to recognize the potential for prejudice inherent in their request, as they premise their assertion that "there is no prejudice" on their assumption that the trial date would be stayed. *See* ECF 205, PageID.7666, ¶ 21 ("*Given that* [the parties] have agreed to a stay of the trial date in this matter, there is no prejudice . . . .") (emphasis added). The Intervenors have therefore failed to demonstrate good cause for allowing additional discovery at this late date.

## CONCLUSION

For all of the foregoing reasons, the Intervenors' Motion for Leave to Conduct Limited Discovery and Defer Consideration of Settlement Agreement (ECF 205) should be denied.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/Scott R. Eldridge*
    Michael J. Hodge (P25146)
    Scott R. Eldridge (P66452)
    Erika L. Giroux (P81998)
    *Attorneys for Defendant Secretary of State*
    One Michigan Avenue, Suite 900
    Lansing, MI  48933
    (517) 487-2070
    hodge@millercanfield.com
    eldridge@millercanfield.com
    giroux@millercanfield.com

Dated: February 5, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Scott R. Eldridge*

32920737.1\088888-04644

-9-