# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS ) <br> OF MICHIGAN, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> JOCELYN BENSON, in her official ) <br> Capacity as Michigan ) <br> Secretary of State, et al., ) <br> ) <br>     Defendants. ) | Case No. 2:17-cv-14148 <br><br> Hon. Eric L. Clay <br> Hon. Denise Page Hood <br> Hon. Gordon J. Quist <br><br> **PLAINTIFFS' RESPONSE TO INTERVENORS' "NOTICE REQUESTING RULING ON OBJECTIONS"** |

Joseph H. Yeager, Jr. (IN 2083-49)
Kevin M. Toner (IN 11343-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
Daniel R. Kelley (IN 30706-49)
Matthew R. Kinsman (IN 32032-71)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
Daniel.Kelley@FaegreBD.com
Matthew.Kinsman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@goodmanacker.com

*Counsel for Plaintiffs*

US.122098891.01

## PLAINTIFFS' RESPONSE TO INTERVENORS' "NOTICE REQUESTING RULING ON OBJECTIONS"

On Saturday, February 23rd, Congressional and Legislative Intervenors (collectively, "Intervenors") filed their "Congressional and State House Intervenors' Notice Requesting Ruling on Objections" (ECF No. 259) ("Notice"). This "Notice" to the Court is untimely and violates Intervenors' prior promises not to delay these proceedings, and by the burden it seeks to impose would undermine the progress of this case and violate the spirit and letter of the parties' evidentiary stipulations, the Court's order thereon (ECF No. 234) ("Stipulation Order"), and the Court's final instructions to counsel at trial (Tr., ECF No. 250 at PageID #9349:3—9351:8).

**UNTIMELY**

Before trial, the parties stipulated and the Court ordered that objections to exhibits may be "[raised] … in post-trial briefs." (Stipulation Order, ECF No. 235 at PageID #8367, ¶ 1.) At the end of the trial the Court directed that all post-trial briefing would be part of the proposed findings of fact and conclusions of law. (Tr., ECF No. 250 at PageID #9349:11—9350:19.) As to timing, the Court instructed "**In any event, all those submissions, whatever you have, and whatever the two sides are going to offer should be submitted on or before February 22nd.**" (*Id.* at PageID #9348:3-14 (emphasis added).) The Court was clear that there would be no separate post-trial brief. (*Id.* at PageID #9350:7-19.)

2

All parties filed their submissions as instructed on February 22nd. The plaintiffs raised objections to two exhibits in their submission (Plaintiffs' Submission, ECF No. 257 at PageID #10543-4). Intervenors timely raised four specific objections in their February 22nd filings. They objected to Prof. Chen's report, demonstration maps analyzed by Prof. Mayer, and to gerrymandering metrics generally. (Congressional and House Intervenors' Submission, ECF No. 258 at PageID# 11105-07, 11111-12, 11115-19.)

However, after the February 22nd deadline, Intervenors filed their Notice, purporting to add 65 pages of further objections on which they belatedly seek rulings.

The Notice was not timely filed because objections were due the prior day, with Intervenors' timely objection, and therefore Intervenors waived the objections identified in the Notice. Under all the circumstances here, the Court should not excuse that waiver.

**OVERLENGTH**

Even were it timely, the Notice should still be rejected as an evasion of the 50-page limit on briefing. As discussed above, the Court made clear at the end of trial that there would no post-trial "briefing" beyond the material included in the proposed conclusions of law, and the panel directed the parties to limit their proposed conclusions to 50 pages or less. (*See* Tr., ECF No. 250 at PageID #9350:14-19.) Intervenors' proposed conclusions of law consumed 49 pages. (*See* ECF No. 258 at PageID #11102—11150.) Now, apparently believing themselves freed from the

3

Court's instructions regarding page limits on post-trial submissions, the Intervenors have asked the Court to rule on 987 separate objections directed to 475 exhibits on Plaintiffs' Supplemental Trial Exhibit List (ECF No. 172-1, filed December 22, 2018). The list of 987 objections alone consumes 65 pages. (Notice, Exhibit A, ECF No. 259-1 at PageID #11156—11220.) Thus, the Intervenors' mere enumeration of defense objections exceeds the entire limit on post-trial briefing, of which this must surely be considered a part.[1]

**DISRUPTIVE OF CASE PROGRESS**

Contrary to any reasonable or practical application of the Stipulation Order and the parties' underlying agreement, and disregarding the Court's clearly-stated intent to move this case forward expeditiously, the Intervenors now seek to require the Court to divert judicial resources to consider and rule upon nearly one thousand post-trial objections. Length aside, the Notice also includes even at first glance objections that are facially specious. For example:

- Intervenors object to Plaintiffs' Trial Exhibit 124, "Mayer Report Appendix- Baseline Vote Shares and Demographics of Enacted and Demonstration Plans- Table A6- Demonstration Plan, Michigan Lower House page 94" as irrelevant, even though it reflects analysis of the asymmetry of the enacted and of demonstration maps at issue in this case.

