UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 2:17-cv-14148 |
| JOCELYN BENSON, in her official capacity as Michigan Secretary of State, et al., | ) ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER DENYING CONGRESSIONAL AND STATE HOUSE INTERVENORS' NOTICE REQUESTING RULING ON OBJECTIONS (ECF No. 259)**

Before the Court is the Notice Requesting Ruling on Objections ("Request") filed by Congressional and State House Intervenors ("Intervenors") on February 23, 2019 (ECF No. 259). In response, Plaintiffs argue that the Court should deny Intervenors' Request because it is untimely, violates the Court's Pretrial Order Regarding Parties' Partial Stipulations and Report ("Pretrial Order") (ECF No. 234), and is merely an attempt to circumvent the 50-page limit that the Court established for proposed conclusions of law. (*See* Pl. Resp. to Intervenors' "Notice Requesting Ruling On Objections", ECF No. 261.) For the reasons stated below, the Court agrees with Plaintiffs and **DENIES** Intervenors' Request.

First, Intervenors' Request is untimely. At trial, the Court clearly stated that "the proposed findings of fact and proposed conclusions of law are due on February the 22nd . . . ." (Trial Tr., ECF No. 250 at PageID #9347.) The Court further advised that "submissions, *whatever you have, and whatever the two sides are going to offer* should be submitted on or

before February 22nd." (*Id.* at PageID #9348) (emphasis added). Intervenors filed their Request after February 22. Therefore, Intervenors' Request is untimely.

Furthermore, Intervenors' Request violates the Pretrial Order entered by the Court (*see* ECF No. 234). In the Pretrial Order, the Court ordered that "[a]ll exhibits on all exhibit lists may be offered into evidence without objection, except that the parties may raise objections to those exhibits *in post-trial briefs* . . . ." (*Id.* at PageID #8367) (emphasis added). Intervenors' Request contains 987 separate objections to 475 exhibits that Plaintiffs included on their exhibit list. However, Intervenors did not file their objections to Plaintiffs' exhibits in their post-trial briefs, as required by the Court's Pretrial Order. Rather, they filed their objections in their (untimely) Request, a separate document which contains no argument in support of the objections, but rather is a grid containing only a brief description of each exhibit and a brief, cursory summary of the nature of Intervenors' objection(s) to each exhibit. (*See* ECF No. 259-1.) By filing the objections in a separate filing, rather than in their post-trial briefs, Intervenors failed to comply with this Court's Pretrial Order.

Intervenors' Request appears to be an attempt to circumvent the page limit that the Court imposed on the parties' post-trial briefs. On the last day of trial, the Court stated that while it would not limit the length of the parties' proposed findings of fact, it would limit the parties' proposed conclusions of law to fifty (50) pages. (Trial Tr., ECF No. 250 at PageID #9350.) Intervenors filed their Proposed Findings of Fact and Conclusions of Law on February 22, 2019. (*See* ECF No. 258.) Intervenors' Proposed Findings of Fact total 278 pages. (*Id.*) Their Proposed Conclusions of Law total 49 pages. (*Id.*) In their Proposed Conclusions of Law, Intervenors raised specific objections to several of Plaintiffs' exhibits. For example, Intervenors argued that the Court should exclude Dr. Jowei Chen's expert report and simulations (*see id.* at PageID

#11105-06), the demonstration maps submitted by Dr. Kenneth Mayer (*see id.* at PageID #11112-13), and Plaintiffs' experts' gerrymandering metrics more generally (*id.* at PageID #11115-19). However, in their Proposed Conclusions of Law, Intervenors failed to object to the overwhelming majority of the 475 exhibits they object to in their Request, which totals an additional 65 pages (*see* ECF No. 259-1). The Court will not permit Intervenors to evade the page limit permitted by the Court by presenting their objections in their Request rather than in their Proposed Conclusions of Law, as required by this Court's Pretrial Order and the Court's directions at trial.

Therefore, Intervenors' Request (ECF No. 259) is **DENIED.**

IT IS SO ORDERED.

Dated: March 1, 2019

/s/ Eric L. Clay
Signed for and on behalf of the panel:

HONORABLE ERIC L. CLAY
United States Circuit Judge

HONORABLE DENISE PAGE HOOD
United States District Judge

HONORABLE GORDON J. QUIST
United States District Judge