UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, et al.,

    Plaintiffs,

v.

JOCELYN BENSON, in her official
capacity as Michigan Secretary of State,
et al.

    Defendants.
_____/

Case No. 2:17-CV-14148

HON. ERIC L. CLAY
HON. DENISE PAGE HOOD
HON. GORDON J. QUIST

## ORDER DENYING INTERVENORS' RULE 52(C) MOTIONS FOR JUDGMENT ON PARTIAL FINDINGS

Before the Court are the Michigan Senate and the Michigan Senators' Rule 52(c) Motion for Judgment on Partial Findings (ECF No. 252) and the Congressional and House Intervenors' Rule 52(c) Motion for Judgment on Partial Findings (ECF No. 253). Intervenors request a ruling from this Court that Plaintiffs lack standing to bring their claims and a complete dismissal of all of Plaintiffs' claims. In response, Plaintiffs argue that the motions are (1) untimely and procedurally improper because they were brought after Intervenors introduced evidence at trial; and (2) violate the Court's instructions to limit post-trial conclusions of law to 50 pages and contradict Intervenors' representations to the Court. (*See* Pls. Combined Resp. to Intervenors' Fed. R. Civ. P. 52(c) Motions, ECF No. 263.) For the reasons stated below, the Court **denies** Intervenors' Rule 52(c) Motions for Judgment on Partial Findings.

Although the motions may be authorized by the Federal Rules of Civil Procedure, the motions contravene the Court's directives on post-trial submissions of conclusions of law. The Court specifically stated that conclusions of law would be limited to no more than fifty (50) pages and should be included in the same document as the proposed findings of fact. (Bench Trial Tr. Vol. III, ECF No. 250 at PageID #9349:4-9350:12.) In clarification, Plaintiffs' counsel asked if the fifty (50) pages of conclusions of law "would include whatever we think we need to say about the law," to which the Court answered, "Yes, yes. Exactly." (*Id*. at PageID #9350:16-19.)

Intervenors argue in their replies (ECF Nos. 265, 266) that the Rule 52(c) motions are entirely separate from the fifty-page limit on conclusions of law, but that is not correct. Rule 52(c) states that a "judgment on partial findings must be supported by findings of fact and *conclusions of law*." (Emphasis added). Moreover, Intervenors ask the Court to incorporate the substance of their Rule 52(c) motions into their conclusions of law in post-trial briefing. (*See e.g.*, Senate Intervenors' Conclusions of Law, ECF No. 254 at PageID #10349 ("The Senate Defendants incorporate the findings of fact, arguments, and *conclusions of law* contained in their Motion for Judgment on Partial Findings and Brief in Support herein by reference.") (emphasis added); Congressional and House Intervenors' Conclusions of Law, ECF No. 258 at PageID #11114 (citing their Rule 52(c) motion in the context of their standing argument)). The Court will not allow the Intervenors to augment their post-trial submissions of conclusions of law by filing separate Rule 52(c) motions.

Additionally, "the best course of action" once the Court has the entire record before it "is to render a judgment based on all the evidence, testimony, and applicable law," and deny any outstanding Rule 52(c) motions. *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 540 (E.D. Va. 2012), *aff'd,* 530 F. App'x 939 (Fed. Cir. 2013). *See also In re Brooke Corp.*,

568 B.R. 378, 396 (Bankr. D. Kan. 2017) (denying the Rule 52(c) motion after noting that when a court addresses a Rule 52(c) motion "after all evidence has been presented, the ruling on the motion and the ruling on the merits of the case fuse and become the same"); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 17–18 (D. Mass. 2012) (denying a Rule 52(c) motion because all evidence had been presented, the parties had filed post-trial briefs, and "judgment on the entire record [was] appropriate"); *In re Oberdick*, 490 B.R. 687, 697–98 (Bankr. W.D. Pa. 2013) (denying the Rule 52(c) motions after stating that it was "pointless to separately consider the [Rule 52(c)] motions" when "the same arguments raised by the Defendants in the motions" could and would "be addressed by the Court in the course of rendering a decision after a full trial").

Therefore, Intervenors' Motions for Judgment on Partial Findings (ECF Nos. 252, 253) are **DENIED**.

**IT IS SO ORDERED**.

Dated: March 13, 2019　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　Signed for and on behalf of the panel

　　　　　　　　　　　　　　　　　　　　HONORABLE GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　United States District Judge

　　　　　　　　　　　　　　　　　　　　HONORABLE ERIC L. CLAY
　　　　　　　　　　　　　　　　　　　　United States Circuit Judge

　　　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　United States District Judge