# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MICHIGAN, et al., | Case No. 2:17-cv-14148 |
| Plaintiffs, | Hon. Eric L. Clay |
| | Hon. Denise Page Hood |
| | Hon. Gordon J. Quist |
| v. | |
| | **UNOPPOSED MOTION FOR ENLARGEMENT OF TIME AND ESTABLISHMENT OF BRIEFING SCHEDULE REGARDING AWARD OF ATTORNEYS' FEES AND EXPENSES UNDER 42 U.S.C. § 1988, AND BRIEF IN SUPPORT THEREOF** |
| JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, et al., | |
| Defendants. | |

Joseph H. Yeager, Jr. (IN 2083-49)
Kevin M. Toner (IN 11343-49)
Harmony A. Mappes (IN 27237-49)
Jeffrey P. Justman (MN 390413)
Daniel R. Kelley (IN 30706-49)
Matthew R. Kinsman (IN 32032-71)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Jay.Yeager@FaegreBD.com
Kevin.Toner@FaegreBD.com
Harmony.Mappes@FaegreBD.com
Jeff.Justman@FaegreBD.com
Daniel.Kelley@FaegreBD.com
Matthew.Kinsman@FaegreBD.com

Mark Brewer (P35661)
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, MI 48075
Telephone: 248-483-5000
MBrewer@GoodmanAcker.com

*Counsel for Plaintiffs*

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME AND ESTABLISHMENT OF BRIEFING SCHEDULE

Counsel for Plaintiffs League of Women Voters of Michigan, Roger J. Brdak, Jack E. Ellis, Donna E. Farris, William "Bill" J. Grasha, Rosa Holliday, Diana L. Ketola, Jon "Jack" G. LaSalle, Richard "Dick" W. Long, and Lorenzo Rivera respectfully bring this motion for enlargement of time and establishment of a briefing schedule regarding an award of reasonable attorneys' fees and expenses.

As "prevailing parties" under 42 U.S.C. § 1988(b), Plaintiffs are entitled to an award of "a reasonable attorney's fee as part of the costs[.]" Requests for such fee awards are governed by Federal Rule of Civil Procedure 54(d)(2) and by this Court's Local Rule 54.1.2, which together establish a briefing schedule. This Court's April 25, 2019 Opinion and Order (ECF No. 268) is being appealed. (*See generally* ECF Nos. 270, 271.) The parties are actively engaged in the appellate process, which will affect the amount of fees, expenses, and costs to which Plaintiffs are entitled. Postponing briefing on the award will conserve the Court's and the Parties' resources.

### Local Rule 7.1(a) Statement

On May 8, counsel for Plaintiffs sought concurrence in this motion from the Special Assistant Attorneys General representing Defendant Secretary Benson, and from counsel for Intervenors. Counsel for all parties have advised that they have no objection to the relief sought herein.

WHEREFORE, Plaintiffs respectfully request that the Court order a briefing schedule on Plaintiffs' request for fees and expenses as follows:

- Opening brief due 60 days after the later of either (1) the expiration of time to appeal the final judgment in this action (resolving the relief to which Plaintiffs are entitled, *i.e.*, the remedial maps), or (2) if Defendant or Intervenors appeal the final judgment, the exhaustion of the appellate process as to the final judgment;

- Response briefs, if any, due 30 days after the filing of the opening brief; and

- Reply briefs, if any, due 30 days after the filing of the response briefs.

Plaintiffs also respectfully request that the Court grant all other appropriate relief.

                Respectfully submitted,

Date: May 9, 2019       */s/ Joseph H. Yeager, Jr.*

| | |
|---|---|
| Mark Brewer (P35661) | Joseph H. Yeager, Jr. (IN 2083-49) |
| GOODMAN ACKER P.C. | Kevin M. Toner (IN 11343-49) |
| 17000 West Ten Mile, Second Floor | Harmony A. Mappes (IN 27237-49) |
| Southfield, MI 48075 | Jeffrey P. Justman (MN 390413) |
| Telephone: 248-483-5000 | Daniel R. Kelley (IN 30706-49) |
| Fax: 248-483-3131 | Matthew R. Kinsman (IN 32032-71) |
| MBrewer@GoodmanAcker.com | FAEGRE BAKER DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| | Telephone: 317-237-0300 |
| | Fax: 317-237-1000 |
| | Jay.Yeager@FaegreBD.com |
| | Kevin.Toner@FaegreBD.com |
| | Harmony.Mappes@FaegreBD.com |
| | Jeff.Justman@FaegreBD.com |
| | Daniel.Kelley@FaegreBD.com |
| | Matt.Kinsman@FaegreBD.com |

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2019, I filed the foregoing document electronically using the Court's ECF system, which will send notification of this filing to all counsel of record in this matter.