- Intervenors object to Plaintiffs' Trial Exhibit 184, "HOUSE0002779- June 17, 2011 House GOP Talking Points," on the basis of "foundation" and relevance, even though it was produced by the Michigan House (*see, e.g.*,

---

[1] Plaintiffs will respond separately to Intervenors' and Senate Intervenors' pending motions (ECF Nos. 252, 253) under Fed. R. Civ. P. 52(c) which compound the effect of evading the Court's briefing limits.

4

      Bates number "HOUSE0002780") and talks about drawing and promulgating of the very plans at issue in this case.

- Intervenors object to Plaintiffs' Trial Exhibit 186, LEGR-003906, an email urging a legislator not to "give the 55th District back to the Democrats without a fight!" as irrelevant under Rule 402 and as hearsay under Rule 802. The exhibit addresses directly the district-by-district dispute in this case and is offered not solely for its truth but for the fact that these communications were being made and for mental state and intent. It is also in any event within the present mental state exception in F.R.E. 803(3).

- Intervenors object to Plaintiffs' Trial Exhibits 262 and 263—errata to the Chen and Mayer Reports—as hearsay even though they do not object to the underlying reports as hearsay.

- Intervenors object to a series of enacted and proposed Senate maps (Plaintiffs' Trial Exhibits 327—356) as irrelevant and lacking foundation even though they were produced by legislative Republicans (*see, e.g.*, Bates numbers LEGR-xxxx) and disclose part of the process of drawing those districts, several of which are directly at issue in this case.

(Congressional and House Intervenors' Submission, ECF No. 258 at PageID #11105-07, 11111-12, 11115-19.)

      The broad and unnecessary scope of the Notice also runs afoul of Legislative Intervenors' and the Congressional Intervenors' commitments to the Court to work to avoid delay. *See, e.g.,* "Individual Michigan Legislators Reply in Support of Their Motion to Intervene" (ECF No. 85 at PageID #2033-2034) (acknowledging Court's right to set limits to avoid delay and committing "to work in any expedited schedule the Court may order"); *see also* "Motion to Intervene by Republican Congressional Delegation," (ECF No. 21 at PageID #218) (permitting intervention will allow them to assert defenses "without any delay or disruption to the litigation"). Creating this

post-trial roadblock to the Court's work threatens the very delay and disruption that Intervenors promised to avoid.

Relieving Intervenors of their untimely request for rulings on 987 post-trial objections would impose significant unnecessary burden on the Court and would inevitably complicate and delay the Court's work in deciding this case. Such a make-work digression would fly directly into the teeth of the Court's stated intent and the needs of this case. It would also for no good reason violate the command of Fed. R. Civ. P. 1: "These rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

WHEREFORE, plaintiffs respectfully request that the Court enter an order denying the relief sought in the "Notice" as untimely and in violation of the Court's instructions regarding length of briefing, or alternatively, plaintiffs request that the Court set a schedule giving plaintiffs sufficient time to respond to the 987 objections set forth in the "Notice," and that the Court grant all other appropriate relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  February 26, 2019 | */s/ Joseph H. Yeager, Jr.* |

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
Fax: 248-483-3131
MBrewer@goodmanacker.com

Joseph H. Yeager, Jr. (IN Bar No. 2083-49)
Kevin M. Toner (IN Bar No. 11343-49)
Harmony A. Mappes (IN Bar No. 27237-49)
Jeffrey P. Justman (MN Bar No. 390413)
Daniel R. Kelley (IN 30706-49)
Matthew R. Kinsman (IN 32032-71)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
Daniel.Kelley@FaegreBD.com
Matthew.Kinsman@FaegreBD.com

*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on February 26, 2019, I caused to have electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Joseph H. Yeager, Jr.*

US.122098891.01