/s/ *Joseph H. Yeager, Jr.*

# BRIEF IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME AND ESTABLISHMENT OF BRIEFING SCHEDULE

1. This action was brought pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1 at ¶ 12.) Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

2. 42 U.S.C. § 1988(b) provides that "[i]n any action or proceed to enforce a provision of section[] … 1983 … of this title, … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"

3. On April 25, 2019, this Court entered its Opinion and Order finding, *inter alia*, that "27 of the 34 Challenged Districts violate Plaintiffs' First and Fourteenth Amendment rights by diluting the weight of their votes." (Opinion and Order, ECF No. 268 at PageID #11702.) The Court found further that "every Challenged District violates Plaintiffs' First Amendment right to association," and "that these harms will reoccur if future elections are held under the Enacted Plan." (*Id.*)

4. The Court's Opinion and Order makes Plaintiffs "prevailing" parties as that term is used in 42 U.S.C. § 1988.

5. Pursuant to this Court's Local Rules, a "motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." E.D. Mich. LR 54.1.2.

6. The Advisory Committee's note for Fed. R. Civ. P. 54 provides in relevant part that:

> Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54 advisory committee's note. The note provides further that:

> The rule does not require that the motion [for award of attorneys' fees] be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate).

*Id.*

7. To date, Faegre Baker Daniels and Goodman Acker attorneys, paraprofessionals, and staff have spent thousands of hours representing Plaintiffs. They have represented Plaintiffs *pro bono publico* but reserved their right to seek a fee

6

recovery from other parties in the event of a favorable outcome. Faegre Baker Daniels, Goodman Acker, and Plaintiff the League of Women Voters of Michigan also have incurred hundreds of thousands of dollars in expenses.

8. Faegre Baker Daniels and Goodman Acker intend to continue representing Plaintiffs through the appellate process, which has already begun in earnest. (*See generally* Mich. Senate's and Mich. Senators' Notice of Appeal, ECF No. 270; Congressional and State House Intervenors' Notice of Appeal, ECF No. 271.) If Plaintiffs are successful in defending the Court's Opinion and Order, the fees to which they are entitled will increase substantially. *See, e.g.*, *Perry v. AutoZone Stores, Inc.*, 624 Fed. Appx. 370, 372 (6th Cir. 2015) ("Plaintiffs prevailed in this appeal, and thus are entitled to an award of attorney's fees for work incurred relating to this appeal."); *Kinney v. Rothchild*, 678 F.2d 658, 661 (6th Cir. 1982) (holding that a prevailing party was entitled to fees for time reasonably spent in preparing her successful appeal); *Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir. 1979) ("If a successful party in a civil rights suit is awarded attorney's fees under [§ 1988] and he cannot secure attorney's fees for legal services needed to defend the award on appeal, the underlying Congressional purpose for [§ 1988] would be frustrated . . . This award should also include amounts for legal time spend defending and prosecuting the instant appeal.").

9. In the interest of preserving the parties' and the Court's resources, counsel for Plaintiffs respectfully request that the Court order a briefing schedule on Plaintiffs' request for fees, commencing 60 days after the later of either (1) the

7

expiration of time to appeal the final judgment in this action (resolving the relief to which Plaintiffs are entitled, *i.e.*, the remedial maps), or (2) if Defendant or Intervenors appeal the final judgment, the exhaustion of the appellate process as to the final judgment.

WHEREFORE, Plaintiffs respectfully request that the Court order a briefing schedule on Plaintiffs' request for fees and expenses as follows:

- Opening brief due 60 days after the later of either (1) the expiration of time to appeal the final judgment in this action (resolving the relief to which Plaintiffs are entitled, *i.e.*, the remedial maps), or (2) if Defendant or Intervenors appeal the final judgment, the exhaustion of the appellate process as to the final judgment;

- Response briefs, if any, due 30 days after the filing of the opening brief; and

- Reply briefs, if any, due 30 days after the filing of the response briefs.

Plaintiffs also respectfully request that the Court grant all other appropriate relief.

                                  Respectfully submitted,

Date:  May 9, 2019                        */s/ Joseph H. Yeager, Jr.*

| | |
|---|---|
| Mark Brewer (P35661) | Joseph H. Yeager, Jr. (IN 2083-49) |
| GOODMAN ACKER P.C. | Kevin M. Toner (IN 11343-49) |
| 17000 West Ten Mile, Second Floor | Harmony A. Mappes (IN 27237-49) |
| Southfield, MI 48075 | Jeffrey P. Justman (MN 390413) |
| Telephone: 248-483-5000 | Daniel R. Kelley (IN 30706-49) |
| Fax: 248-483-3131 | Matthew R. Kinsman (IN 32032-71) |
| MBrewer@GoodmanAcker.com | FAEGRE BAKER DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| | Telephone: 317-237-0300 |
| | Fax: 317-237-1000 |
| | Jay.Yeager@FaegreBD.com |
| | Kevin.Toner@FaegreBD.com |
| | Harmony.Mappes@FaegreBD.com |
| | Jeff.Justman@FaegreBD.com |
| | Daniel.Kelley@FaegreBD.com |
| | Matt.Kinsman@FaegreBD.com |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019, I filed the foregoing document electronically using the Court's ECF system, which will send notification of this filing to all counsel of record in this matter.

*/s/ Joseph H. Yeager, Jr.*